UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN KILGORE, | No. C 07-5124 SI (pr) |
|     Petitioner, | **ORDER ON INITIAL REVIEW** |
|     v. | |
| J. WALKER, acting warden, | |
|     Respondent. | |

## INTRODUCTION

Ivan Kilgore, an inmate at the California State Prison - Sacramento, filed this pro se action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases. His in forma pauperis application and a motion for funds also are before the court.

## BACKGROUND

Kilgore states in his petition that he was convicted in Alameda County Superior Court of first degree murder with a special circumstance of discharging a firearm from a motor vehicle. see Cal. Penal Code §§ 187, 190.2(a)(21). On April 9, 2006, he was sentenced to life imprisonment without the possibility of parole. He appealed. His conviction was affirmed by the California Court of Appeal in 2004 and his petition for review was denied by the California Supreme Court in 2006. He also filed a petition for writ of habeas corpus in the California Supreme Court that was denied on September 10, 2007. He then filed this action.

**DISCUSSION**

A.  Review Of Petition

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The petition asserts the following claims: (1) the trial court violated Kilgore's right to due process by ruling that, if Kilgore testified, he could be cross-examined with his testimony in his Oklahoma involuntary manslaughter case, (2) he received ineffective assistance of appellate counsel when appellate counsel failed to present to the state court the federal question regarding the instructional error on particular points of second-degree drive-by murder, (3) the court's failure to instruct the jury on the doctrine of transferred intent as to a shooting in self-defense violated his right to due process, (4) the trial court's refusal to allow evidence of bad character regarding Anderson and Dandy violated his Sixth and Fourteenth Amendment rights to confront witnesses and present a defense, (5) Kilgore received ineffective assistance of trial counsel in the numerous ways alleged at pages. 6(A)-6(B) of the petition. Liberally construed, these claims are cognizable in a federal habeas action and warrant a response.

B.  Motion For Funds

Kilgore filed an "ex parte motion for provisions of funds to obtain transcripts of Oklahoma trial and court order to produce and submit transcript to the court and petitioner." (Docket # 3.) (He apparently wants an authorization of up to $5,000 to obtain those transcripts.)

1 Respondent will be given an opportunity to be heard on the motion before the court rules on it. The court will set a briefing schedule.

**CONCLUSION**

For the foregoing reasons,

1. The petition states cognizable claims for habeas relief and warrants a response. The court will not set a briefing schedule at this time, however, because it prefers to decide the motion for provision of funds first.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **May 30, 2008**, an opposition to the motion for provision of funds or a statement of non-opposition.

4. If petitioner wishes to respond to the opposition, he must do so by filing a reply with the court and serving it on respondent on or before **June 27, 2008**.

5. Petitioner's in forma pauperis application is GRANTED. (Docket # 2.)

IT IS SO ORDERED.

DATED: March 11, 2008

_____
SUSAN ILLSTON
United States District Judge