UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IVAN KILGORE,

    Petitioner,

    v.

J. WALKER, acting warden,

    Respondent.
                               /

No. C 07-5124 SI (pr)

**ORDER DENYING MOTION FOR FUNDS**

    Ivan Kilgore filed this pro se action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his 2006 conviction in Alameda County Superior Court of first degree murder with a special circumstance of discharging a firearm from a motor vehicle. The matter is now before the court for consideration of Kilgore's "ex parte motion for provision of funds to obtain transcripts of Oklahoma trial and court order to product and submit transcript to the court and petitioner." Respondent has opposed the motion.

    Kilgore does not identify the legal basis for the court to authorize the expenditure of public funds for him to obtain the transcripts. The Criminal Justice Act, 18 U.S.C. §§ 3006A(a) and 3006A(e), might provide a basis under which funds could in some circumstances be supplied, if requested by counsel. Leaving aside the question of whether such expenditure can be ordered when requested by a pro se litigant, petitioner would have to show that the expenditure is necessary. 18 U.S.C. § 3006A(e). Additionally, Kilgore would need permission to conduct discovery. Discovery is only allowed to the extent that the court, in the exercise of its discretion and for good cause shown, allows it. See Rule 6(a) of the Federal Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254. Good cause for discovery under Rule 6(a) is shown

1 "'where specific allegations before the court show reason to believe that the petitioner may, if
2 the facts are fully developed, be able to demonstrate that he is . . . entitled to relief . . .'" See
3 Bracy v. Gramley, 520 U.S. 899, 908-09 (1997) (citation omitted); Pham v. Terhune, 400 F.3d
4 740, 743 (9th Cir. 2005). In order for the court to figure out whether there is good cause to allow
5 discovery and the expenditure of public funds is necessary, the court identifies what is requested,
6 why the material is requested, and what value the material would have in the federal habeas
7 proceedings.

8 Kilgore was convicted in Oklahoma in 1997 of manslaughter. Apparently, the only part
9 of the Oklahoma trial that was transcribed and made available to Kilgore when he faced trial in
10 California in 2006 was his own testimony. Kilgore wants this court to authorize the expenditure
11 of up to $5,000 for him to obtain the rest of the transcript from the Oklahoma case. He wants
12 the transcript to help him prove that the California Court of Appeal made unreasonable
13 inferences about the Oklahoma case from the limited portion that was transcribed.

14 At his 2006 trial in Alameda County Superior Court, the trial court determined that
15 Kilgore could be cross-examined with his Oklahoma testimony if he testified. The trial court
16 ruled that the evidence was admissible to show his mental state as relevant to his claim of self-
17 defense and not as impeachment with a prior felony conviction. Kilgore then chose not to
18 testify. On appeal, the California Court of Appeal determined that the trial court had not erred.
19 The evidence was admissible under state law because Kilgore claimed in both the California and
20 Oklahoma cases that he shot the victims in self-defense. The California Court of Appeal
21 concluded that the evidence was properly admitted under both California Evidence Code §
22 1101(b) on the issue of intent and under the state law doctrine of chances.[1] See Cal. Court App.
23 Opinion, pp. 14-16. The appellate court also rejected Kilgore's argument that the evidence

---

[1] "[T]he doctrine of chances maintains that with each repetition of an act under similar circumstances, the more reasonable it is to conclude the act was intended and premeditated. . . As applied here, the fact that Kilgore, for the second time, shot a victim at close range with a firearm he took to the scene of a confrontation (either to get his stolen guns back or to avenge a robbery and assault), the less likely it is that the homicide was perpetrated in self-defense." Cal. Ct. App. Opinion, p. 15.

1 should have been excluded as unduly prejudicial under California Evidence Code § 352. Cal.
2 Ct. App. Opinion, pp. 15-16.[2]

Upon due consideration, this court concludes that it is not the Oklahoma conviction, but is Kilgore's story in Oklahoma that matters. His testimony in the Oklahoma case – not all the other evidence in that case – is key to the question of his intent and self-defense. Kilgore already has the transcript of his own testimony, and it is not necessary for the rest of the transcript of the Oklahoma trial to be produced. Further, Kilgore wants the Oklahoma transcript to show that the California appellate court erred under California Evidence Code § 1101(b), but even if he could establish that, he would not be entitled to relief in a federal habeas action because the writ is unavailable for violations of state law or for alleged error in the interpretation or application of state law. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

Kilgore also seems to urge that the evidence would be probative on an ineffective assistance of counsel claim. He reports that his counsel advised him not to testify and to pursue a mistaken identity defense because "she believed he was 'lieing [sic] in every other line' of the prior testimony. (RT 1004))." Motion p. 5. The California Court of Appeal rejected the ineffective assistance of counsel claim for lack of prejudice. "None of these purported failures of counsel was prejudicial to Kilgore's case, as neither the identity defense nor the self-defense theory had any merit and neither would have improved if counsel had performed as Kilgore insists she should have." Cal. Ct. App. Opinion, p. 27. It is not necessary to order the expenditure of public funds that might enable a petitioner to prove only half a claim, (i.e., deficient performance) when he would be unable to prove the other half of the claim (i.e., prejudice) that is necessary to prevail on an ineffective assistance of counsel claim.

The court stresses that it has made its ruling based on the very limited record made available to it. This order does not mean that any claims in the petition are meritless or may be

---

[2]The recitation of what occurred in the trial court and in the appellate court is based on the information provided in the California Court of Appeal's opinion attached to Kilgore's motion. The transcripts of the trial and related proceedings in Alameda County Superior Court have not yet been made part of the record in this court.

3

ignored when it is time to file an answer and traverse. For example, the court does not today rule that the ineffective assistance of counsel claim is meritless, but only that the court will not authorize funds with regard to it based on the record now before the court.

Kilgore has not shown good cause for the court to permit the discovery or that the expenditure of public funds is necessary. The motion for provision of funds therefore is DENIED. (Docket # 3.) In light of the resolution of the motion, the court now sets the following briefing schedule on the petition for writ of habeas corpus:

1. Respondent must file and serve upon petitioner, on or before **September 5, 2008**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the parole hearing record that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

2. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **October 10, 2008**.

Petitioner is cautioned that he must mail a copy of his traverse (and any other filing) to respondent's counsel. It is not enough that the document eventually is e-filed and respondent's counsel might be able to retrieve it from the electronic filing system.

IT IS SO ORDERED.

DATED: July 16, 2008

　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　SUSAN ILLSTON
　　　　　　　　　　　　　　　United States District Judge