```
Ivan Kilgore V31306
CSP-SACRAMENTO
FC1-216
P.O. Box 290066
```

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**FILED**
SEP -5 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Ivan Kilgore,

    Petitioner,

v.

J. Walker, acting warden,

    Respondent.

No. C 07-5124 SI
07-5124

IMMEDIATE RELIEF REQUESTED

THE HONORABLE SUSAN ILLSTON

Application and request for leave to conduct discovery; and appointment of counsel to facilitate said discovery.

**NOTE TO THE COURT:** All relevant references are attached hereto(transcripts, ect)
    EXHIBITS (A)-(D)

    Please take notice that petitioner, Ivan Kilgore, hereby applies in pro se for leave of court to conduct discovery pursuant to Rule 6(a) of the Federal Rules Governing Section 2254 cases, 28 U.S.C. foll. §2254. In addition, petitioner, pursuant to 18 U.S.C. §3006A subsecetion 2(b), requests appointment of counsel to facilitate said discovery. Please take note of petitioner's indigent status in filing the initial Writ of Habeas Corpus in forma pauperis.

    Petitioner's application for leave to conduct discovery seeks to procure evidence that is not currently in the court record and is necessary for the reviewing court to make a fair determination of the merits of the grounds raised in the pending 28 U.S.C. 2254 (d) challenge to the State Court's ruling with regards to petitioner's claim(s) of recieving IAC. The evidence sought seeks to estab-

1

1  lish the court's ruling was contrary to/unreasonable application
2  of clearly established Federal Law as determined by the United
3  States Supreme Court in Strickland v. Washington (1984) 446 U.S.
4  668, specifically the second prong of the case---ESTABLISHING
5  PREJUDICE!

6  Among other related claims of IAC, petitioner has raised
7  before this court the question of the contrary to/unreasonable
8  application of Strickland v. Washington as applied by the State
9  Court in dening his claim that trial counsel rendered IAC in
10 failing to investigate, obtain and prepare[favorable] evidence
11 to support petitioner's creditability stemming from a 1997
12 Oklahoma jury trial which resulted in a manslaughter conviction
13 that is the equivalent under California's imperfect self-defense.
14 (See initial filing, Writ of Habeas Corpus, claim 5[D])

15 During the trial in the present case, the prosecution sought
16 to introduce evidence of petitioner's testimony stemming from the
17 Oklahoma trial relevant to the prosecution's contentions as to
18 the petitioner's ability to fabricate a defense of self-defense.
19 (RT 609-612; CT 325) The trial court readily accepted the prosecut-
20 ion's contentions with regards to the relevance of the evidence in
21 face of defense counsel failing to partake in the adversarial
22 process.(RT 1073-1075) U.S. v. Cronic, 446 U.S. 648

23 The Court of Appeal affirmed on the theory that the trial
24 court properly exericed its discretion in ruling that the Oklahoma
25 prior was admissible to prove intent under Evid. Code §1101(b).
26 (slip op. pp 14-16) That conclusion misstated the record. The
27 trial court never ruled that the prior was admissible under §1101
28 (b) to prove intent. Accordingly, the Court of Appeal's opinion

