EXHIBIT B

CLERK'S TRANSCRIPT ON APPEAL
VOLUME 1(PAGES 277-580)



Alameda County
District Attorney's Office
Thomas J. Orloff, District Attorney

C00278

# VICTIM RESTITUTION ORDER FOR VCB CLAIM(S)

**TO:** Honorable Jon Rolefson

**FROM:** Inspector Tom Gandsey, Restitution Recovery Officer
Victim/Witness Assistance Program

**SUBJECT:** Defendant: KILGORE, Ivan Dawnell
PFN #: BBV550
Docket #: 141033
Offense: PC 187

**DATE:** February 13, 2002

FILED
ALAMEDA COUNTY
SEP 2 6 2002
CLERK OF THE SUPERIOR COURT
By _____
Deputy

The family of the victim in the above named case, has filed a claim (#608643) for restitution with the Victim Compensation Board (VCB) Victims of Crime (VOC) Program. PENAL CODE section 1202.4(a)(3) states that, upon a person being convicted of any crime, the court shall impose both a Restitution Fine and a Restitution Order to the victim(s).
*NOTE: An original sentence is not valid without an order for victim restitution.*

# RESTITUTION ORDER:

☒ It is requested that a **"To Be Determined"** order be imposed, pursuant to PC section 1202.4(f), and the court shall maintain jurisdiction over the final restitution amount. The requested amounts do **not** include out-of-pocket losses the victim may have incurred as a direct result of the crime for property loss or any other expenses which were not covered by the VOC Program.

☒ Expenses awarded by VCB: $5,000.00

The restitution order should be a civil judgment pursuant to PC section 1202.4(i) and may be collected by the victim, Alameda County, or the Victim Compensation Board on behalf of the victim. Restitution payments on behalf of a victim should be forwarded to the VCB to the extent the victim has received assistance from the VOC Program. Please contact me at (510) 271-5188, in advance of sentencing for an update of these expenses.

The goal of the VCB is to provide the court with these figures at the time of sentencing so that a restitution order can be put in place before reimbursement of these expenses and that a restitution fine commensurate with the severity of the crime will be ordered. Restitution payments on behalf of a victim shall be forwarded to the State Restitution Fund to the extent the victim has received assistance from the VOC Program.

# RESTITUTION FINE

**PC section 1202.4(b)-**     **Felony: $200-$10,000**     **Misdemeanor: $100-$1,000**

☒ Please request a restitution fine for every adult offender which is commensurate with the severity of the crime. The following formula is statutorily permissible and may be used to determine the appropriate restitution fine for offenders sentenced to prison or granted probation: **$200 X years sentenced x felony counts**

Please call me immediately, if you feel the victim's involvement lead up to the events of the crime **OR** if the victim is not cooperating with the prosecution of the defendant.

Courthouse, 1225 Fallon Street, 9th Floor, Oakland, CA 94612 (510) 272-6222

                      Financial Detail for Victims of Crime Program
                               Claim Number  608643
ENTERED CLAIM NUMBER:   608643
  Victim Name:   WILLIAM B ANDERSON                                    C00279
  .aimant Name:   SAMUEL M ANDERSON

Provider: ALAMEDA CO VW FB EMER FUND

| Amount Billed | Paid Provider | Paid Claimant | Amount Pending | Service Start | Service End | Hearing Date | Issued Date | Status |
|-----|-----|-----|-----|-----|-----|-----|-----|-----|
| 5492.38 | 2992.38 | 569.62 | 0.00 | 07-21-00 | | 07-28-00 | 07-28-00 | PRC |
| 1438.00 | 1438.00 | 0.00 | 0.00 | 07-21-00 | | 07-28-00 | 07-28-00 | PRC |

```
· MORE
  02/13/02                    CALIFORNIA STATE BOARD OF CONTROL        Program: VCFINSP2
  16:32:55                      Revenue Management Screen                 PAGE:      1
                    Financial Summary for Victims of Crime Program
                             Claim Number   608643
```

Victim Name    WILLIAM B ANDERSON
Claimant Name  SAMUEL M ANDERSON                                    C00280

```
          **********       Summary For Claim 608643        ***********
          Total paid by VOC on this claim:               $  5,000.00
          VOC Benefits pending to be Paid:               $      0.00
                                                         -----------
          Total paid and pending to be paid:             $  5,000.00
          ********************* END OF DATA *********************
```

0-401 (REV. 5/01)

RENE DAVIDSON COURTHOUSE

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
### CLERKS DOCKET AND MINUTES

C00281

KILGORE, IVAN _____ DEPT. 011 _____ CRT. DATE/TIME 9/27/02 10:00

EVENT NAME KILGORE, IVAN DAWNELL _____ RPT. NO. 00-64017 _____ DOCK NO. 141033

PROC. D&S _____ CEN. 0373689 PFN. BBV550 A DAY 11/01/00 SJ DATE 4/07/03
COUNTS
CHARGES 1)F187 SC&USE PC 1 PR

PIC 00S00    AAG-OPD    ACITY OA

STAT SET BAIL $0.00 TOTAL DAYS IN CUSTODY: 694

BAIL _____ STAT. _____ BOND DT. _____ BOND CO. _____ DOB 05/05/75
BAIL _____ STAT. _____ BOND DT. _____ BOND CO. _____ BAC _____
FINE/REST. _____ DATE PAID _____ REC. NO. NORTH 1 TIME WAIVED _____

### PROCEEDING

DCCO:

JUDGE JON ROLEFSON _____ DEP. D.A. Richard Moore
DEP. CLERK MARGARET TAKEDA/WOSEN MENGISTE _____ DEF. ATTY. DEBORAH LEVY
REPORTER LISA HODGES NR _____ OTHERS _____ ☐ Not Present

Defendant: ☐ Present ☐ Not Present ☐ Excused ☑ In Custody ☐ Pro Per
☐ Interpreter _____ is present. Language spoken: _____
☐ Defendant duly arraigned/advised as to constitutional rights ☐ Defendant waives arraignment ☐ Waiver of Rights filed
☐ Defendant served: ☐ _____ Complaint ☐ Discovery ☐ Petition ☐ Motion ☐ Protective Order (PC 136.2)
☐ Referred to Public Defender ☐ Public Defender files conflict ☐ Financially ineligible ☐ Private counsel appointed
☐ Plea Withdrawn ☐ Change of Plea ☐ Plea to count(s) _____ ☐ Not Guilty ☐ Guilty ☐ No Contest/Found Guilty
☐ Stipulates to: lesser included / reasonably related offense of count(s) _____ to charge(s) _____
☐ Time waived for ☐ Preliminary Examination _____ days ☐ Trial ☐ Sentence ☐ Time not waived ☐ Time waiver withdrawn
☐ Clauses: ☐ Stricken _____ ☐ Admitted _____ ☐ Sentencing Purposes Only
☐ Priors: ☐ Stricken _____ ☐ Admitted _____ ☐ Denied
☐ Probation: ☐ Conditional Sentence: ☐ Granted for _____ years/months ☐ See attached conditions
☐ Revoked ☐ Restored ☐ Modified ☐ Extended to _____ ☐ Continue on same terms and conditions ☐ Terminated
☐ Defendant admits probation violation ☐ Previous order revoking probation vacated, set aside, defendant restored to probation
☐ Submit to search and seizure of person, residence, vehicle or any property under defendant's control
☐ No contact with / not to annoy _____, directly or indirectly: stay at least _____ away
☐ Additional order(s): _____
☐ Petition/Motion _____ ☐ Granted ☐ Denied ☐ Withdrawn
☐ Referred to: ☐ Probation Dept. ☐ Financial Hearing Officer _____
Restitution: ☐ Referred to _____ for Determination ☐ Ordered ☐ Reserved ☐ Modified
☐ Bail Forfeited ☐ Bail Forfeiture Set Aside ☐ Bail Reinstated ☐ Bail Exonerated ☐ Summary Judgment Entered
☐ Bench Warrant: ☐ Issued ☐ Withheld ☐ Withdrawn ☐ Bail Set at $ _____ ☐ No Cite Release ☐ Night Service

2X    CERT-CRT:WWM

11-1-02   10:00   11   DKS          12-2-02   9:30   11   TT

nt Date: _____ Time: _____ Dept. _____ Proc.: _____ Date: _____ Time: _____ Dept. _____ Proc.: _____
&. Codes: _____

DOCKET NAME KILGORE, IVAN DAWNELL _____ CT. DATE 9/27/02 DOCK NO. 141033

170-401 (REV. 5/01)

**RENE DAVIDSON COURTHOUSE**

C00282

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

**CLERKS DOCKET AND MINUTES**

1. ᶜᵀ **KILGORE, IVAN** ........................................................ DEPT. **011** CRT. DATE/TIME **11/01/02   10:00**

2. EVENT NAME **KILGORE, IVAN DAWNELL** .................................. RPT. NO. **00-64017** DOCK NO. **141033**

3. PROC. **D&S** ........................................... CEN. **0373689** PFN. **BBV550** A DAY **11/01/00** SJ DATE **5/12/03**
   **COUNTS**                                                    **PIC 00S00   AAG-OPD   ACITY DA**

4. CHARGES **1)F187 SC&USE PC 1 PR**

---

STAT   SET   BAIL      **$0.00**      TOTAL DAYS IN CUSTODY:   729

5. BAIL ................................. STAT. ............................ BOND DT. _____ BOND CO. _____ DOB **05/05/75**

   BAIL ................................. STAT. ............................ BOND DT. _____ BOND CO. _____ BAC ............

6. FINE/REST. ........................... DATE PAID ................. REC. NO. **NORTH 1** TIME WAIVED ___  ∿

---

**PROCEEDING**

7. JUDGE    **JON ROLEFSON**                                     DEP. D.A. **Richard Moore** DCCO:

8. DEP. CLERK **MARGARET TAKEDA/WOSEN MENGISTE**                 DEF. ATTY. **DEBORAH LEVY**

9. REPORTER **LISA HODGES**                                      OTHERS                              ☐ Not Present

---

Defendant:   ☑ Present   ☐ Not Present   ☐ Excused   ☑ In Custody   ☐ Pro Per

☐ Interpreter _____ is present. Language spoken: _____

☐ Defendant duly arraigned/advised as to constitutional rights ☐ Defendant waives arraignment ☐ Waiver of Rights filed

☐ Defendant served: ☐ _____ Complaint ☐ Discovery ☐ Petition ☐ Motion ☐ Protective Order (PC 136.2)

☐ Referred to Public Defender   ☐ Public Defender files conflict   ☐ Financially ineligible   ☐ Private counsel appointed

☐ Plea Withdrawn ☐ Change of Plea ☐ Plea to count(s)_____   ☐ Not Guilty ☐ Guilty ☐ No Contest/Found Guilt

☐ Stipulates to:  lesser included / reasonably related  offense of count(s)_____ to charge(s)_____

☐ Time waived for: ☐ Preliminary Examination _____days ☐ Trial ☐ Sentence ☐ Time not waived ☐ Time waiver withdrawn

☐ Clauses: ☐ Stricken _____ ☐ Admitted _____ ☐ Sentencing Purposes Only

☐ Priors: ☐ Stricken _____ ☐ Admitted _____ ☐ Denied

☐ Probation:   ☐ Conditional Sentence:   ☐ Granted for_____years/months   ☐ See attached conditions

   ☐ Revoked ☐ Restored ☐ Modified ☐ Extended to _____ ☐ Continue on same terms and conditions ☐ Terminated

☐ Defendant admits probation violation ☐ Previous order revoking probation vacated, set aside, defendant restored to probation

☐ Submit to search and seizure of person, residence, vehicle or any property under defendant's control _____

☐ No contact with / not to annoy _____, directly or indirectly: stay at least _____ away

☐ Additional order(s): _____

☐ Petition/Motion _____ ☐ Granted ☐ Denied ☐ Withdrawn

☐ Referred to:  ☐ Probation Dept.  ☐ Financial Hearing Officer  ☐ _____

**Restitution:** ☐ Referred to _____ for Determination ☐ Ordered ☐ Reserved ☐ Modified

☐ Bail Forfeited ☐ Bail Forfeiture Set Aside ☐ Bail Reinstated ☐ Bail Exonerated ☐ Summary Judgment Entered

☐ **Bench Warrant:**  ☐ Issued  ☐ Withheld  ☐ Withdrawn ☐ Bail Set at $_____ ☐ No Cite Release ☐ Night Servic

      **2X    CERT-CRT:WWM**

---

FUTURE COURT DATE: 12/02/02 JT   Vacate _____

Con't Date: **1-13-03** Time: **9:30** Dept. **11** Proc.: **JT** Date:_____ Time: _____ Dept. _____ Proc.:_____

Ⅺ JS Codes: _____

---

170-401 (REV. 5/01)

RENE DAVIDSON COURTHOUSE

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

**CLERKS DOCKET AND MINUTES**

C00283

KILGORE, IVAN                                          DEPT. **011**   CRT. DATE/TIME **1/13/03**   **09:30**

EVENT NAME    KILGORE, IVAN DAWNELL                   RPT. NO. **00-64017**   DOCK NO. **141033**

PROC. **JT**                            CEN. **0373689** PFN. **BBV550** A DAY **11/01/00** SJ DATE **7/22/03**
                                                PIC 00S00    AAG-OPD    ACITY OA
COUNTS
CHARGES **1)F187 SC&USE PC 1 PR**

STAT   SET   BAIL        **$0.00**    TOTAL DAYS IN CUSTODY:    800

BAIL _____ STAT. _____ BOND DT. _____ BOND CO. _____ DOB **05/05/75**
BAIL _____ STAT. _____ BOND DT. _____ BOND CO. _____ BAC _____
FINE/REST. _____ DATE PAID _____ REC. NO. **NORTH 1** TIME WAIVED **TW**

**PROCEEDING**

JUDGE    **JON ROLEFSON**                              DEP. D.A. **Richard Moore**   DCCO:
DEP. CLERK **MARGARET TAKEDA/WOSEN MENGISTE**   DEF. ATTY. **DEBORAH LEVY**
REPORTER **LISA HODGES**                        OTHERS                         ☐ Not Present

**Defendant:**    ☐ Present   ☑ Not Present   ☐ Excused   ☑ In Custody   ☐ Pro Per
☐ Interpreter _____ is present. Language spoken: _____
☐ Defendant duly arraigned/advised as to constitutional rights ☐ Defendant waives arraignment ☐ Waiver of Rights filed
☐ Defendant served: ☐ _____ Complaint ☐ Discovery ☐ Petition ☐ Motion ☐ Protective Order (PC 136.2)
☐ Referred to Public Defender   ☐ Public Defender files conflict   ☐ Financially ineligible   ☐ Private counsel appointed
☐ Plea Withdrawn ☐ Change of Plea ☐ Plea to count(s)_____ ☐ Not Guilty ☐ Guilty ☐ No Contest/Found Guilty
☐ Stipulates to:  lesser included / reasonably related  offense of count(s)_____ to charge(s)_____
☐ Time waived for: ☐ Preliminary Examination _____days ☐ Trial ☐ Sentence ☐ Time not waived ☑ Time waiver withdrawn
☐ **Clauses:** ☐ Stricken _____ ☐ Admitted _____ ☐ Sentencing Purposes Only
☐ **Priors:** ☐ Stricken _____ ☐ Admitted_____ ☐ Denied
☐ **Probation:** ☐ **Conditional Sentence:** ☐ Granted for_____years/months ☐ See attached conditions
   ☐ Revoked ☐ Restored ☐ Modified ☐ Extended to _____ ☐ Continue on same terms and conditions ☐ Terminated
☐ Defendant admits probation violation ☐ Previous order revoking probation vacated, set aside, defendant restored to probation
☐ Submit to search and seizure of person, residence, vehicle or any property under defendant's control _____
☐ No contact with / not to annoy _____, directly or indirectly: stay at least _____ away
☐ Additional order(s): _____
☐ Petition/Motion _____                                         ☐ Granted ☐ Denied ☐ Withdrawn
☐ Referred to: ☐ Probation Dept. ☐ Financial Hearing Officer ☐ _____
**Restitution:** ☐ Referred to _____ for Determination ☐ Ordered ☐ Reserved ☐ Modified
☐ Bail Forfeited ☐ Bail Forfeiture Set Aside ☐ Bail Reinstated ☐ Bail Exonerated ☐ Summary Judgment Entered
☐ **Bench Warrant:** ☐ Issued ☐ Withheld ☐ Withdrawn ☐ Bail Set at $_____ ☐ No Cite Release ☐ Night Service

**2X    CERT-CRT:WWM**

( 60ᵗʰ day   3-14-03 )