1  is defective, because it depends on a finding never made by the
2  trial court.
3      Despite the Court of Appeal's ruling, the grounds for the
4  trial court's ruling allowing the prosecution to cross-examine
5  on petitioner's Oklahoma testimony was, (a) because such testimony
6  was relevant to his credibility, and (b) because of the so-called
7  "doctrine of chances,"(RT 1073-1075)
8      Trial counsel at all points relevant to the admission of the
9  Oklahoma evidence abandoned her adversarial duties for when the
10 prosecution informed both the court and defense he sought to intro-
11 duce the isolated evidence---only the petitioner's testimony from
12 that case---which standing in its entirity was manipulated to con-
13 form with the prosecution's contentions of it being evidence of
14 petitioner's alleged deceit to fabricate a self-defense defense,
15 defense counsel just sat there like a knot on a log when her adver-
16 sarial obligations and common sense beckoned of her to investigate
17 the totality of the Oklahoma trial proceeding so as, in making
18 tactical decisions thereafter, she would be informed of the prevail-
19 ing evidence presented in the Oklahoma trial which refuted the
20 prosecutions allegations of a fabricated self-defense defense in
21 the Oklahoma trial; as it would refute the allegations of the pro-
22 secution in the present case. Counsel however did no such thing.
23 Surely, counsel had to ponder the weight of the totality of the
24 evidence presented at the Oklahoma trial and relize in light of the
25 petitioners prior conviction, and the fact that he informed her
26 among other related issues with regard to the Oklahoma case that
27 the conviction was the result of a hung jury[9 to 3 in his favor
28 to aquit in self-defense], that their was sufficent evidence sup-

3

porting petitioner's testimony from that case and his credibility.

Counsel's purported failures not only attributed to claim #5 (E)(F)(I) & (J) of petitioner's Writ of Habeas Corpus pending before this court which were the byproducts of an uninformed tactical decision based on counsel's opinion, an opinion that had no premise in absence of proper investigation, "he(petitioner) sounded like a liar..." with regard to the content of petitioner's Oklahoma trial testimony(See counsel's evidence hearing testimony at RT 1029-1030), they also infringed upon petitioner's constitutional right to present before the trier of fact evidence of actual innocence with regard to the issue of "intent."

In connection to the available evidence counsel failed to investigate and prepare to refute the prosecutions contentions that the Okalhoma testimony of petitioner was evidence of his alleged ploy, as argued by the Oklahoma prosecutor too, to deceive the people with a fabricated defense of self-defense listed at pages 8-10 of the "Supplement" Memorandum and Points of Authorities filed in petitioner's pending Writ of Habeas Corpus, petitioner brings to the attention of the reviewing court the fact that in the prior case multiple witness and the medical examiner testified that there was only one shot fired and decedent was only hit once as a result of the circumstances leading up to the shooting incident. Cirumstances, that the Oklahoma jury expressively found petitioner's actions not in accordance to a malicious intent, rather one of the "unnecessary" belief in the need to use self-defense. The jury implicitly found, due to the one shot fired by petitioner, his intent was to deter his assailant which opposed the retaliatory contentions of the prosecution. This evidence, had counsel procured

1 it, was relevant to the present case for the evidence screams at
2 the trier of fact that petitioner's intent very well could have
3 been in sinc with the need to defend himself in face of imminent
4 danger. The fact that in both cases petitioner only fired one shot,
5 as the Oklahoma jury implicitly found, reflected his intent to
6 deter his assailant, which in itself opposes the prosecutions
7 retaliatory contentions, especially in the present case where there
8 was two objects of retaliation. Both the decedent and Terry Dandy
9 AKA "T" were reported as having assulted and robbed petitioner on
10 multiple occasions. Moreover, the physical evidence in the present
11 case does not support retaliation for acts motivated on such prem-
12 ise, the courts have witnessed, are over-kills---multiple injuries
13 or gun shots are inflicted on "all" persons of retaliatory con-
14 viction. Without question this evidence would have assisted the
15 trier of the fact to determine innocence.
16     For reasons cited herein this motion and in connection to
17 petitioner's Writ of Habeas Corpus claims of IAC, it is imperative
18 to prevail on these claims that petitoner set before the court
19 the sought discovery of the complete transcription of the Oklahoma
20 trial proceeding so as to provide to reviewing court the materials
21 (testimonies, ect) to make a fair determination of the State Courts
22 ruling under Strickland v. Washington, 446 U.S. 668 with regards
23 to IAC---specifically prejudice. For said reasons petitioner re-
24 spectfully request this motion be granted and counsel be appointed
25 to assist with facilitation of said discovery.
26 Dated: 8-26-08                                    _____
27                                                    (Petitioner)
28

5