2-24-03

Date: 3-17-07 Time: 0:00 Dept. 011 Proc.: JT    Date:_____ Time:_____ Dept._____ Proc.:_____

S Codes: _____

KILGORE, IVAN DAWNELL                          CT. DATE **1/13/03**   DOCK NO. **141033**

0-401 (REV. 6/01)

**RENE DAVIDSON COURTHOUSE**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

**CLERKS DOCKET AND MINUTES**

C000284

| | | | |
|---|---|---|---|
| P. **KILGORE,IVAN** | DEPT. **011** | CRT. DATE/TIME | **2/05/03   09:30** |

EVENT NAME **KILGORE,IVAN DAWNELL**          RPT. NO. **00-64017**    DOCK NO. **141033**

PROC. **MARMO**    CEN. **0373689**    PFN. **BBV550** A DAY **11/01/00** SJ DATE **8/14/03**
COUNTS                                          **PIC 00S00   AAG-DPD  ACITY DA**

CHARGES **1)F187 SC&USE PC 1 PR**

---

**STAT  SET  BAIL        $0.00      TOTAL DAYS IN CUSTODY:   825**

| | | | | |
|---|---|---|---|---|
| BAIL _____ | STAT. _____ | BOND DT. _____ | BOND CO. _____ | DOB **05/05/75** |
| BAIL _____ | STAT. _____ | BOND DT. _____ | BOND CO. _____ | BAC _____ |
| FINE/REST. _____ | DATE PAID _____ | REC. NO. **NORTH 1** | TIME WAIVED **NTW** | **3/14/03** |

**PROCEEDING**                     DCCO:

JUDGE **JON ROLEFSON**                DEP. D.A. ~~Richard Moore~~
DEP. CLERK ~~MARGARET TAKEDA~~/WOSEN MENGISTE    DEF. ATTY. **DEBORAH LEVY**
REPORTER ~~LISA HODGES~~ UP            OTHERS                    ☐ Not Present

---

**Defendant:**  ☐ Present  ☑ Not Present  ☐ Excused  ☑ In Custody  ☐ Pro Per

☐ Interpreter _____ is present. Language spoken: _____
☐ Defendant duly arraigned/advised as to constitutional rights ☐ Defendant waives arraignment ☐ Waiver of Rights filed
☐ Defendant served: ☐ _____ Complaint ☐ Discovery ☐ Petition ☐ Motion ☐ Protective Order (PC 136.2)
☐ Referred to Public Defender  ☐ Public Defender files conflict  ☐ Financially ineligible  ☐ Private counsel appointed
☐ Plea Withdrawn ☐ Change of Plea ☐ Plea to count(s)_____ ☐ Not Guilty ☐ Guilty ☐ No Contest/Found Guilty
☐ Stipulates to:  lesser included / reasonably related  offense of count(s)_____ to charge(s)_____
☐ me waived for: ☐ Preliminary Examination _____ days ☐ Trial ☐ Sentence ☐ Time not waived ☐ Time waiver withdrawn
☐ Clauses: ☐ Stricken _____ ☐ Admitted_____ ☐ Sentencing Purposes Only
☐ **Priors:** ☐ Stricken _____ ☐ Admitted_____ ☐ Denied
☐ **Probation:** ☐ **Conditional Sentence:** ☐ Granted for_____ years/months ☐ See attached conditions
☐ ☐ Revoked ☐ Restored ☐ Modified ☐ Extended to _____ ☐ Continue on same terms and conditions ☐ Terminated
☐ Defendant admits probation violation ☐ Previous order revoking probation vacated, set aside, defendant restored to probation
☐ Submit to search and seizure of person, residence, vehicle or any property under defendant's control _____
☐ No contact with / not to annoy _____, directly or indirectly: stay at least _____ ____ away
☐ Additional order(s): _____
☐ Petition/Motion _____ ☐ Granted ☐ Denied ☐ Withdrawn
☐ Referred to: ☐ Probation Dept. ☐ Financial Hearing Officer ☐
**Restitution:** ☐ Referred to _____ for Determination ☐ Ordered ☐ Reserved ☐ Modified
☐ Bail Forfeited ☐ Bail Forfeiture Set Aside ☐ Bail Reinstated ☐ Bail Exonerated ☐ Summary Judgment Entered
☐ **Bench Warrant:** ☐ Issued ☐ Withheld ☐ Withdrawn ☐ Bail Set at $_____ ☐ No Cite Release ☐ Night Service

          2X    **CERT-CRT:WWM**          **POC**

△ Med Scratch

---

**FUTURE COURT DATES: 2/24/03 JT**

nt: Date: **2-11-03** Time: **9:30** Dept. **11** Proc.: **MARMO** Date:_____ Time:_____ Dept._____ Proc.:_____

Codes: _____

---

D-401 (REV. 6/01)

RENE DAVIDSON COURTHOUSE

C00285

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

## CLERKS DOCKET AND MINUTES

**KILGORE, IVAN** ___ DEPT. **011** ___ CRT. DATE/TIME **2/11/03    09:30**

EVENT NAME **KILGORE, IVAN DAWNELL** ___ RPT. NO. **00-64017** ___ DOCK NO. **141033**

PROC. **MARMO** ___ CEN. **0373689** ___ PFN. **BBV550** ___ A DAY **11/01/00** ___ SJ DATE **8/20/03**

COUNTS ___ PIC 00S00   AAG-OPD   ACITY OA

CHARGES **1) F187 SC&USE PC 1 PR**

**TAT    SET    BAIL    $0.00    TOTAL DAYS IN CUSTODY:    831**

BAIL ___ STAT. ___ BOND DT. ___ BOND CO. ___ DOB **05/05/75**
BAIL ___ STAT. ___ BOND DT. ___ BOND CO. ___ BAC
FINE/REST. ___ DATE PAID ___ REC. NO **NORTH 1** ___ TIME WAIVED ___ **NTW** **3/14/ C3**

## PROCEEDING

DCCO:

JUDGE **JON ROLEFSON** ___ DEP. D.A. **Richard Moore**
DEP. CLERK **MARGARET TAKEDA/WOSEN MENGISTE** ___ DEF. ATTY **DEBORAH LEVY**
REPORTER **LISA HODGES** ___ (not brought out) ___ OTHERS ___ ☐ Not Present

Defendant: ☐ Present   ☑ Not Present   ☐ Excused   ☑ In Custody   ☐ Pro Per
☐ Interpreter ___ is present. Language spoken: ___
☐ Defendant duly arraigned/advised as to constitutional rights ☐ Defendant waives arraignment ☐ Waiver of Rights filed
☐ Defendant served: ☐ ___ Complaint ☐ Discovery ☐ Petition ☐ Motion ☐ Protective Order (PC 136.2)
☐ Referred to Public Defender ☐ Public Defender files conflict ☐ Financially ineligible ☐ Private counsel appointed
☐ Plea Withdrawn ☐ Change of Plea ☐ Plea to count(s) ___ ☐ Not Guilty ☐ Guilty ☐ No Contest/Found Guilty
☐ Stipulates to: lesser included / reasonably related offense of count(s) ___ to charge(s) ___
☐ ime waived for: ☐ Preliminary Examination ___ days ☐ Trial ☐ Sentence ☐ Time not waived ☐ Time waiver withdrawn
☐ Clauses: ☐ Stricken ___ ☐ Admitted ___ ☐ Sentencing Purposes Only
☐ Priors: ☐ Stricken ___ ☐ Admitted ___ ☐ Denied
☐ Probation: ☐ Conditional Sentence: ☐ Granted for ___ years/months ☐ See attached conditions
☐ Revoked ☐ Restored ☐ Modified ☐ Extended to ___ ☐ Continue on same terms and conditions ☐ Terminated
☐ Defendant admits probation violation ☐ Previous order revoking probation vacated, set aside, defendant restored to probation
☐ Submit to search and seizure of person, residence, vehicle or any property under defendant's control ___
☐ No contact with / not to annoy ___, directly or indirectly: stay at least ___ away
☐ Additional order(s): ___
☐ Petition/Motion ___ ☐ Granted ☐ Denied ☐ Withdrawn
☐ Referred to: ☐ Probation Dept. ☐ Financial Hearing Officer ☐ ___
☐ Restitution: ☐ Referred to ___ for Determination ☐ Ordered ☐ Reserved ☐ Modified
☐ Bail Forfeited ☐ Bail Forfeiture Set Aside ☐ Bail Reinstated ☐ Bail Exonerated ☐ Summary Judgment Entered
☐ Bench Warrant: ☐ Issued ☐ Withheld ☐ Withdrawn ☐ Bail Set at $ ___ ☐ No Cite Release ☐ Night Service

**2X    CERT-CRT:WWM    POC**

Assigned to Dep. 8 Judge Nakahara forthwith for MARMO

___

**UTURE COURT DATES: 2/24/03 JT**

ont Date: ___ Time: ___ Dept. ___ Proc.: ___ Date: ___ Time: ___ Dept. ___ Proc.: ___
). ___ ; Codes: ___

DOCKET NAME **KILGORE, IVAN DAWNELL** ___ CT. DATE **2/11/03** ___ DOCK NO. ___ **141033**

0-401 (REV. 5/01)

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA    C00286
**CLERKS DOCKET AND MINUTES**

DEPT. _B_    CRT. DATE/TIME _2-11-03_

EVENT NAME _KILGORE, IVAN DAWNELL_    RPT. NO. _____    DOCK NO. _141033_

PROC. _MARMO_    CEN. _____    PFN. _____    A DAY _____    SJ DATE _____

CHARGES _1) F187 SC&USE_

BAIL _____ STAT. _____ BOND DT. _____ BOND CO. _____ DOB _____
BAIL _____ STAT. _____ BOND DT. _____ BOND CO. _____ BAC _____
FINE/REST. _____ DATE PAID _____ REC. NO. _____ TIME WAIVED _____

**PROCEEDING**

JUDGE _Vernon Nakahara_    DEP. D.A. _____
DEP. CLERK _Krish O'Hern_    DEF. ATTY. _Deborah Levy_    ☐ Not Present
REPORTER _Connie Parchman_    OTHERS

Defendant:    ☒ Present    ☐ Not Present    ☐ Excused    ☒ In Custody    ☐ Pro Per
☐ Interpreter _____ is present. Language spoken: _____
☐ Defendant duly arraigned/advised as to constitutional rights ☐ Defendant waives arraignment ☐ Waiver of Rights filed
☐ Defendant served: ☐ _____ Complaint ☐ Discovery ☐ Petition ☐ Motion ☐ Protective Order (PC 136.2)
☐ Referred to Public Defender ☐ Public Defender files conflict ☐ Financially ineligible ☐ Private counsel appointed
☐ Plea Withdrawn ☐ Change of Plea ☐ Plea to count(s)_____ ☐ Not Guilty ☐ Guilty ☐ No Contest/Found Guilty
☐ Stipulates to:  lesser included / reasonably related  offense of count(s)_____ to charge(s)_____
☐ me waived for: ☐ Preliminary Examination _____ days ☐ Trial ☐ Sentence ☐ Time not waived ☐ Time waiver withdrawn
☐ Clauses: ☐ Stricken _____    ☐ Admitted_____    ☐ Sentencing Purposes Only
☐ Priors: ☐ Stricken _____    ☐ Admitted_____    ☐ Denied
☐ Probation: ☐ Conditional Sentence:    ☐ Granted for_____ years/months    ☐ See attached conditions
☐ Revoked ☐ Restored ☐ Modified ☐ Extended to _____ ☐ Continue on same terms and conditions ☐ Terminated
☐ Defendant admits probation violation ☐ Previous order revoking probation vacated, set aside, defendant restored to probation
☐ Submit to search and seizure of person, residence, vehicle or any property under defendant's control _____
☐ No contact with / not to annoy _____, directly or indirectly: stay at least _____ away
☐ Additional order(s): _____
☐ Petition/Motion _____    ☐ Granted ☐ Denied ☐ Withdrawn
☐ Referred to:  ☐ Probation Dept.  ☐ Financial Hearing Officer  ☐ _____
☐ Restitution: ☐ Referred to _____ for Determination ☐ Ordered ☐ Reserved ☐ Modified
☐ Bail Forfeited ☐ Bail Forfeiture Set Aside ☐ Bail Reinstated ☐ Bail Exonerated ☐ Summary Judgment Entered
☐ Bench Warrant: ☐ Issued ☐ Withheld ☐ Withdrawn ☐ Bail Set at $_____ ☐ No Cite Release ☐ Night Service

_MTN DENIED. CT ORDERS THE transcripts of_
_this proceeding sealed._
_CT. EXH. 1 - MARSDEN MOTION W/ ATTACHMENTS - MARKED FOR I.D._
_MTD 2-24-03 IN D-11_

ont Date:_____ Time: _____ Dept. _____ Proc.:_____ Date:_____ Time: _____ Dept. _____ Proc.:_____
D.    G Codes: _____

DOCKET NAME _____    CT. DATE _____    DOCK NO. _____

F I L E D
ALAMEDA COUNTY

FEB 1 8 2003

CLERK OF THE SUPERIOR COURT
By Woben Mengiste
Deputy

1  Deborah L. Levy, State Bar #110995

2  360 Grand Avenue #197

3  Oakland, CA. 94610

4  (510) 251-1850

5  Attorney for Mr. Kilgore

6          IN AND FOR THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

7              COUNTY OF ALAMEDA- OAKLAND JUDICIAL DISTRICT

8  THE PEOPLE OF THE STATE OF CALIFORNIA)          NO. 141033

9                                      )          ORDER TO ALLOW INMATE

10  V.                                 )          TO USE PROPERTY

11  IVAN KILGORE                       )

12  _____/

13  TO: THE ALAMEDA COUNTY SHERIFF, SANTA RITA DETENTION FACILITY-

14

15      GOOD CAUSE APPEARING: IT IS HEREBY ORDERED that Ivan Kilgore (PFN

16  BBV550) be permitted to use a tape player (that does not have a radio, or record function,) with

17  headphones, batteries and 7 labeled audio tapes consisting of labeled witness statements concerning

18  his case. Mr. Kilgore may have these tapes and the player for 35 days from the date of this order.

19

20

21

22

23  DATED: __2/18/03__              _____
                                        JON R. ROLEFSON
24                                  JUDGE OF THE SUPERIOR COURT

25

26

27

28

14

1  DEBORAH L. LEVY - State Bar #110995

2  360 Grand Avenue #197

3  Oakland, CA. 94610

4  (510) 251-1850

5  Attorney for Defendant Kilgore

FILED
ALAMEDA COUNTY

FEB 2 4 2003

CLERK OF THE SUPERIOR COURT
By _Wanda G. Greene_
                          DEPUTY

6          IN AND FOR  THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

7              IN AND FOR THE COUNTY OF ALAMEDA COUNTY

8                    OAKLAND JUDICIAL DISTRICT

9

10  PEOPLE OF THE STATE OF CALIFORNIA )        NO.  141033

11                    Plaintiff,          )           DEFENSE PROPOSED

12  V.                                )              WITNESS LIST

13                                     )

14  IVAN KILGORE                       )

15          Defendant,                 )

16  _____/

17  1. Halvetia Osborne-Oklahoma

18  2. Betsy Varela- Pittsburg, CA.

19  3. Kevin Tomlinsonn- Morgan Hill, CA.

20  4. Mary Loggins- Oakland, CA.

21  5. Joy Jefferies- San Francisco

22

23

24

25

26  Respectfully Submitted,

27

28  Deborah L. Levy

15

C00289

1  DEBORAH L. LEVY - State Bar #110995

2  360 Grand Avenue #197

3  Oakland, CA. 94610

4  (510) 251-1850

5  Attorney for Defendant Kilgore

**FILED**
ALAMEDA COUNTY

FEB 2 4 2003

CLERK OF THE SUPERIOR COURT
By Wanda G. Brown
                    DEPUTY

6              IN AND FOR THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

7                   IN AND FOR THE COUNTY OF ALAMEDA COUNTY

8                            OAKLAND JUDICIAL DISTRICT

9

10  PEOPLE OF THE STATE OF CALIFORNIA )        NO. 141033

11                    Plaintiff,        )        DEFENSE MOTION TO DISMISS

12  V.                                  ) OKLAHOMA PRIOR AS A STRIKE AND TO

13                                      ) PROHIBIT USE TO IMPEACH DEFENDANT

14  IVAN KILGORE                        )

15                    Defendant,        )

16  _____/

17                                    FACTS

18      In 1997, Mr. Kilgore pled to a first degree voluntary manslaughter, in Oklahoma. Attached as

19  Exhibit A is the Oklahoma definition of 1st degree manslaughter. Attached as Exhibit B is the

20  Judgment and Sentence from that offense. Mr. Kilgore pled to 21 Oklahoma Statutes section

21  711(1.) Exhibit A shows that 21-711(1) states that a homicide is manslaughter in the first degree

22  if, "perpetrated without a design to effect death by a person while engaged in the commission of a

23  misdemeanor." Exhibit A was taken from the inter-net, at www.Youroklahoma.com. Counsel

24  searched the 1997 statutes (the date of Mr. Kilgore's plea,) and got exhibit A. The statute reads

25  the same for 1998 and 1999.

26  OKLAHOMA PRIOR CANNOT BE CHARGED AS A STRIKE (NOT A VIOLENT FELONY)

27      In order for a foreign prior to be considered a serious prior felony in California, it must include

28  all of the elements of the California charge, Penal Code section 667.(a)(1)/and 667.5(f) . Under

16

1  California law, voluntary manslaughter is a homicide WITH the intent to kill. If the killing occurs
2  upon a sudden quarrel or heat of passion, in California, that is also voluntary manslaughter. In
3  Oklahoma, killing in the heat of passion is Oklahoma Code 21-711(2.) Mr. Kilgore pled to 21-
4  711(1.) The elements of the Oklahoma statute 21-711(1) are the elements of Involuntary
5  Manslaughter in California. CALJIC 8.45 states that one who unlawfully kills without malice
6  aforethought and WITHOUT AN INTENT TO KILL during the commission of an unlawful act
7  (not amounting to a felony) which is dangerous to human life under the circumstances, is guilty of
8  involuntary manslaughter. Involuntary manslaughter is NOT listed in Penal Code section 667.5 as
9  a "violent felony." Wherefore, the Oklahoma prior cannot be charged as a strike.

10              OKLAHOMA PRIOR CANNOT BE USED TO IMPEACH DEFENDANT

11  If Mr. Kilgore testifies, he cannot be impeached with this prior. There is no authority that
12  INvoluntary manslaughter is a crime of moral turpitude. In fact, People V. Solis, (1985) 172
13  CalApp3d 877, 218 Cal Rptr 468 found that it is NOT moral turpitude. In order to determine if
14  the prior is one of moral turpitude, the court is restricted to the least adjudicated elements of the
15  statute of which defendant was convicted, or pled, People V. Crowson (1983) 33 Cal.3d 623, 190
16  Cal Rptr 165, People V. Castro (1985) 38 Cal.3d 301, 211 Cal. Rptr. 719 and People V.
17  Campbell (1994) 23 Cal App. 4th 1488, 28 Cal. Rptr.2d 716. As stated in part one, the elements
18  of Mr. Kilgore's Oklahoma prior are equal to involuntary manslaughter.

19  Further, under 352 of the Evidence Code, the defense would state that the prejudice that
20  would accrue to defendant far outweighs any probative value to come from impeaching defendant
21  with this prior. If the court rules that Mr. Kilgore can be impeached with this prior, the defendant
22  would have to re-consider testifying.

23  Counsel states that the following is true and correct under the laws of perjury of the State of
24  California,

25  If Mr. Kilgore testifies, he would testify that he was assaulted and robbed by the victim, Will
26  and the victim's friend "T," twice, within the month prior to the charged offense. He would
27  further testify that he was hit on the head with a gun in one of the assaults, and therefore knew
28  that Will and "T" were armed. On the date of the offense he would testify that as he pulled up to

1  the corner of San Pablo and 30th, he saw Mr. Terry Dandy raise his shirt and pull out a weapon.
2  He shot only in self defense, as he knew Terry would shoot.

3      Under People V. Beagle (1972) 6 Cal3d 441, 99 Cal Rptr. 313, and Castro (supra) the defense
4  submits that this prior does NOT reflect on Mr. Kilgore's honesty and veracity and does NOT
5  show moral turpitude. If the court allows this impeachment, Mr. Kilgore would have to seriously
6  consider NOT testifying. The effect of the jury hearing about a prior homicide involving Mr.
7  Kilgore would be devastating. The effect of the jury NOT hearing the testimony of Mr. Kilgore
8  would also create a miscarriage of justice.

9      WHEREFORE, for the above stated reasons, the Oklahoma prior MUST be dismissed as a
10  strike prior, AND cannot be used to impeach Mr. Kilgore.

12  DATED: February 23, 2003

13  Respectfully Submitted,

16  Deborah L. Levy

ISSUED
94-95
C300291

IN THE DISTRICT COURT OF SEMINOLE COUNTY

STATE OF OKLAHOMA

| | | | |
|---|---|---|---|
| THE STATE OF OKLAHOMA, | ) | | |
| PLAINTIFF, | ) | NO.: | CF-95-387 |
| | ) | | |
| V. | ) | DOB: | 05-05-74 |
| | ) | | |
| IVAN DONWELL KILGORE , | ) | SSN: | 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 |
| DEFENDANT. | ) | | |

## JUDGMENT AND SENTENCE

Now, on this __28TH__ day of __JULY__, 1997, this matter comes on before the undersigned Judge, for sentencing and the Defendant, _ __IVAN DONWELL KILGORE__, appears personally and by Attorney __JACK MATTINGLY, SR., AND JACK MATTINGLY, JR.,__, the State of Oklahoma represented by __TIMOTHY L. OLSEN__, and the Defendant, having previously:

(X)  Entered a plea of guilty
( )  Entered a plea of Nolo Contendere
( )  Been found guilty by jury
( )  Been found guilty by Judge after waiver of jury trial
( )  Other _____

to/of the crime(s) of:                    Statutory Reference

Count __I__:   __MANSLAUGHTER, FIRST DEGREE__   __21__ O.S. __711(1)__

Count _____:   _____   ____ O.S. _____

Count _____:   _____   ____ O.S. _____

( )  The defendant has previously been convicted of _____
     felony crimes and the sentence has been enhanced in accordance
     with the provisions set forth in _____ O.S. ____; and,

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED by the Court that the Defendant, __IVAN DONWELL KILGORE__, is guilty of the above described offenses and is sentenced as follows:

### TERM OF IMPRISONMENT

| COUNT | SENTENCED TO A TERM OF |
|---|---|
| __I__ | __FOUR (4) YEARS__ |
| _____ | _____ |
| _____ | _____ |

under the custody and control of:

(X)  Oklahoma Department of Corrections;
( )  Seminole County Sheriff; or
( )  Other: _____

Exhibit 4

C00292

[Previous] [Next]

# §21-711.

§21-711.

Homicide is manslaughter in the first degree in the following cases:

1. When perpetrated without a design to effect death by a person while engaged in the commission of a misdemeanor.

2. When perpetrated without a design to effect death, and in a heat of passion, but in a cruel and unusual manner, or by means of a dangerous weapon; unless it is committed under such circumstances as constitute excusable or justifiable homicide.

3. When perpetrated unnecessarily either while resisting an attempt by the person killed to commit a crime, or after such attempt shall have failed.

[Previous] [Next]

Exhibit B

000293

| | |
|---|---|
| 1 | THOMAS J. ORLOFF | Trial Date: February 24, 2003 |

THOMAS J. ORLOFF
District Attorney
County of Alameda
900 Courthouse
1225 Fallon Street
Oakland, CA 94612-4292
(510) 272-6222

Darryl A. Stallworth
Deputy District Attorney
[State Bar # 163719]

**FILED**
ALAMEDA COUNTY

FEB 2 4 2003

CLERK OF THE SUPERIOR COURT
By _Wanda G. Burns_
DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ALAMEDA

THE PEOPLE OF THE STATE OF CALIFORNIA,)
)
)
v.                                      )  No. 141033
)
)  Department No. 6
IVAN KILGORE                            )
)
)
                          Defendant,    )
_____)

## People's Witness List

_____

OAKLAND  POLICE DEPARTMENT

Sgt. Phil Green

Sgt. Louis cruz

Sgt. Enoch Olivas

Sgt. Chris Mufarreh

Thomas Vigilienzone

Daniel Hutchinson

Patricia Boyle

David Hazel

Sean Festag

Office of the
*District*
*Attorney*
meda County
California

17

1     Richard Vallerga                               C00294

2     Hamann Nguyen

3     M. Cross

4     John Fukuda

5     Brian Clifford

6     Kurt Madison

7     E. Gerbaudo

8     Jimmy Wong

9     MEDICAL PERSONAL

10     Dr. Paul Herrmann

11     CIVILIAN WITNESSES

12     Bianca Moore

13     Raymond Jones

14     Terry Dandy

15     Jemarrio Hennen

16     Shanae Anderson

17     Matthew Bryant

18     Stanley Omadhebo

19     Mary Loggins

20     Mary Washington

21     Dorothy Irvin

22

23                             Respectfully submitted by:

24                             Deputy District Attorney

25                             Darry Stallworth               February 24, 2003

Office of the *District*
*Attorney*
meda County
California

26
27
28

—2—

THOMAS J. ORLOFF
District Attorney
County of Alameda
900 Courthouse
1225 Fallon Street
Oakland, CA 94612-4292
(510) 272-6222

Darryl A. Stallworth
Deputy District Attorney
[State Bar # 163719]

Trial Date: Febraury 24, 2003

**F I L E D**
ALAMEDA COUNTY

FEB 2 4 2003

CLERK OF THE SUPERIOR COURT
By Wanda G. Luemp
DEPUTY

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ALAMEDA

THE PEOPLE OF THE STATE OF CALIFORNIA,)

                v.

IVAN KILGORE

                                 Defendant,

No.141033

Department No. 6

## People's Proposed Jury Instructions

| | |
|---|---|
| 1.00 | Respective Duties of Judge and Jury |
| 1.01 | Instructions to be considered as a whole |
| 1.02 | Statements of Counsel–Stipulated facts |
| 1.03 | No independent investigations |
| 1.05 | Juror's use of notes |
| 2.00 | Direct and Circumstantial evidence |
| 2.01 | Sufficiency of Circumstantial evidence |
| 2.02 | Sufficiency of Circumstantial evidence to prove specific intent |
| 2.03 | Consciousness of Guilt |
| 2.04 | Efforts by Defendant to fabricate evidence |
| 2.09 | Evidence limited as to Purpose |

Office of the
*District*
*Attorney*
ameda County
California

18

| 1 | 2.11 | Production of all evidence not required |
| 2 | 2.12 | Weighing Transcript Testimony of Unavailable Witness |
| 3 | 2.13 | Prior Consistent or Inconsistent Statements as Evidence |
| 4 | 2.20 | Believability of Witness |
| 5 | 2.21.1 | Discrepancies in Testimony |
| 6 | 2.21.2 | Witness Willfully false |
| 7 | 2.22 | Weighing Conflicting Testimony |
| 8 | 2.23 | Believabilty of a Witness- Conviction of a Felony |
| 9 | 2.27 | Sufficiency of Testimony of One Witness |
| 10 | 2.51 | Motive |
| 11 | 2.52 | Flight after Crime |
| 12 | 2.80 | Expert Testimony |
| 13 | 2.81 | Opinion Testimony of Lay Witness |
| 14 | 2.82 | Hypothetical Questions |
| 15 | 2.90 | Presumption of Innocence-Reasonable Doubt-Burden of Proof |
| 16 | 2.92 | Factors to Consider in Proving Identity by Eyewitness Testimony |
| 17 | 8.00 | Homicide Defined |
| 18 | 8.10 | Murder |
| 19 | 8.11 | Malice Aforethought |
| 20 | 8.20 | Deliberate and Premeditated |

21  **PEOPLE'S PROPOSED SPECIAL JURY INSTRUCTION NO. 1**

22  To prove the killing was "deliberate and premeditated, " it shall not be
23  necessary to prove the defendant maturely and meaningfully reflected upon the gravity of his
24  or her act.

25  Authority: Penal Code Section 189 (to be given at the end of CALJIC 8.20)

Office of the District Attorney meda County California

26 27 28

—2—

C00297

| | | |
|---|---|---|
| 2 | 8.30 | Second Degree Murder |
| 3 | 8.71 | Doubt Wheter First or Second Degree Murder |
| 4 | 17.31 | All instructions not Necessarily Applicable |
| 5 | 17.40 | Individual Opinion Required |
| 6 | 17.41 | How Jurors should Approach Their Task |
| 7 | 17.42 | Jury Must not Consider Penalty |
| 8 | 17.43 | Jury Deliberations |
| 9 | 17.50 | Concluding Instruction |
| 10 | 17.52 | Separation Admonition |
| 11 | 17.53 | Admonition to Alternate Jurors |

Dated February 24, 2003

_____

Deputy District Attorney

Darryl Stallworth

Office of the *District* *Attorney* ameda County California

—3—

170-401 (REV. 5/01)

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
### CLERKS DOCKET AND MINUTES

C00298

DEPT. 006  CRT. DATE/TIME 2/24/03

EVENT NAME KILGORE, IVAN                         RPT. NO. _____ DOCK NO. 141033

PROC. JT                    CEN. 0373689   PFN. BBV550  A DAY _____ SJ DATE _____

CHARGES F187 SC + USE PC 1 PR

BAIL _____ STAT. _____ BOND DT. _____ BOND CO. _____ DOB _____
BAIL _____ STAT. _____ BOND DT. _____ BOND CO. _____ BAC _____
FINE/REST. _____ DATE PAID _____ REC. NO. _____ TIME WAIVED _____

### PROCEEDING

JUDGE KENNETH KINGSBURY                 DEP. D.A. DARYL STALLWORTH
DEP. CLERK WANDA BOYNS                  DEF. ATTY. DEBORAH LEVY
REPORTER GERALD DOHRMANN                OTHERS                    ☐ Not Present

Defendant:  ☒ Present  ☐ Not Present  ☐ Excused  ☒ In Custody  ☐ Pro Per
☐ Interpreter _____ is present. Language spoken: _____
☐ Defendant duly arraigned/advised as to constitutional rights ☐ Defendant waives arraignment ☐ Waiver of Rights filed
☐ Defendant served: ☐ _____ Complaint ☐ Discovery ☐ Petition ☐ Motion ☐ Protective Order (PC 136.2)
☐ Referred to Public Defender  ☐ Public Defender files conflict  ☐ Financially ineligible  ☐ Private counsel appointed
☐ Plea Withdrawn ☐ Change of Plea ☐ Plea to count(s)_____ ☐ Not Guilty ☐ Guilty ☐ No Contest/Found Guilty
☐ Stipulates to:  lesser included / reasonably related  offense of count(s)_____ to charge(s)_____
☐ Time waived for: ☐ Preliminary Examination _____days ☐ Trial ☐ Sentence ☐ Time not waived ☐ Time waiver withdrawn
☐ Clauses: ☐ Stricken _____ ☐ Admitted _____ ☐ Sentencing Purposes Only
☐ Priors: ☐ Stricken _____ ☐ Admitted _____ ☐ Denied
☐ Probation: ☐ Conditional Sentence: ☐ Granted for_____years/months ☐ See attached conditions
☐ Revoked ☐ Restored ☐ Modified ☐ Extended to _____ ☐ Continue on same terms and conditions ☐ Terminated
☐ Defendant admits probation violation ☐ Previous order revoking probation vacated, set aside, defendant restored to probation
☐ Submit to search and seizure of person, residence, vehicle or any property under defendant's control _____
☐ No contact with / not to annoy _____, directly or indirectly: stay at least _____ away
☐ Additional order(s): _____
☐ Petition/Motion                              ☐ Granted ☐ Denied ☐ Withdrawn
☐ Referred to: ☐ Probation Dept. ☐ Financial Hearing Officer ☐ _____
Restitution: ☐ Referred to _____ for Determination ☐ Ordered ☐ Reserved ☐ Modified
☐ Bail Forfeited ☐ Bail Forfeiture Set Aside ☐ Bail Reinstated ☐ Bail Exonerated ☐ Summary Judgment Entered
☐ Bench Warrant: ☐ Issued ☐ Withheld ☐ Withdrawn ☐ Bail Set at $_____ ☐ No Cite Release ☐ Night Service

cont Date: 02-25-03 Time: 0930 Dept. 06 Proc.: JT  Date:_____ Time:_____ Dept._____ Proc.:_____
3 Codes: _____

DOCKET NAME _____ CT. DATE _____ DOCK NO. _____

170-401 (REV. 6/01)

RENE DAVIDSON COURTHOUSE

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

**CLERKS DOCKET AND MINUTES**

C00299

T    **KILGORE, IVAN**                                    DEPT. **011**   CRT. DATE/TIME **2/24/03    09:30**

EVENT NAME    **KILGORE, IVAN DAWNELL**                    RPT. NO. **00-64017**    DOCK NO. **141033**

PROC. **JT**    CEN. **0373689**    PFN. **BBV550** A DAY **11/01/00**   SJ DATE **9/02/03**
COUNTS                                                      PIC 00S00   AAG-OPD   ACITY   OA

CHARGES **1)F187 SC&USE PC 1 PR**

STAT SET    BAIL    **$0.00**    **TOTAL DAYS IN CUSTODY:**    **842**

BAIL _____    STAT. _____    BOND DT. _____    BOND CO. _____    DOB **05/05/75**

BAIL _____    STAT. _____    BOND DT **NORTH 1**    BOND CO. _____    NTW **3/14/03**

FINE/REST. _____    DATE PAID _____    REC. NO. **NORTH 1**    TIME WAIVED    BAC

**PROCEEDING**

DCCO:

JUDGE    **JON ROLEFSON**    DEP. D.A. Retrendincen Daryl Hallworth
DEP. CLERK    **MARGARET TAKEDA/WOSEN MENGISTE**    DEF. ATTY. **DEBORAH LEVY**
REPORTER    **LISA HODGES**    OTHERS    ☐ Not Present

**Defendant:**    ☐ Present    ☑ Not Present    ☐ Excused    ☑ In Custody    ☐ Pro Per
☐ Interpreter _____ is present. Language spoken: _____
☐ Defendant duly arraigned/advised as to constitutional rights ☐ Defendant waives arraignment ☐ Waiver of Rights filed
☐ Defendant served: ☐ _____ Complaint ☐ Discovery ☐ Petition ☐ Motion ☐ Protective Order (PC 136.2)
☐ Referred to Public Defender ☐ Public Defender files conflict ☐ Financially ineligible ☐ Private counsel appointed
☐ Plea Withdrawn ☐ Change of Plea ☐ Plea to count(s)_____ ☐ Not Guilty ☐ Guilty ☐ No Contest/Found Guilty
☐ Stipulates to: lesser included / reasonably related offense of count(s)_____ to charge(s)_____
☐ ime waived for: ☐ Preliminary Examination ____ days ☐ Trial ☐ Sentence ☐ Time not waived ☐ Time waiver withdrawn
☐ Clauses: ☐ Stricken _____ ☐ Admitted_____ ☐ Sentencing Purposes Only
☐ **Priors:** ☐ Stricken _____ ☐ Admitted_____ ☐ Denied
☐ **Probation:** ☐ **Conditional Sentence:** ☐ Granted for____ years/months ☐ See attached conditions
☐ Revoked ☐ Restored ☐ Modified ☐ Extended to _____ ☐ Continue on same terms and conditions ☐ Terminated
☐ Defendant admits probation violation ☐ Previous order revoking probation vacated, set aside, defendant restored to probation
☐ Submit to search and seizure of person, residence, vehicle or any property under defendant's control _____
☐ No contact with / not to annoy _____, directly or indirectly: stay at least _____ away
☐ Additional order(s): _____
☐ Petition/Motion _____    ☐ Granted ☐ Denied ☐ Withdrawn
☐ Referred to: ☐ Probation Dept. ☐ Financial Hearing Officer ☐ _____
**Restitution:** ☐ Referred to _____    for Determination ☐ Ordered ☐ Reserved ☐ Modified
☐ Bail Forfeited ☐ Bail Forfeiture Set Aside ☐ Bail Reinstated ☐ Bail Exonerated ☐ Summary Judgment Entered
☐ **Bench Warrant:** ☐ Issued ☐ Withheld ☐ Withdrawn ☐ Bail Set at $_____ ☐ No Cite Release ☐ Night Service

2X    **CERT-CRT:WWM**    POC

assigned to D-6 Judy Langlary FW for JT

nt: Date:_____ Time:_____ Dept._____ Proc.:_____    Date:_____ Time:_____ Dept._____ Proc.:_____

, Codes: _____

DOCKET NAME    **KILGORE, IVAN DAWNELL**    CT. DATE **2/24/03**    DOCK NO. **141033**

C00300

1   Deborah L. Levy, State Bar #110995

2   360 Grand Avenue #197

3   Oakland, CA. 94610

4   (510) 251-1850

5   Attorney for Mr. Ivan Kilgore

FILED
ALAMEDA COUNTY

FEB 25 2003

CLERK OF THE SUPERIOR COURT
By *Wanda G. Boyne*
DEPUTY

6   IN AND FOR THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

7   COUNTY OF ALAMEDA- OAKLAND JUDICIAL DISTRICT

8

9   PEOPLE OF THE STATE OF CALIFORNIA )                     NO. 141033

10                                    )

11                  Plaintiff,        )        PROPOSED JURY QUESTIONNAIRE

12  IVAN  KILGORE                     )        QUESTIONS

13                  Defendant         )

14  _____ )

15  SUPPLEMENTAL VOIR DIRE:

16  2. This case involves a shooting that occurred on 7/16/00 in the area of 30th Street and San Pablo

17  Avenue, in the city of Oakland on or about 6:00 p.m. in which William Anderson was killed.  Do

18  you think that  you have heard or read anything about this case?       _____Yes       _____ No

19  If yes, from what source (newspaper, friends, radio, T.V.?)_____

20

21  What do you remember hearing about this case?

22  _____

23  _____

24

25  3. Have you, a family member or a friend ever been injured by a firearm or had a bad experience

    with a firearm? YES _____  NO _____

26

27  Have you ever fired a firearm? YES _____  NO _____

28

19

4. Have you ever been in fear of being assaulted or killed? YES _____ NO _____

If yes, can you briefly explain

_____

_____

_____

5. In general, what are your feelings about the criminal justice
system?_____

_____

_____

_____

DATED: 2/23/03

Respectfully Submitted,

Deborah L. Levy

C00302

1 | Deborah L. Levy,  State Bar #110995

FILED
ALAMEDA COUNTY

2 | 360 Grand Avenue #197

FEB 2 5 2003

3 | Oakland, CA. 94610

CLERK OF THE SUPERIOR COURT
By Wanda G. Coyne
DEPUTY

4 | (510) 251-1850

5 | Attorney for Mr. Ivan Kilgore

6 | IN AND FOR THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

7 | COUNTY OF ALAMEDA- OAKLAND JUDICIAL DISTRICT

8

9 | PEOPLE OF THE STATE OF CALIFORNIA )                    NO. 141033

10 |                                        )

11 |            Plaintiff,              )          ORDER FOR TWO SETS OF CLOTHES

12 | IVAN  KILGORE                      )          TO BE KEPT FOR INMATE DURING

13 |            Defendant              )          JURY TRIAL

14 | _____ )

15 | TO THE ALAMEDA COUNTY SHERIFF'S OFFICE, SANTA RITA DETENTION FACILITY:

16

17 | GOOD CAUSE APPEARING: IT IS HEREBY ORDERED THAT Ivan Kilgore, PFN BBV550 be

18 | permitted to have two sets of clothes at Santa Rita jail to wear for his jury trial, which is currently

19 | in session.

20

21 | DATED: Feb. 25, 2003

22

23

24

25

26 | THE HONORABLE JUDGE KINGSBURY

27

28

20

70-401 (REV. 6/01)

RENE DAVIDSON COURTHOUSE

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**
**CLERKS DOCKET AND MINUTES**

000303

KILGORE.IVAN                      DEPT. 006   CRT. DATE/TIME 2/25/03   09:30

EVENT NAME  KILGORE.IVAN DAWNELL            RPT. NO. 00-64017    DOCK NO. 141033

PROC. JT                    CEN. 0373689  PFN. BBV550  A DAY 11/01/00   SJ DATE   9/03/03
      COUNTS                                          PIC 00800   AAG-OPD   ACITY OA

CHARGES 1)F187 SC&USE PC 1 PR

STAT  SET   BAIL      $0.00    TOTAL DAYS IN CUSTODY:   847

BAIL _____ STAT. _____ BOND DT. _____ BOND CO. _____ DOB 05/05/75
BAIL _____ STAT. _____ BOND DT. _____ BOND CO. _____ BAC
FINE/REST. _____ DATE PAID _____ REC. NO. NORTH 1   TIME WAIVED   NTW 3/14/03

**PROCEEDING**                    DCCO:

JUDGE      KENNETH KINGSBURY          DEP. D.A. DARRYL STALLWORTH
DEP. CLERK WANDA BOYNS               DEF. ATTY. DEBORAH LEVY          ☐ Not Present
REPORTER   GERALD DOHRMANN           OTHERS

**Defendant:** ☒ Present  ☐ Not Present  ☐ Excused  ☒ In Custody  ☐ Pro Per
☐ interpreter _____ is present. Language spoken: _____
☐ Defendant duly arraigned/advised as to constitutional rights ☐ Defendant waives arraignment ☐ Waiver of Rights filed
☐ Defendant served: ☐ _____ Complaint ☐ Discovery ☐ Petition ☐ Motion ☐ Protective Order (PC 136.2)
☐ Referred to Public Defender ☐ Public Defender files conflict ☐ Financially ineligible ☐ Private counsel appointed
☐ Plea Withdrawn ☐ Change of Plea ☐ Plea to count(s) _____ ☐ Not Guilty ☐ Guilty ☐ No Contest/Found Guilty
☐ Stipulates to: lesser included / reasonably related offense of count(s) _____ to charge(s) _____
☐ me waived for: ☐ Preliminary Examination _____ days ☐ Trial ☐ Sentence ☐ Time not waived ☐ Time waiver withdrawn
☐ Clauses: ☐ Stricken _____ ☐ Admitted _____ ☐ Sentencing Purposes Only
☐ **Priors:** ☐ Stricken _____ ☐ Admitted _____ ☐ Denied
☐ **Probation:** ☐ **Conditional Sentence:** ☐ Granted for _____ years/months ☐ See attached conditions
      ☐ Revoked ☐ Restored ☐ Modified ☐ Extended to _____ ☐ Continue on same terms and conditions ☐ Terminated
☐ Defendant admits probation violation ☐ Previous order revoking probation vacated, set aside, defendant restored to probation
☐ Submit to search and seizure of person, residence, vehicle or any property under defendant's control _____
☐ No contact with / not to annoy _____, directly or indirectly: stay at least _____ away
☐ Additional order(s): _____
☐ Petition/Motion _____ ☐ Granted ☐ Denied ☐ Withdrawn
☐ Referred to: ☐ Probation Dept. ☐ Financial Hearing Officer ☐ _____
**Restitution:** ☐ Referred to _____ for Determination ☐ Ordered ☐ Reserved ☐ Modified
☐ Bail Forfeited ☐ Bail Forfeiture Set Aside ☐ Bail Reinstated ☐ Bail Exonerated ☐ Summary Judgment Entered
☐ **Bench Warrant:** ☐ Issued ☐ Withheld ☐ Withdrawn ☐ Bail Set at $ _____ ☐ No Cite Release ☐ Night Service

      2X     CERT-CRT:WWM

Cont. Date: 2-27-03  Time: 0930 Dept. 06 Proc.: JT  Date: _____ Time: _____ Dept. _____ Proc.: _____

Codes: _____

DOCKET NAME  KILGORE.IVAN DAWNELL          CT. DATE 2/25/03   DOCK NO. _____ 141033

C00304

(7/00)

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**          Dept. No. 006

Date: **February 25, 2003**      Hon. **KENNETH R. KINGSBURY**, Judge      Wanda Boyns, Dep.Clk.
                                                                          Gerald Dohrmann, Reporter

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA | Counsel appearing for Plaintiff | Darryl Stallworth, Deputy District Attorney |
| Plaintiff | | |
| vs. | Counsel appearing for Defendant | Deborah Levy, Esq |
| **IVAN KILGORE** | | |
| Defendant | | |

NATURE OF PROCEEDINGS:      **PRE-TRIAL**                          Case No. **141033**
                                                                  PFN: **BBV550**
                                                                  CEN: **0373689**

Above entitled action comes on calendar this date having been continued from February 24, 2003 for jury trial.

9:32 a.m. Respective counsel and defendant are present. Questions for the supplemental questionnaire are discussed. Court and counsel discuss the clauses of the defendant as currently listed in the Information.
9:47 a.m. The defendant's oral Motion to Bifurcate the Prior Conviction is granted.
10:00 a.m. Court is in recess until 2:00 p.m. this afternoon.
2:13 p.m. All parties are once again present and the questionnaire to be given to the jury is discussed.
2:28 p.m. Court is in recess for the evening with the parties ordered to return on February 27, 2003 at 9:30 a.m. for jury trial.

170-401 (REV. 5/01)

RENE DAVIDSON COURTHOUSE

C00305

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

**CLERKS DOCKET AND MINUTES**

1. ᵀᵀ ___ **KILGORE,IVAN** _____ DEPT. __006__ CRT. DATE/TIME __2/27/03__ __09:30__

2. EVENT NAME ___ **KILGORE,IVAN DAWNELL** _____ RPT. NO. __00-64017__ DOCK NO. __141033__

3. PROC. __JT__ _____ CEN. __0373689__ PFN. __BBV550__ A DAY __11/01/00__ SJ DATE __9/05/03__
   COUNTS                                               PIC 00S00  AAG-CPD  ACITY DA

4. CHARGES __1)F187 SC&USE PC 1 PR__ _____

---

**STAT  SET  BAIL     $0.00     TOTAL DAYS IN CUSTODY:  847**

5. BAIL _____ STAT. _____ BOND DT. _____ BOND CO. _____ DOB __C5/05/75__
   BAIL _____ STAT. _____ BOND DT. _____ BOND CO. _____ BAC _____
6. FINE/REST. _____ DATE PAID _____ REC. NO. __NORTH 1__ TIME WAIVED __NTW__ __3/14/C3__

---

**PROCEEDING**                                              DCCO:

7. JUDGE ___ **KENNETH KINGSBURY** _____ DEP. D.A. __DARRYL STALLWCRTH__
3. DEP. CLERK __WANDA BOYNS__ _____ DEF. ATTY. __DEBORAH LEVY__                    ☐ Not Present
3. REPORTER __GERALD DOHRMANN__ _____ OTHERS

---

Defendant:    ☒ Present    ☐ Not Present    ☐ Excused    ☒ In Custody    ☐ Pro Per

☐ Interpreter _____ is present. Language spoken: _____
☐ Defendant duly arraigned/advised as to constitutional rights ☐ Defendant waives arraignment ☐ Waiver of Rights filed
☐ Defendant served: ☐ _____ Complaint ☐ Discovery ☐ Petition ☐ Motion ☐ Protective Order (PC 136.2)
☐ Referred to Public Defender    ☐ Public Defender files conflict    ☐ Financially ineligible    ☐ Private counsel appointed
☐ Plea Withdrawn ☐ Change of Plea ☐ Plea to count(s)_____ ☐ Not Guilty ☐ Guilty ☐ No Contest/Found Guilty
☐ Stipulates to:  lesser included / reasonably related  offense of count(s)_____ to charge(s)_____
   Time waived for: ☐ Preliminary Examination _____days ☐ Trial ☐ Sentence ☐ Time not waived ☐ Time waiver withdrawn
☐ Clauses: ☐ Stricken _____ ☐ Admitted _____ ☐ Sentencing Purposes Only
☐ Priors: ☐ Stricken _____ ☐ Admitted _____ ☐ Denied
☐ Probation:  ☐ Conditional Sentence:  ☐ Granted for_____ years/months    ☐ See attached conditions
   ☐ Revoked ☐ Restored ☐ Modified ☐ Extended to _____ ☐ Continue on same terms and conditions ☐ Terminated
☐ Defendant admits probation violation ☐ Previous order revoking probation vacated, set aside, defendant restored to probation
☐ Submit to search and seizure of person, residence, vehicle or any property under defendant's control _____
☐ No contact with / not to annoy _____, directly or indirectly: stay at least _____ away
☐ Additional order(s): _____
☐ Petition/Motion _____ ☐ Granted ☐ Denied ☐ Withdrawn
☐ Referred to:  ☐ Probation Dept.  ☐ Financial Hearing Officer  ☐ _____
**Restitution:** ☐ Referred to _____ for Determination ☐ Ordered ☐ Reserved ☐ Modified
☐ Bail Forfeited ☐ Bail Forfeiture Set Aside ☐ Bail Reinstated ☐ Bail Exonerated ☐ Summary Judgment Entered
☐ **Bench Warrant:** ☐ Issued ☐ Withheld ☐ Withdrawn ☐ Bail Set at $_____ ☐ No Cite Release ☐ Night Service

2X    CERT-CRT:WWM

---

ont: Date: __3-3-03__ Time: __0930__ Dept. __06__ Proc.: __JT__ Date: __3-4-03__ Time: __0930__ Dept. __06__ Proc.: __JT__

C    5 Codes: _____

---

DOCKET NAME ___ **KILGORE,IVAN DAWNELL** _____ CT. DATE __2/27/03__ DOCK NO. _____ __141033__

C00306

(7/00)

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**                     Dept. No. 006

Date: **February 27, 2003**        Hon. **KENNETH R. KINGSBURY**, Judge        Wanda Boyns, Dep.Clk.
                                                                                Gerald Dohrmann, Reporter

| THE PEOPLE OF THE STATE OF CALIFORNIA | Counsel appearing for Plaintiff | Darryl Stallworth, Deputy District Attorney |
|---|---|---|
| Plaintiff | | |
| vs. | Counsel appearing for Defendant | Deborah Levy, Esq |
| **IVAN KILGORE** | | |
| Defendant | | |

NATURE OF PROCEEDINGS:        **JURY TRIAL**                          Case No. **141033**
                                                                       PFN: **BBV550**
                                                                       CEN: **0373689**

Above entitled action comes on calendar this date having been continued from February 25, 2003 for jury trial

10:12 a.m. Respective counsel and defendant are present; the issue of the defendant's prior conviction from Okalahoma is discussed.
10:30 a.m. The first panel of prospective jurors is present and sworn on voir dire. The Court introduces the cause and the parties.
11:15 a.m. The questionnaires are given to the prospective jurors. All prospective jurors with hardship requests are ordered to return on March 3, 2003 at 2:00 p.m. in Department 6. Those prospective jurors without hardship requests are ordered to return on March 4, 2003 at 9:30 a.m. for jury selection.
11:20 a.m. Court is in recess until 1:30 p.m. for the arrival of the second panel of prospective jurors.
 1:53 p.m. Respective counsel and defendant are present to discuss a hardship request from the morning panel. A second panel of prospective jurors is sworn on voir dire. The Court introduces the cause and the parties.
 2:58 p.m. Questionnaires are given to the prospective jurors for completion. All prospective jurors with no hardship requests are ordered to return on March 4, 2003 at 9:30 a.m. for jury selection. Those prospective jurors with hardship requests are ordered to return on March 3, 2003 at 2:00 p.m. in Department 6.
 3:00 p.m. Court is in recess on this matter until March 3, 2003 at 2:00 p.m. for further trial.

2-27-03

C00307

FILED
ALAMEDA COUNTY

FEB 2 8 2003

CLERK OF THE SUPERIOR COURT
By_Wanda G. Colum_
                    DEPUTY

1  DEBORAH L. LEVY - State Bar #110995

2  360 Grand Avenue #197

3  Oakland, CA. 94610

4  (510) 251-1850

5  Attorney for Defendant Kilgore

6            IN AND FOR  THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

7              COUNTY OF ALAMEDA - OAKLAND JUDICIAL DISTRICT

8  PEOPLE OF THE STATE OF CALIFORNIA )      NO.   141033

9                   Plaintiff,          )      DEFENSE MOTION TO EXCLUDE

10 V.                                   )      WITNESS'S TRIAL  TESTIMONY

11 IVAN KILGORE                         )

12         Defendant,                   )

13 _____/

14                        FACTS

15     The defense believes the facts will show that prosecution witness, Raymond Jones, made a

16 coerced statement to the Oakland police. The offense charged in this case occurred on 7/16/00 at

17 around 1747 hours. On 7/17/00, an informant said that Raymond Jones was the one driving the

18 car that was identified with this shooting. Mr. Jones was arrested on 7/17/00 at around 1815

19 hours. He was placed in an interview room at 1845. At 1915 the officers came in and spoke with

20 Mr. Jones until 2159, 2 hours and 44 minutes, off tape. He was informed that he had been

21 arrested for the murder that is charged in this case against Mr. Kilgore.  For three hours he lied to

22 the police and said that he didn't know anything. At 2211, the investigating officers re-entered

23 the room and spoke with Mr. Jones again for 56 minutes.  They left at 2307.  The officers

24 returned and took a taped statement at 2246 until 2307 (see Exhibit A.)  The officers told Mr.

25 Jones that he could get 25-life for murder.  They asked him if he was going to be a witness or a

26 defendant (Preliminary hearing transcript, Vol. III p.98-102.)

27     Although Mr. Jones was arrested for murder, the D.A. declined to charge, and Mr. Jones was

28 released on 7/18. Mr. Kilgore was charged at the same time.

21

1    On 11/28/00, Mr. Jones was formally charged with Penal Code section 32 and a declaration in
2    support of an arrest warrant was issued on 11/29/00. A warrant for day or night service was
3    issued on 12/5/00, in the amount of $15,000.00 bail (see composite Exhibit A.) Mr. Jones turned
4    himself into custody.

## POINTS & AUTHORITIES

6    Defendant has standing to raise the issue of the voluntariness of Jones' statements since they
7    were obtained through coercive means. (See People v. Varnum (1967) 66 Cal.2d 808, 812-813
8    [59 Cal.Rptr. 108, 427 P.2d 772]; People v. Jones (1980) 105 Cal.App.3d 572, 581 [164
9    Cal.Rptr. 605].)

10    In People V. Jones (supra) the court examined California law and found that the burden is
11    on the prosecution to prove, beyond a reasonable doubt, that a confession is voluntary and NOT
12    the results of any promises of reward or leniency.

13    "Officer Duff qualified his request by making it clear that they (the police) were interested
14    in only the truth. Allegedly, Kennedy continued the story by stating: "She wouldn't come in so we
15    picked her up and carried her in." Officer Duff then recollects Mrs. Jones' statement: "Well,
16    maybe Kennedy ought to have a lawyer." It was at this point that Officer Duff explained to Mrs.
17    Jones, "that we were there trying to gather the facts, that we wanted nothing more than the truth,
18    that her son Kennedy was --we believed was involved, and we were just trying to get at the truth.
19    Since she had expressed her desire to have an attorney present, questioning would stop, and we
20    were going to take the subject, place him under arrest and book him." at p. 583.

21    Kennedy, was as Raymond Jones is here, a co-participant in the underlying crime.

22    Kennedy testified that he thought he was ALREADY under arrest when those statements were
23    made to him by the officers. The court concluded, therefore, that his statement was NOT induced
24    by fear of arrest. In our case, Mr. Jones did NOT make a taped statement, until he was told that
25    he could decide if he was going to be a witness or a defendant, and after he had been informed
26    that he was looking at 25 to life.

27    Of course, Mr. Jones, although admitting that he drove Mr. Kilgore to the location of the
28    shooting, denied that he knew Mr. Kilgore had a weapon. He stated that he drove Mr. Kilgore to

1  where the shooting occurred thinking there was going to be a fist fight and that he, Jones would
2  be there to equal things out or watch Mr. Kilgore's back    It was easy to exculpate himself and
3  inculpate Mr. Kilgore.

4  In People V.Johnson (1989) 47 Cal. 3d 1194, the court found that the statements of co-
5  responsible Hodges, were NOT voluntary due to a number of reasons. He was arrested without
6  probable cause, he was promised rewards and leniency, he was threatened that if he didn't talk, he
7  would be prosecuted, when there was no evidence to support a prosecution. He was pressured
8  and misled regarding out of county crimes he had. Defendant Johnson had no standing regarding
9  Mr. Hodges' Miranda rights, but showing that they were violated was certainly a factor in
10  examining the voluntariness of Mr. Hodges' statement.

11  In our case, based on an anonymous tip that Raymond Jones was the driver of the Cadiilac
12  involved in the shooting on 7/16/00, the police go to Mr. Jones' work place and take him into
13  custody on a charge of murder (see Exhibit A.) In fact, even after review of Mr. Jones' coerced
14  statement, there in insufficient evidence to prosecute him. There was NO probable cause to arrest
15  Mr. Jones. He was threatened that if he chose NOT to speak to the police that he moved himself
16  from the category of witness to defendant.

17  Since Mr. Raymond Jones' statement was involuntary, the next question, according to Johnson
18  (supra,) is whether there is attenuation between his coerced statement and his trial testimony. The
19  People have to prove the voluntariness of Mr. Jones' statement beyond a reasonable doubt. To
20  prove that the coercion of the statements is attenuated from the anticipated trial testimony, the
21  standard is only clear and convincing evidence, Johnson (supra at 1226.)

22  In this case, the government chose to charge Mr. Jones on November 28, 2000, with section
23  32, and issued a declaration in support of arrest at that time (Exhibit A.) Counsel would submit
24  that there was never any additional evidence uncovered against Mr. Jones, other than that original
25  anonymous tip, and his own admissions.

26  It is not mere coincidence that Mr. Kilgore surrendered to the Oakland police on 11/1/00. On
27  11/14/00, Sargent Green found that he could not locate Mr. Jones at his old employment. Mr.
28  Jones was charged to get leverage on him and to ensure that he would be available to testify at

1    trial. Mr. Jones was first in court on this new charge on 3/5/01, having spent 4 days in custody.
2    This indicates that Mr. Jones was still not voluntarily working with the authorities. His court date
3    is continued from 3/5/01 to 6/7/01. Mr. Kilgore's preliminary hearing was held on 6/5/01. It
4    appears that Mr. Jones had to testify or appear on 6/7/01 to face harsher charges?

5         In People V. Superior Court (Sosa) (1982,) the court found that the illegal activities resulting
6    in an involuntary statement were NOT attenuated from the anticipated trial testimony. In Sosa
7    (supra at 893,) they talk about U.S. V. Ceccolini (1978) 435 U.S. 268, 55 L. Ed.2d 268, 98
8    S.Ct.1054,

9         " In performing this analysis, the court emphasized as one consideration the degree of free
10   will exercised by the witness because "[t]he greater the willingness of the witness to freely testify,
11   the greater the likelihood that he or she will be discovered by legal means and, concomitantly, the
12   smaller the incentive to conduct an illegal search to discover the witness." (P. 276 [55 L.Ed.2d at
13   p. 277].) The court also required a close, direct link between the illegality and the evidence before
14   suppressing testimony because suppression disables the witness from testifying about material
15   facts and because the cost of such suppression is high in terms of distorting the outcome of the
16   trial."

17        In our case, the illegal arrest and detention of Mr. Jones are the only reason he made a
18   statement at all. Mr. Jones does NOT want to testify.

19

20        WHEREFORE, the defense urges this court to find that the statement of Mr. Jones is
21   involuntary and there is NO attenuation between his original statement and his anticipated trial
22   testimony. His statement must be suppressed, and he should be prohibited from testifying.
23   DATED: 2/27/03

24

25   Respectfully Submitted,

26
27   Deborah L. Levy

28   Deborah L. Levy

Oakland Police Department
TF-456 (7/88)

As required by the provisions of Penal Code §851.6, I hereby certify that the taking into custody of

JONES, RAYMOND                                    O373334
_____          _____
(Subject's Name)                                      (CEN)

for   187 PC                              on  17 JUL00          by
_____                              _____
(Charge)                                        (Date)

[X]  the Oakland Police Department

[X]  _____  was a detention only, not an arrest.

[X]  JONES, RAYMOND                     was released on  18 JUL00
_____          _____
(Subject's Name)                                      (Date)

by the Oakland Police Department.

Sections 849, 849.5 and 851.6 are included as part of this certificate and appear on the reverse.

Signed _____          SGT.   SUIZC
                                          _____
                                          Title/Serial No.

| Prisoner's Name | | Sex | Race | Age | DOB | | Arrest No. |
|---|---|---|---|---|---|---|---|
| JONES, RAYMOND | | M | B | 36 | 6 DEC 63 | | 17934 |
| Reason for Release: NO ARREST - Detention Only – 849(B)(1) PC | | Charge(s): 187 A | | | | | PFN ASF185 |
| Officer Ordering Release SGT- GREEN | | Serial No. 8UIZC | Order Date 18 JUL00 | | Time 152U | | RD No. 00-64017 |

Reason for Release:

☐  Insufficient Evidence                    ☐  Released from Jail; no charge

[X]  D.A. Refused to Prosecute              ☐  Other:

☐  Complainant Refused to Prosecute

☐  Released Pending Further Investigation

| Order Received in Jail by: | Date | Time | Prisoner Released by: | Date | Time |
|---|---|---|---|---|---|
| | | | ☐  402 Only | | |

TF-2007 (1/99)                              ORDER TO RELEASE PRISON
                                           Oakland Police Departm

C000312

| | |
|---|---|
| **Name of Interviewed Person:** JONES, RAYMOND | **Investigator(s):** Green / dlivery |

☐ Victim   ☐ Witness   ☐ Suspect   ☐ Other

Interview Room:
☒ 201   ☐ 211
☐ 202   ☐ 235
☐ 203   ☐ 236
☐ 206   ☐ 238
☐ 210   ☐ _____

17 JUL 00
**Date of Interview**

**Case Information:**

Victim: ANDERSON, WILLIA

Date of Crime: (SVLO)

Primary Offense: 187 PC

| Time | Action/Activity | Name and S/N |
|---|---|---|
| 1845 | Placed into Interview Room | S. JOHNSON 81264 |
| 1915 | F/OS   In | PC 8012C |
| 2159 | OUT - RESTROOM /SMOKE/WATER (2US) SNCK | PC FCR |
| 2211 | BACK IN 201 | PC 8012C |
| 2307 | OUT / CIGARETTE | PC 8012C |
| 0053 | DA   In | PC 8012C |
| 0122 | OUT | PC 8012C |
| 0124 | WATER | PC 8012C |
| 0130 | TO JAIL | S/O 7193C |
| | | |
| | | |
| | | |
| | | |

Removed from Interview Room:  ☐ OCJ   ☐ Released
Other: _____

000313

**STATEMENT**
**Oakland Police Department** 536-200-1 (6/93) Page 1 of 1

| | | |
|---|---|---|
| 1. Complainant: Anderson William | Offense/Crime: 187A | 2. Report No.: 00-64017 |
| 3. Name of Person Giving Statement: Jones Raymond | Sex/Race/DOB: M B 12/6/63 | ☐ Complainant ☒ Suspect ☐ Driv ☐ Reporting Person ☐ Witness |
| 4. Residence Address: 509 Sycamore #6 | City/Zip: | Phone: ( ) N/A |
| 5. Employment (Name, Address, Phone, Occupation, Work Hours, Days Off) or Supplemental Information if Unemployed or Transie: 201 E. 18th St Mead Bakery | | |
| 6. Statement Taken By: SGT. Green | Serial No.: 8012C | Date: 7-17-00 / Time Started - Complete: 1920 - 0130 |
| 7. Location Where Statement Taken: CID 201 | Names, Addresses of Persons Present During Statement: SGT. Guevara | |

FOR VEHICLE COLLISIONS ONLY

| 8. License No. | State | Veh. Yr. | Make | Model | Type | Color(s) | Driver License No. | Stat |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

| 9. Registered Owner | Address | City/Zip | Residence/Business Phone |
|---|---|---|---|
| | | | ( ) |

*ADMONITION: You have the right to remain silent. Anything you say can be used against you in a court of law. You have the right to talk to a lawyer and have him present with you while you are being questioned. If you cannot afford a lawyer, one will be appointed to represent you before any questioning if you wish one.*

*WAIVER: Do you understand each of these rights I have explained to you?* "Yea" x RJ

*Having these rights in mind, do you wish to talk to us now?* "Yea" x RJ

Statement:

Taped

MUNICIPAL COURT FOR THE **MANUEL COURTHOUSE** JUDICIAL DISTRICT
COUNTY OF ALAMEDA, STATE OF CALIFORNIA

C000314

**CLERKS DOCKET AND MINUTES**

1. NAME _____ DEPT. **112** CRT. DATE/TIME **3/15/01 1**

EVENT NAME **JONES, RAYMOND EDWARD** RPT. NO. **00-64017** DOCK NO. **4619**

3. PROC. **SET COUNTS** CEN. **0406347** PFN. **ASF189** A DAY **12/18/00** SJ DATE **9/2**
AAG—OPD  ACITY OA

4. CHARGES 1)**F32 PC**

**STAT OR BAIL** **TOTAL DAYS IN CUSTODY: 4**

5. BAIL ____ STAT. ____ BOND DT. ____ BOND CO. ____ DOB **12/06/**
6. BAIL ____ STAT. ____ BOND DT. ____ BOND CO. ____ BAC
   FINE/REST. ____ DATE PAID ____ REC. NO. ____ TIME WAIVED _TW 10+60_

**PROCEEDING**

7. JUDGE **MARSHALL WHITLEY** DEP. D.A. _Vaks Coleman_
8. DEP. CLERK **TRINA CROWELL** DEF. ATTY. **DAVIS, JASON**
9. REPORTER ____ OTHERS ____

IN CUSTODY
0. DEF. PRESENT (YES) NO EXCUSED  ATTY. PRESENT (YES) NO PRO PER
TIME NOT WAIVED / TIME WAIVER WITHDRAWN
TIME WAIVED FOR: PRELIM. EXAM  TRIAL  SENT

PLEA OF: ( ) NOT GUILTY ( ) GUILTY

CONTINUATION RECORD
DATE **6-7-01** TIME **0900** DEPT **112** Plea/Set

_Not for Service_

**JONES, RAYMOND EDWARD** CT. DATE **3/15/01** DOCK NO. **461958**

C00315

WARRANT OF ARREST

WILEY W. MANUEL COURTHOUSE, OAKLAND
661 WASHINGTON ST., OAKLAND, CA 94607
THE PEOPLE OF THE STATE OF CALIFORNIA

                    VS.                          DOCKET NUMBER: 461958
                                                 CEN: 040634
DEFENDANT:   RAYMOND EDWARD JONES                PFN: DOA827
EVENT NAME:  RAYMOND EDWARD JONES
PFN NAME:                                        DEPT NO: 112
DOB: 12/06/63   RACE: B   SEX: M   HT: 600   WT: 155   REPORT NO: 00-640
HAIR: BK   EYE: BR   BALD:    GLASS:    MAR:    POB:    WCD: 10/03/
SALIENT CHAR:
ADDRESS: 509 SYCAMORE ST 6
C-S-Z:  OAKLAND, CA 94612
     TELEPHONE NO:           AREA CODE:
EMPLOYER:
DLN:                SSN:
CII:                FBI:                          FELONY

WARRANT OF ARREST

THE PEOPLE OF THE STATE OF CALIFORNIA, TO ANY PEACE OFFICER IN THIS STATE.

A COMPLAINT UPON OATH HAVING BEEN MADE BEFORE ME THAT THE OFFENSE(S) OF
PC 32 F
HAVING BEEN COMMITTED, AND ACCUSING RAYMOND EDWARD JONES
THEREOF.

YOU ARE COMMANDED FORTHWITH TO ARREST THE ABOVE NAMED DEFENDANT, AND TO BRI
SAID DEFENDANT FORTHWITH BEFORE THE ABOVE ENTITLED MUNICIPAL COURT.

DEFENDANT MAY BE ADMITTED TO BAIL IN THE AMOUNT OF: $15,000 .

     ( X ) MAY BE SERVED DAY OR NIGHT        ( ) CASH BAIL ONLY
     ( ) DAY SERVICE ONLY 6 AM TO 10 PM      ( ) EXTRADITE/NOT LIMITED TO CA

DATED: 12/5/00                          _____
                                        JUDGE OR COMMISSIONER

*********************************** RETURN OF PEACE OFFICER *****************
I CERTIFY THAT I RECEIVED THE WITHIN WARRANT ON _____ ,
THAT I SERVED THE SAME BY ARRESTING THE WITHIN NAMED DEFENDANT ON _____
_____ , _____ , AND THAT I HAVE BROUGHT SAID DEFENDANT INTO CO.
ON _____ , _____ .


_____          _____
  NAME AND TITLE OF PEACE OFFICER           OFFICER OR DEPUTY

UPON ADMISSION TO BAIL, SET APPEARANCE FOR NEAREST DAY THAT WILL ALLOW RECE
OF BOTH WARRANT AND BAIL BY THIS COURT.  TIME: 9:00 AM ON ANY DAY, MONDAY
THROUGH FRIDAY, EXCEPT HOLIDAYS.

C00316

## DECLARATION IN SUPPORT OF ARREST
## AND/OR ISSUANCE OF WARRANT OF ARREST

The undersigned hereby declares, upon information and belief:

That he is a _____Police Officer_____ of the

_____City of Oakland_____ , California.

That a complaint charging

_____Raymond Jones_____ , Defendant

with the crime(s) of

_____32 PC_____

_____

has been issued and is filed herewith the Clerk of the Court.

That said Defendant committed said offense(s) in the manner and by the means as set forth and described

in the following documents:

_____Oakland Police Report # 00 - 64017_____

_____

_____

copies of which documents are attached hereto and incorporated by reference as though fully set forth.

That said documents were prepared in the ordinary course of business and pursuant to the sworn duty

of the officer(s) subscribing same, and that declarant believes the contents thereof to be true.

That the contents of said documents provide probable cause to believe that the said Defendant committed

said offense(s) and therefore support the arrest and/or the issuance of a warrant of arrest for said Defendant.

Dated: __11-29-00__ at _Oakland_____ Alameda County, California.

I declare under penalty of perjury that the foregoing is true and correct.

_____Kim W. Hall_____

DA 011 (1/80)

SUPERIOR COURT, WILEY W. MANUEL COURTHOUSE
COUNTY OF ALAMEDA, STATE OF CALIFORNIA    C00317

| PEOPLE OF THE STATE OF CALIFORNIA | No. | PFN: ASF189 DCA827 |
|---|---|---|
| | 461958 | CEN: 0406347 |
| VS. | COMPLAINT | |

JONES, RAYMOND

Defendant(s)

The Undersigned, being sworn, says, on information and belief, that said defendant(s) did, in the County of Alameda, State of California, on or about **JULY 16, 2000**, commit a **FELONY** to wit:  a violation of Section 32 of the Penal Code of California, in that said defendant(s) did willfully and unlawfully after a felony, to wit: MURDER, had been committed, harbor and conceal and aid one **IVAN KILGORE**, a principal in said felony, with intent that said **IVAN KILGORE** might avoid and escape from arrest and trial and conviction and punishment, said defendant(s) having knowledge that said **IVAN KILGORE** was a principal in said felony.

Pursuant to Penal Code Section 1054.5(b), the People are here by informally requesting that the defendant's counsel provide discovery to the People as required by Penal Code Section 1054.3

Complainant therefore prays that a warrant issue and that said defendant(s) be dealt with according to law.

Subscribed and sworn to before me,

OPD RPT# 00-64017
124636JPM/kv

this 28th day of November, 2000.

Deputy District Attorney
Alameda County, California

| COMPLAINANT | DEFENDANT | RD NO. |
|---|---|---|
| ANDERSON, WILLIAM | KILGORE, IVAN | 0064017 |

| DATE/TIME | |
|---|---|
| 12Sep00 1200 | I reviewed the case packet and noticed a note from Sgt. Medeiros. He took a phone call from a refused caller who stated Steven Hill who lives at 2846 Moyers Rd. in Richmond, was responsible for the shooting. T/C to phone number no answer. I ran Corpus/RMS/CDL on Hill. I pulled a CORPUS photo and prepared a photo line-up as follows: |
| | 1) Cook, ARE738 2) Smith, AJJ756 3) Hill, AHY088 4) Armstrong, ACF893 5) Starns, AHY871 6) Edwards, ADE758. |
| | I went to 509 Sycamore # 6, No answer. |
| 31Oct00 1100 | I received a call from a woman who said her name was "Corey." She stated that she is an attorney and that Kilgore wanted her to call and check on the case. I told her that Kilgore had a warrant for his arrest. |
| 1Nov00 1105 | I received a call from Ivan Kilgore he wanted to turn himself in. He agreed to meet me at a 7-Elev at the corner of Hillsdale and Palm in Sacramento. |
| 1410 | I met with Ofc. Riggs, FBI Agent Linhan, and Sgt. Loman. We drove to the 7-Eleven store and m with Kilgore. I took him into custody and placed him in the rear of my vehicle. Kilgore stated tha he did not want to make any comments regarding the case with out having an attorney present. S Loman and I drove Kilgore back to OPD and placed him in room 201 while we waited for the har copy of the warrant. |
| 1640 | I delivered Kilgore to OCJ and booked him on the warrant. |
| 8Nov00 1245 | T/C to Richmond PD records. Alicia ran RMS for 2846 Moyers and Steven Hill. She faxed me tl information. There was no match for the name of "Sick." |
| 1330 | I listened to the 911 tape. There was one phone number of 332-9914 from a person calling in to report the crime to the CHP. I called the cell phone and left a message to contact me. |
| 14Nov00 1245 | I went to 509 Sycamore St. #6. Jones no longer lives at that address. No on-site manager. |
| 1400 | T/C to Merritt Bakery. I spoke to Diane in personnel. She told me that Jones had been terminate but had no information on the date. |
| | Case closed. O1 |

| INVESTIGATOR | SERIAL NO. | 2ND INVESTIGATOR | SERIAL NO. | SUPERVISOR | SERIAL NO. |
|---|---|---|---|---|---|
| Sgt. P. Green | 8012C | | | Lt. Berlin | |

C003148

170-401 (REV. 5/01)

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
### CLERKS DOCKET AND MINUTES

KILGORE, IVAN                                DEPT. **006**  CRT. DATE/TIME **3/03/03   09:30**

EVENT NAME  KILGORE, IVAN DAWNELL           RPT. NO. **00-64017**  DOCK NO. **141033**

PROC. **JT**   CEN. **0373689**  PFN. **BBV550** A DAY **11/01/00** SJ DATE **9/09/03**
COUNTS                                    PIC 00S00  AAG-OPD  ACITY OA

CHARGES **1)F187 SC&USE PC 1 PR**

STAT  SET  BAIL    **$0.00**    TOTAL DAYS IN CUSTODY:  **849**

BAIL _____ STAT. _____ BOND DT. _____ BOND CO. _____ DOB **05/05/75**
BAIL _____ STAT. _____ BOND DT. _____ BOND CO. _____ BAC
FINE/REST. _____ DATE PAID _____ REC. NO. **NORTH 1** TIME WAIVED **NTW** **3/14/ C3**

### PROCEEDING                          DCCO:

JUDGE  KENNETH KINGSBURY          DEP. D.A. DARRYL STALLWORTH
DEP. CLERK  WANDA BOYNS            DEF. ATTY. DEBORAH LEVY
REPORTER  GERALD DOHRMANN         OTHERS                      ☐ Not Present

Defendant:  ☒ Present  ☐ Not Present  ☐ Excused  ☒ In Custody  ☐ Pro Per
☐ Interpreter _____ is present. Language spoken: _____
☐ Defendant duly arraigned/advised as to constitutional rights ☐ Defendant waives arraignment ☐ Waiver of Rights filed
☐ Defendant served: ☐ _____ Complaint ☐ Discovery ☐ Petition ☐ Motion ☐ Protective Order (PC 136.2)
☐ Referred to Public Defender ☐ Public Defender files conflict ☐ Financially ineligible ☐ Private counsel appointed
☐ Plea Withdrawn ☐ Change of Plea ☐ Plea to count(s) _____ ☐ Not Guilty ☐ Guilty ☐ No Contest/Found Guilty
☐ Stipulates to: lesser included / reasonably related offense of count(s) _____ to charge(s) _____
☐ Time waived for: ☐ Preliminary Examination _____ days ☐ Trial ☐ Sentence ☐ Time not waived ☐ Time waiver withdrawn
☐ Clauses: ☐ Stricken _____ ☐ Admitted _____ ☐ Sentencing Purposes Only
☐ Priors: ☐ Stricken _____ ☐ Admitted _____ ☐ Denied
☐ Probation: ☐ Conditional Sentence: ☐ Granted for _____ years/months ☐ See attached conditions
☐ Revoked ☐ Restored ☐ Modified ☐ Extended to _____ ☐ Continue on same terms and conditions ☐ Terminated
☐ Defendant admits probation violation ☐ Previous order revoking probation vacated, set aside, defendant restored to probation
☐ Submit to search and seizure of person, residence, vehicle or any property under defendant's control _____
☐ No contact with / not to annoy _____, directly or indirectly: stay at least _____ away
☐ Additional order(s): _____
☐ Petition/Motion _____  ☐ Granted ☐ Denied ☐ Withdrawn
☐ Referred to: ☐ Probation Dept. ☐ Financial Hearing Officer ☐ _____
Restitution: ☐ Referred to _____ for Determination ☐ Ordered ☐ Reserved ☐ Modified
☐ Bail Forfeited ☐ Bail Forfeiture Set Aside ☐ Bail Reinstated ☐ Bail Exonerated ☐ Summary Judgment Entered
☐ Bench Warrant: ☐ Issued ☐ Withheld ☐ Withdrawn ☐ Bail Set at $ _____ ☐ No Cite Release ☐ Night Service

2X    CERT-CRT:WWM

FUTURE COURT DATES: MTD 3/04/03 JT

ont Date: 3-6-03  Time: 0930 Dept. 06 Proc.: JT  Date: _____ Time: _____ Dept. _____ Proc.: _____
Codes: _____

DOCKET NAME  KILGORE, IVAN DAWNELL          CT. DATE **3/03/03** DOCK NO. **141033**

1 | THOMAS J. ORLOFF

Trial Date: February 24, 2003

District Attorney

2 | County of Alameda

900 Courthouse

3 | 1225 Fallon Street

Oakland, CA 94612-4292

4 | (510) 272-6222

5 | Darryl A. Stallworth

Deputy District Attorney

6 | [State Bar # 163719]

**FILED**
ALAMEDA COUNTY

MAR 4 - 2003

**CLERK OF THE SUPERIOR COURT**
By *Wanda G. Boynt*
DEPUTY

7

8 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9 | **COUNTY OF ALAMEDA**

10 | THE PEOPLE OF THE STATE OF CALIFORNIA,)

11 | )
)
v.    ) No. 141033

12 | )
) Department No. 6

13 | IVAN KILGORE    )
)RESPONSE TO DEFENSE

14 | )MOTION TO EXCLUDE
Defendant,    )WITNESS'S TRIAL

15 | _____)TESTIMONY

16

17 | **MEMORANDUM OF POINTS AND AUTHORITIES**

18

19 | **I. RAYMOND JONES' STATEMENT TO SGT. GREEN WAS VOLUNTARY AND NOT THE RESULT OF THREATS, PROMISES OR COERCION**

20

21 | To determine whether a statement was involuntary the courts balance the nature and extent of the

22 | psychological pressure against the suspect's mental and physical condition. ***People v. Kelly (1990) 51***

23 | ***Cal.3d 931.***

24

25 | On July 17, 2000 around 7:00 p.m Sgt. Green interviewed Raymond Jones as a suspect in the

26 | murder of William Anderson. Jones' transcribed statement and subsequent preliminary hearing transcript

27 | reveals the following: Raymond Jones was 37 years old, sober, coherent, and familiar with talking to the

28 | police. Sgt. Green at no time threaten Mr. Jones either physical or mentally. Sgt. Green read Mr. Jones

Office of the
*District*
*Attorney*
aeda County
California

22

1   his Miranda rights, which he voluntarily waved. Sgt. Green then merely advised Mr. Jones that they
2   knew Ivan Kilgore was the shooter and that Mr. Jones had a choice of either being a witness or a
3   defendant. Although Mr. Jones initially lied to Sgt. Green regarding his involvement, he asked for a
4   cigarette and soon thereafter agreed to speak truthfully about the events surrounding the murder of
5   William Anderson.

6

7   Mr. Jones stated that although he was the driver of the car used by defendant to shoot and
8   murder William Anderson, defendant never made him aware of his intentions. With defendant still yet to
9   be arrested and with little evidence to suggest Mr. Jones knew of defendant's intentions, no charges were
10  filed and Mr. Jones was released. In December of 2000 defendant turned himself in and Mr. Jones was
11  then charged as an accessory.

12

13  *People v. Jones (1980) 105 Cal.App. 3d 572* cited by defendant, found that the witness'
14  statement to the police was not coercive because there was not a fear of an arrest. Similarly, the witness
15  in our case,Raymond Jones understood that he was already under arrest and the questioning officer in both
16  cases never told either witness that they would be set free if they gave a statement.

17

18  *People v. Johnson (1989) 47 Cal.3d 1194* also cited by defendant, is distinguished on its
19  facts. The witness in *Johnson*, unlike Raymond Jones, was arrested without probable cause, promised
20  rewards and leniency, and threaten that if he did not talk, he would be prosecuted. The two cases are
21  entirely different. Raymond Jones was never threaten or promised anything. Statements of possible legal
22  consequences, without threats, are permissible. *People v. Flores (1983) 144 Cal. App. 3d 459.*

23

24  In *People v. Badgett (1995) 10 Cal.4th 330* the state illegally arrested the witness, gave her
25  improper promises of leniency, interfered with her attorney's representation of her and entered into a
26  coercive immunity agreement with her. In *People v. Douglas (1990) 50 Cal.3d 468* the Mexican Police
27  broke the witness' ribs and threatened to shoot him to get his first statement; then the Anaheim police

Office of the
*District*
*Attorney*
neda County
California
28

—2—

C00322

1  took a second statement based on the first without benefit of Miranda warnings; these statements formed

2  the basis of the immunity agreement under which the witness testified.

3

4       In both of these cases the California Supreme court **refused** to exclude the live testimony of the

5  witness as a sanction for the official misconduct unless the defense could show that the trial testimony itself

6  was involuntary. The California Supreme court further adds that they have a **strong** interest under any

7  system of justice of making available to the trier of fact all concededly relevant and trustworthy evidence

8  which either party seeks to introduce. ***Michigan v. Tucker (1974) 417 U.S. 433.***

9

10       For the above-mentioned reasons the people respectfully request that the court deny defendant's

11  motion to exclude Raymond Jones' trial testimony.

12

13

14

15

16

17

18

19

20  Deputy/District Attorney
    Darryl Stallworth          March 3, 2003

21

22

23

24

25

Office of the
***District***  26

***Attorney***  27
eda County
California  28

—3—

C00323

1  THOMAS J. ORLOFF                                    Trial Date: February 24, 2003
   District Attorney
2  County of Alameda
   900 Courthouse
3  1225 Fallon Street
   Oakland, CA 94612-4292
4  (510) 272-6222

5  Darryl A. Stallworth
   Deputy District Attorney
6  [State Bar # 163719]

FILED
ALAMEDA COUNTY

MAR 4 - 2003

CLERK OF THE SUPERIOR COURT
By Wanda G. Burns
                        DEPUTY

7

8                    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                            **COUNTY OF ALAMEDA**

10  THE PEOPLE OF THE STATE OF CALIFORNIA,)
                                         )
11                                       )
                   v.                    ) No. 141033
12                                       )
                                         ) Department No. 6
13  IVAN KILGORE                         )
                                         )**RESPONSE TO DEFENSE**
14                                       )**MOTION TO DISMISS**
                   Defendant,            )**OKLAHOMA PRIOR AS**
15  ─────────────────────────────────── )**A STRIKE AND PROHIBIT**
                                          **USE TO IMPEACH**
16

17              **MEMORANDUM OF POINTS AND AUTHORITIES**

18

19         **I.  ALTHOUGH  DEFENDANTS' OKLAHOMA PRIOR READS LIKE AN**
        **INVOLUNTARY MANSLAUGHTER, A  LOOK  INTO THE ENTIRE RECORD SHOWS**
20          **THAT HE USED A FIREARM, THUS MAKING IT A SERIOUS FELONY.**

21         In determining the truth of a prior conviction allegation, the trier of fact may look at the entire

22  record of the conviction. *People v. Guerrero (1998) 44 C3d 343.* The entire record includes the

23  transcript of the preliminary hearing, the trial transcript, and any statements made by the defendant in the

24  probation report. *People v. Castellanos (1990) 219 CA 1163.* A look into both Defendant's

25  preliminary hearing and trail transcript from his Oklahoma prior shows unequivocally that he personally

Office of the
*District*    26  used a firearm.
*Attorney*
neda County  27
California
             28

23

C00324

1

2          Penal Code Section 1192.7(c)(8) defines a serious felony as follows: Any felony in which the

3   defendant personally inflicts great bodily injury on any person, other than an accomplice, or any felony

4   in which **defendant personally uses a firearm.** In *People v. Williams (1996) 50 Cal.App.4th 1405*

5   defendant pled no contest to Health and Safety Code section 11377(a), a felony. He waived a jury trial

6   on his two prior felony convictions, one of which was an assault on a police officer formerly a 245(b) now

7   a 245(c). The trial court, with nothing more than a copy of defendant's no contest plea form, found the

8   conviction to be a serious felony within the meaning of Penal Code Section 667 (d). The Court of appeal

9   held that the trial court erred in finding the conviction was a serious felony because the prosecution failed

10  to prove beyond a reasonable doubt the assault involved a deadly weapon.

11

12          Unlike our present case, the prosecution failed to produce anything beyond the plea form to show

13  that defendant used a deadly weapon in the commission of the assault. Seminole County Deputy District

14  Attorney Tim Olsen prosecuted defendant on his Oklahoma prior. Mr. Olsen states that defendant took

15  the stand and in sum related the following: Three days before the killing, victim stole some guns from him.

16  When he confronted the victim, the victim appeared to be reaching for a weapon. He then pulled out his

17  gun and shot the victim in the head. At both the preliminary hearing and jury trial, a number of witnesses

18  identified defendant as the shooter.

19

20          **II. DEFENDANT PERSONALLY USED A DEADLY WEAPON DURING THE
            COMMISSION OF HIS OKLAHOMA PRIOR, THUS MAKING IT A CRIME OF**

21      **MORAL TURPITUDE AND THEREFORE ALLOWING HIM TO BE IMPEACHED BY IT
            WERE HE TO TESTIFY**

22

23          A crime of moral turpitude is crime which indicates a readiness to do evil. *People v. Castro*

24  *(1985) 38 C3d 301*. What felonies will be considered crimes of moral turpitude can be determine only on

25  a case by case basis. Defendant in his own words, admitted having personally used a firearm, which

26  resulted in the death of a human being. This is the classic example of "a readiness to do evil."

Office of the
*District*
*Attorney*
meda County
California

27

28

—2—

C00325

1

2       Under 352 of the Evidence Code, defendant's prior use of a firearm resulting in great bodily

3   injury is far more probative than prejudicial. In our case defendant proposes to introduce a self-defense

4   theory similar to the one he used in his Oklahoma case. Evidence of other crimes is admissible when it

5   tends to logically and by reasonable inference prove any fact material for the prosecution, or to overcome

6   any fact sought to be proved by the defense. Evidence of defendant's prior use of a self-defense theory

7   is not only extremely probative, but imperative. It is well settled that when a defendant uses the same

8   excuse to explain his conduct on more than one occasion, his prior statements are admissible to prove his

9   present explanation is fabricated. ***People v. Ricketts (1970) 7 Cal. App.3d 441.***

10

11      To allow defendant to take the stand and yet again fabricate a self-defense theory that he has

12  already used before, without allowing the prosecution to question him about it, would be a miscarriage of

13  justice.

14      For the above-mentioned reasons the people respectfully urge the court to deny defendant's

15  motion to dismiss the Oklahoma prior as a strike and prohibit it's use to impeach the defendant.

16

17

18

19

20

21

22

23      Respectfully submitted by: _____

24      Deputy District Attorney
        Darryl Stallworth          March 4, 2003

25

Office of the  26
***District***
***Attorney*** 27
eda County
_alifornia    28

—3—

THOMAS J. ORLOFF
District Attorney
County of Alameda
900 Courthouse
1225 Fallon Street
Oakland, CA 94612-4292
(510) 272-6222

Darryl A. Stallworth
Deputy District Attorney
[State Bar # 163719]

Trial Date: February 24, 2003
**ENDORSED**
**FILED**
ALAMEDA COUNTY

MAR 4 - 2003

**CLERK OF THE SUPERIOR COURT**
By Wanda J. Boyns, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ALAMEDA

THE PEOPLE OF THE STATE OF CALIFORNIA,)

v.

IVAN KILGORE

                                    Defendant,

)
)
)  No. 141033
)
)  Department No. 6
)
)RESPONSE TO DEFENSE
)MOTION TO DISMISS
)OKLAHOMA PRIOR AS
)A STRIKE AND PROHIBIT
 USE TO IMPEACH

### MEMORANDUM OF POINTS AND AUTHORITIES

**I.  ALTHOUGH DEFENDANTS' OKLAHOMA PRIOR READS LIKE AN INVOLUNTARY MANSLAUGHTER, A LOOK INTO THE ENTIRE RECORD SHOWS THAT HE USED A FIREARM, THUS MAKING IT A SERIOUS FELONY.**

In determining the truth of a prior conviction allegation, the trier of fact may look at the entire record of the conviction. *People v. Guerrero (1998) 44 C3d 343.* The entire record includes the transcript of the preliminary hearing, the trial transcript, and any statements made by the defendant in the probation report. *People v. Castellanos (1990) 219 CA 1163.* A look into both Defendant's preliminary hearing and trail transcript from his Oklahoma prior shows unequivocally that he personally used a firearm.    trial

Office of the
*District*
*Attorney*
County
ornia

1

2    Penal Code Section 1192.7(c)(8) defines a serious felony as follows: Any felony in which the

3    defendant personally inflicts great bodily injury on any person, other than an accomplice, or any felony

4    in which **defendant personally uses a firearm.** In *People v. Williams (1996) 50 Cal.App.4th 1405*

5    defendant pled no contest to Health and Safety Code section 11377(a), a felony. He waived a jury trial

6    on his two prior felony convictions, one of which was an assault on a police officer formerly a 245(b) now

7    a 245(c). The trial court, with nothing more than a copy of defendant's no contest plea form, found the

8    conviction to be a serious felony within the meaning of Penal Code Section 667 (d). The Court of appeal

9    held that the trial court erred in finding the conviction was a serious felony because the prosecution failed

10    to prove beyond a reasonable doubt the assault involved a deadly weapon.

11

12    Unlike our present case, the prosecution failed to produce anything beyond the plea form to show

13    that defendant used a deadly weapon in the commission of the assault. Seminole County Deputy District

14    Attorney Tim Olsen prosecuted defendant on his Oklahoma prior. Mr. Olsen states that defendant took

15    the stand and in sum related the following: Three days before the killing, victim stole some guns from him.

16    When he confronted the victim, the victim appeared to be reaching for a weapon. He then pulled out his

17    gun and shot the victim in the head. At both the preliminary hearing and jury trial, a number of witnesses

18    identified defendant as the shooter.

19

20    **II. DEFENDANT PERSONALLY USED A DEADLY WEAPON DURING THE**
    **COMMISSION OF HIS OKLAHOMA PRIOR, THUS MAKING IT A CRIME OF**
21    **MORAL TURPITUDE AND THEREFORE ALLOWING HIM TO BE IMPEACHED BY IT**
    **WERE HE TO TESTIFY**
22

23    A crime of moral turpitude is crime which indicates a readiness to do evil. *People v. Castro*

24    *(1985) 38 C3d 301.* What felonies will be considered crimes of moral turpitude can be determine only on

25    a case by case basis. Defendant in his own words, admitted having personally used a firearm, which

26    resulted in the death of a human being. This is the classic example of "a readiness to do evil."

27

28

Office of the
*District*
*rney*
Alameda County
California

1

2      Under 352 of the Evidence Code, defendant's prior use of a firearm resulting in great bodily

3  injury is far more probative than prejudicial. In our case defendant proposes to introduce a self-defense

4  theory similar to the one he used in his Oklahoma case. Evidence of other crimes is admissible when it

5  tends to logically and by reasonable inference prove any fact material for the prosecution, or to overcome

6  any fact sought to be proved by the defense. Evidence of defendant's prior use of a self-defense theory

7  is not only extremely probative, but imperative. It is well settled that when a defendant uses the same

8  excuse to explain his conduct on more than one occasion, his prior statements are admissible to prove his

9  present explanation is fabricated. *People v. Ricketts (1970) 7 Cal. App.3d 441.*

10

11     To allow defendant to take the stand and yet again fabricate a self-defense theory that he has

12  already used before, without allowing the prosecution to question him about it, would be a miscarriage of

13  justice.

14     For the above-mentioned reasons the people respectfully urge the court to deny defendant's

15  motion to dismiss the Oklahoma prior as a strike and prohibit it's use to impeach the defendant.

16

17

18

19

20

21

22

23                          Respectfully submitted by:_____
                            Deputy District Attorney
24                          Darryl Stallworth            March 4, 2003

25

26  Office of the District

27  Attorney Ala County

28  California

—3—

(7/00)

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

C00326
Dept. No. 006

Date: March 3, 2003          Hon. **KENNETH R. KINGSBURY**, Judge          Wanda Boyns, Dep.Clk.
                                                                          Gerald Dohrmann, Reporter

---

THE PEOPLE OF THE STATE OF CALIFORNIA          Counsel appearing          Darryl Stallworth, Deputy
                                               for Plaintiff              District Attorney
                        Plaintiff

vs.                                            Counsel appearing          Deborah Levy, Esq
                                               for Defendant
**IVAN KILGORE**

                        Defendant

---

NATURE OF PROCEEDINGS:          **JURY TRIAL**                          Case No. **141033**
                                                                        PFN: **BBV550**
                                                                        CEN: **0373689**

Above entitled action comes on calendar this date having been continued from February 27, 2003 for jury trial

2:00 p.m. Respective counsel, defendant and prospective jurors with hardship requests are present. Pursuant to stipulation of counsel the names of the prospective jurors called on the record are excused from further service. Two prospective jurors appearing for hardship are asked to return on Tuesday, March 4, 2003 at 9:00 a.m. for jury selection.
3:00 p.m. Court is in recess until March 4, 2003 at 9:30 a.m. for jury selection and trial.

3-3-03

0-401 (REV. 5/01)

**RENE DAVIDSON COURTHOUSE**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

**CLERKS DOCKET AND MINUTES**

C00327

KILGORE,IVAN                              DEPT. **006**    CRT. DATE/TIME  **3/04/03   09:30**

EVENT NAME    KILGORE,IVAN DAWNELL                    RPT. NO.  **00-64017**    DOCK NO. **141033**

PROC. **JT**                          CEN. **0373689**   PFN. **BBV550** A DAY  **11/01/00**  SJ DATE  **9/10/03**
                                                                    **PIC 00SOO    AAG-OPD   ACITY OA**

COUNTS
CHARGES **1)F187 SC&USE PC 1 PR**

---

STAT  SET   BAIL          **$0.00**     **TOTAL DAYS IN CUSTODY:   852**

BAIL _____ STAT. _____ BOND DT. _____ BOND CO. _____ DOB  **05/05/75**
BAIL _____ STAT. _____ BOND DT. _____ BOND CO. _____ BAC _____
FINE/REST. _____ DATE PAID _____ REC. NO. **NORTH 1**   TIME WAIVED   **NTW**   **3/14/03**

**PROCEEDING**                     DCCO:

JUDGE  **KENNETH KINGSBURY**              DEP. D.A. **DARRYL STALLWORTH**
DEP. CLERK **WANDA BOYNS**                DEF. ATTY. **DEBORAH LEVY**
REPORTER **GERALD DOHRMANN**              OTHERS                          ☐ Not Present

---

**Defendant:**  ☒ Present  ☐ Not Present  ☐ Excused  ☒ In Custody  ☐ Pro Per
☐ Interpreter _____ is present. Language spoken: _____
☐ Defendant duly arraigned/advised as to constitutional rights ☐ Defendant waives arraignment ☐ Waiver of Rights filed
☐ Defendant served: ☐ _____ Complaint ☐ Discovery ☐ Petition ☐ Motion ☐ Protective Order (PC 136.2)
☐ Referred to Public Defender ☐ Public Defender files conflict ☐ Financially ineligible ☐ Private counsel appointed
☐ Plea Withdrawn ☐ Change of Plea ☐ Plea to count(s)_____ ☐ Not Guilty ☐ Guilty ☐ No Contest/Found Guilty
☐ Stipulates to:  lesser included / reasonably related  offense of count(s)_____ to charge(s)_____
☐ Time waived for: ☐ Preliminary Examination _____days ☐ Trial ☐ Sentence ☐ Time not waived ☐ Time waiver withdrawn
☐ **Clauses:** ☐ Stricken _____ ☐ Admitted_____ ☐ Sentencing Purposes Only
☐ **Priors:** ☐ Stricken _____ ☐ Admitted_____ ☐ Denied
☐ **Probation:** ☐ **Conditional Sentence:** ☐ Granted for_____years/months ☐ See attached conditions
    ☐ Revoked ☐ Restored ☐ Modified ☐ Extended to _____ ☐ Continue on same terms and conditions ☐ Terminated
☐ Defendant admits probation violation ☐ Previous order revoking probation vacated, set aside, defendant restored to probation
☐ Submit to search and seizure of person, residence, vehicle or any property under defendant's control _____
☐ No contact with / not to annoy _____, directly or indirectly: stay at least _____ away
☐ Additional order(s): _____
☐ Petition/Motion _____ ☐ Granted ☐ Denied ☐ Withdrawn
☐ Referred to:  ☐ Probation Dept.  ☐ Financial Hearing Officer  ☐ _____
**Restitution:** ☐ Referred to _____ for Determination ☐ Ordered ☐ Reserved ☐ Modified
☐ Bail Forfeited ☐ Bail Forfeiture Set Aside ☐ Bail Reinstated ☐ Bail Exonerated ☐ Summary Judgment Entered
☐ **Bench Warrant:** ☐ Issued ☐ Withheld ☐ Withdrawn ☐ Bail Set at $_____ ☐ No Cite Release ☐ Night Service

           2X     CERT-CRT:WMM

---

_____ MAINTAIN 3/6/03 JT _____

nt' Date:_____ Time: _____ Dept. _____ Proc.:_____ Date:_____ Time: _____ Dept. _____ Proc.:_____

). .3 Codes: _____

---

DOCKET NAME  **KILGORE,IVAN DAWNELL**                    CT. DATE **3/04/03**   DOCK NO. _____ **141033**

(7/00)

С00328

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

Dept. No. 006

Date: **March 4, 2003**    Hon. **KENNETH R. KINGSBURY**, Judge    Wanda Boyns, Dep.Clk.
Gerald Dohrmann, Reporter

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA | Counsel appearing for Plaintiff | Darryl Stallworth, Deputy District Attorney |
| Plaintiff | | |
| vs. | Counsel appearing for Defendant | Deborah Levy, Esq |
| **IVAN KILGORE** | | |
| Defendant | | |

NATURE OF PROCEEDINGS:      **JURY TRIAL DAY ONE**      Case No. **141033**
PFN: **BBV550**
CEN: **0373689**

Above entitled action comes on calendar this date having been continued from March 3, 2003 for jury trial

9:40 a.m. Respective counsel, defendant and prospective jurors are present in the courtroom. Pursuant to stipulation, twenty-three prospective jurors are excused from service on the matter.
9:45 a.m. Twelve prospective jurors are seated in the jury box for questioning.
10:48 a.m. The prospective jurors are admonished for the morning recess.
11:07 a.m. All parties are once again present and questioning of the prospective jurors seated in the jury box is resumed.
12:00 p.m. The jury is admonished for the lunch recess.
 1:35 p.m. All parties are present and questioning by the Deputy District attorney resumes.
 2:15 p.m. the following prospective jurors are excused fro cause: #101066547, #100333866 and #100327771.
 2:53 p.m. There being no further challenges, peremptory challenges are now exercised.
 3:00 p.m. The prospective jurors are admonished for the afternoon recess.
 3:15 p.m. All parties are once again present and peremptory challenges are resumed.
 4:20 p.m. The prospective jurors are admonished for the evening and ordered to return on March 6, 2003 at 9:30 a.m. for further jury selection and trial. Upon the request of the prospective juror and pursuant to stipulation #100908103 is excused.

3-4-03

000329

1   DEBORAH L. LEVY - State Bar #110995

2   360 Grand Avenue #197

3   Oakland, CA. 94610

4   (510) 251-1850

5   Attorney for Defendant Kilgore

FILED
ALAMEDA COUNTY

MAR 6 - 2003

CLERK OF THE SUPERIOR COURT
By _Wanda  G. Brem_
                            DEPUTY

6           IN AND FOR THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

7               COUNTY OF ALAMEDA - OAKLAND JUDICIAL DISTRICT

8   PEOPLE OF THE STATE OF CALIFORNIA )          NO. 141033

9                    Plaintiff,        )          DEFENSE RESPONSE TO DA'S

10  V.                                 )          OPPOSITION TO DEFENSE MOTION

11  IVAN KILGORE                       )          TO PROHIBIT IMPEACHMENT OF

12                   Defendant,        )          DEFENDANT WITH OKLAHOMA PRIOR

13  _____/

14

15      The D.A. has confused a few concepts. In order to impeach defendant with a prior felony

16  conviction, the felony must, first, be one of " moral turpitude," People V. Castro, (1985) 38 C3d

17  301/ Wheeler (1992) 4 C4th 284. People V. Collins (1986) 42 C3d 389.  To determine if a crime

18  consists of moral turpitude, the court can only look to "the least adjudicated elements," of the

19  crime, Castro (supra,) People V. Campbell (1994) 23 Cal. App. 4th 1488.

20      " Moral turpitude.

21  [1] Under Evidence Code 788, a defendant who testifies may be impeached with a prior

22  conviction of any felony evincing moral turpitude, defined as the "general readiness to do evil."

23  (People v. Castro (1985) 38 Cal.3d 301, 313-316 [211 Cal.Rptr. 719, 696 P.2d 111].) Only if

24  "the least adjudicated elements of the conviction necessarily involve moral turpitude" is the

25  conviction admissible for impeachment. (Id. at p. 317.)

26  The "least adjudicated elements" test means that "from the elements of the offense alone-without

27  regard to the facts of the particular violation-one can reasonably infer the presence of moral

28  turpitude." (People v. Thomas (1988) 206 Cal.App.3d 689, 698 [254 Cal.Rptr. 15], italics added;

24

1 | accord, People v. White (1992) 4 Cal.App.4th 1299; 1303 [6 Cal.Rptr.2d 259]; People v. Bautista
2 | (1990) 217 Cal.App.3d 1, 6 [265 Cal.Rptr. 661].) In other words, a court need not determine that
3 | a criminal statute could be violated only with evil intent in order to find that a conviction under
4 | that statute evinces moral turpitude, because it is possible to imagine a set of circumstances under
5 | which almost any statute might be violated without evil intent; only a " 'substantial assurance that
6 | the credibility of a witness is adversely affected by his having suffered [a] conviction' " for a given
7 | offense is required. (Thomas, supra, 206 Cal.App.3d at p. 698, original italics, quoting People v.
8 | Castro, supra, 38 Cal.3d at p. 313.)" see Campbell (supra) at 1492.

9 | The D.A. CAN go to the record of a prior conviction to prove that the prior is a serious or
10 | violent felony, People V. Barrow (1996) 46 Cal. App.4th 1573, Woodell, (1998) 17 C4th 448.
11 | Then if the record does Not show if it was a serious or violent felony, the court is bound to the
12 | least adjudicated elements test, citing Jones 75 Cal.App. 4th 616.

13 | However, the court cannot go beyond the least adjudicated elements test, to find if there is
14 | moral turpitude. It is the statute and not the specific conduct.

15 |

16 | Dated: March 4, 2003
17 | Respectfully Submitted,

18 |

19 |
20 | Deborah L. Levy

21 | Deborah L. Levy

22 |

23 |

24 |

25 |

26 |

27 |

28 |

-401 (REV. 5/01)

# RENE DAVIDSON COURTHOUSE

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

C00331

### CLERKS DOCKET AND MINUTES

**KILGORE, IVAN**                                    DEPT. **006**    CRT. DATE/TIME   **3/06/03   09:30**

EVENT NAME   **KILGORE, IVAN DAWNELL**              RPT. NO. **00-64017**    DOCK NO. **141033**

PROC. **JT**                       CEN. **0373689**    PFN. **BBV550**   A DAY **11/01/00**   SJ DATE **9/12/03**

**COUNTS**                                          **PIC 00S00    AAG-OPD    ACITY OA**

CHARGES   **1)F187 SC&USE PC 1 PR**

---

**STAT SET BAIL    $0.00    TOTAL DAYS IN CUSTODY:    854**

BAIL _____ STAT. _____ BOND DT. _____ BOND CO. _____ DOB **05/05/75**

BAIL _____ STAT. _____ BOND DT. _____ BOND CO. _____

FINE/REST. _____ DATE PAID _____ REC. NO. **NORTH 1**    TIME WAIVED _____ **NTW**    BAC **3/14/03**

---

### PROCEEDING                          DCCO:

JUDGE     **KENNETH KINGSBURY**           DEP. D.A. DARRYL STALLWORTH
DEP. CLERK  **WANDA BOYNS**               DEF. ATTY. **DEBORAH LEVY**
REPORTER  **GERALD DOHRMANN**             OTHERS                      ☐ Not Present

---

**Defendant:**  ☒ Present   ☐ Not Present   ☐ Excused   ☒ In Custody   ☐ Pro Per
☐ Interpreter _____ is present. Language spoken: _____
☐ Defendant duly arraigned/advised as to constitutional rights ☐ Defendant waives arraignment  ☐ Waiver of Rights filed
☐ Defendant served: ☐ _____ Complaint ☐ Discovery ☐ Petition ☐ Motion ☐ Protective Order (PC 136.2)
☐ Referred to Public Defender   ☐ Public Defender files conflict   ☐ Financially ineligible   ☐ Private counsel appointed
☐ Plea Withdrawn ☐ Change of Plea ☐ Plea to count(s)_____ ☐ Not Guilty ☐ Guilty ☐ No Contest/Found Guilty
☐ Stipulates to:  lesser included / reasonably related  offense of count(s)_____ to charge(s)_____
☐ Time waived for: ☐ Preliminary Examination _____ days ☐ Trial ☐ Sentence ☐ Time not waived ☐ Time waiver withdrawn
☐ Causes: ☐ Stricken _____ ☐ Admitted _____ ☐ Sentencing Purposes Only
**Priors:** ☐ Stricken _____ ☐ Admitted _____ ☐ Denied
☐ **Probation:** ☐ **Conditional Sentence:** ☐ Granted for _____ years/months  ☐ See attached conditions
      ☐ Revoked ☐ Restored ☐ Modified ☐ Extended to _____ ☐ Continue on same terms and conditions ☐ Terminated
☐ Defendant admits probation violation ☐ Previous order revoking probation vacated, set aside, defendant restored to probation
☐ Submit to search and seizure of person, residence, vehicle or any property under defendant's control _____
☐ No contact with / not to annoy _____, directly or indirectly: stay at least _____ away
☐ Additional order(s): _____
☐ Petition/Motion _____ ☐ Granted ☐ Denied ☐ Withdrawn
☐ Referred to: ☐ Probation Dept. ☐ Financial Hearing Officer ☐ _____
**Restitution:** ☐ Referred to _____ for Determination ☐ Ordered ☐ Reserved ☐ Modified
☐ Bail Forfeited ☐ Bail Forfeiture Set Aside ☐ Bail Reinstated ☐ Bail Exonerated ☐ Summary Judgment Entered
☐ **Bench Warrant:** ☐ Issued ☐ Withheld ☐ Withdrawn ☐ Bail Set at $_____ ☐ No Cite Release ☐ Night Service

**2X    CERT-CRT:WWM**

---

Next Date: **3-10-03**   Time: **0930**   Dept. **06**   Proc. **FJT**    Date: _____ Time: _____ Dept. _____ Proc.: _____

Codes: _____

---

DOCKET NAME   **KILGORE, IVAN DAWNELL**    CT. DATE **3/06/03**   DOCK NO. **141033**

C00332

(7/00)

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**          Dept. No. 006

Date: **March 6, 2003**          Hon. **KENNETH R. KINGSBURY**, Judge          Wanda Boyns, Dep.Clk.
Gerald Dohrmann, Reporter

| THE PEOPLE OF THE STATE OF CALIFORNIA | Counsel appearing for Plaintiff | Darryl Stallworth, Deputy District Attorney |
|---|---|---|
| Plaintiff | | |
| VS. | Counsel appearing for Defendant | Deborah Levy, Esq |
| **IVAN KILGORE** | | |
| Defendant | | |

NATURE OF PROCEEDINGS:          **JURY TRIAL DAY TWO**          Case No. **141033**
PFN: **BBV550**
CEN: **0373689**

Above entitled action comes on calendar this date having been continued from March 4, 2003 for jury trial

9:37 a.m. Respective counsel, defendant and prospective jurors are present; selection of the jury and alternates is resumed.

10:45 a.m. The prospective jurors are admonished for the morning recess.

11:04 a.m. All parties are once again present and peremptory challenges are excused.

12:02 p.m. There being no further challenges the jury and alternates are not sworn. The Court thanks and excuses the remainder of the prospective jurors seated in the audience from further service on this case.

12:08 p.m. The jury and alternates are released to the custody of the Bailiff. The jurors are ordered to return on March 10, 2003 at 9:30 a.m. at which time they will be sworn to try the cause.

12:10 p.m. Court is in recess for lunch.

1:35 p.m. Respective counsel and defendant are present to discuss trial issues. Defendant's motion to dismiss Oklahoma conviction as a strike and possible five-year prior conviction is discussed in brief.

2:00 p.m. **INSPECTOR PETER CARLSON** is sworn and examined on behalf of the People for a due diligence hearing in regards to a potential witness Bianca Moore.

2:07 p.m. Cross-examination of the witness by counsel for the defendant.

2:18 p.m. The matter is argued and submitted, with the Court makes no ruling at this time and takes the matter under submission.

2:33 p.m. Court is in recess for the evening with the matter continued to March 10, 2003 at 9:30 a.m. for further jury trial.

3-6-03

0-401 (REV. 8/01)

RENE DAVIDSON COURTHOUSE

C00333

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

## CLERKS DOCKET AND MINUTES

DF. N. __KILGORE, IVAN__     DEPT. __006__ CRT. DATE/TIME __3/10/03__ __09:30__

EVENT NAME __KILGORE, IVAN DAWNELL__    RPT. NO. __00-64017__    DOCK NO. __141033__

PROC. __FJT__    CEN. __0373689__ PFN. __BBV550__ A DAY __11/01/00__ SJ DATE __9/16/03__

COUNTS       PIC 00S00   AAG-OPD   ACITY OA

CHARGES __1)F187 SC&USE PC 1 PR__

---

STAT   SET   BAIL     $0.00     TOTAL DAYS IN CUSTODY:    856

BAIL _____ STAT. _____ BOND DT. _____ BOND CO. _____ DOB __05/05/75__

BAIL _____ STAT. _____ BOND DT. _____ BOND CO. _____ BAC _____

FINE/REST. _____ DATE PAID _____ REC. NO. __NORTH 1__ TIME WAIVED __NTW__ __3/14/03__

---

## PROCEEDING

DCCO:

JUDGE __KENNETH KINGSBURY__      DEP. D.A. __DARRYL STALLWORTH__

DEP. CLERK __WANDA BOYNS__      DEF. ATTY. __DEBORAH LEVY__     ☐ Not Present

REPORTER __GERALD DOHRMANN__      OTHERS

Defendant:   ☒ Present   ☐ Not Present   ☐ Excused   ☒ In Custody   ☐ Pro Per

☐ Interpreter _____ is present. Language spoken: _____

☐ Defendant duly arraigned/advised as to constitutional rights ☐ Defendant waives arraignment ☐ Waiver of Rights filed

☐ Defendant served: ☐ _____ Complaint ☐ Discovery ☐ Petition ☐ Motion ☐ Protective Order (PC 136.2)

☐ Referred to Public Defender ☐ Public Defender files conflict ☐ Financially ineligible ☐ Private counsel appointed

☐ Plea Withdrawn ☐ Change of Plea ☐ Plea to count(s)_____ ☐ Not Guilty ☐ Guilty ☐ No Contest/Found Guilty

☐ Stipulates to: lesser included / reasonably related   offense of count(s)_____ to charge(s)_____

☐ ...ne waived for: ☐ Preliminary Examination _____ days ☐ Trial ☐ Sentence ☐ Time not waived ☐ Time waiver withdrawn

☐ Clauses: ☐ Stricken _____ ☐ Admitted_____ ☐ Sentencing Purposes Only

☐ Priors: ☐ Stricken _____ ☐ Admitted_____ ☐ Denied

☐ Probation: ☐ Conditional Sentence: ☐ Granted for_____ years/months ☐ See attached conditions

    ☐ Revoked ☐ Restored ☐ Modified ☐ Extended to _____ ☐ Continue on same terms and conditions ☐ Terminated

☐ Defendant admits probation violation ☐ Previous order revoking probation vacated, set aside, defendant restored to probation

☐ Submit to search and seizure of person, residence, vehicle or any property under defendant's control _____

☐ No contact with / not to annoy _____, directly or indirectly: stay at least _____ away

☐ Additional order(s): _____

☐ Petition/Motion _____ ☐ Granted ☐ Denied ☐ Withdrawn

☐ Referred to: ☐ Probation Dept. ☐ Financial Hearing Officer ☐ _____

Restitution: ☐ Referred to _____ for Determination ☐ Ordered ☐ Reserved ☐ Modified

☐ Bail Forfeited ☐ Bail Forfeiture Set Aside ☐ Bail Reinstated ☐ Bail Exonerated ☐ Summary Judgment Entered

☐ Bench Warrant: ☐ Issued ☐ Withheld ☐ Withdrawn ☐ Bail Set at $_____ ☐ No Cite Release ☐ Night Service

      2X     CERT-CRT:WWM

---

nt: Date: __3-11-03__ Time: __0930__ Dept. __06__ Proc.: __FJT__ Date:_____ Time:_____ Dept._____ Proc.:_____

)f   Codes: _____

DOCKET NAME __KILGORE, IVAN DAWNELL__     CT. DATE __3/10/03__ DOCK NO. __141033__