(7/00)

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

Dept. No. 006

Date: **March 10, 2003**       Hon. **KENNETH R. KINGSBURY**, Judge       Wanda Boyns, Dep.Clk.
                                                              Gerald Dohrmann, Reporter

---

THE PEOPLE OF THE STATE OF CALIFORNIA

                    Plaintiff

vs.

**IVAN KILGORE**

                    Defendant

| | |
|---|---|
| Counsel appearing for Plaintiff | Darryl Stallworth, Deputy District Attorney |
| Counsel appearing for Defendant | Deborah Levy, Esq |

---

NATURE OF PROCEEDINGS:        **JURY TRIAL DAY THREE**            Case No. **141033**
                                                              PFN: **BBV550**
                                                              CEN: **0373689**

Above entitled action comes on calendar this date having been continued from March 6, 2003 for further jury trial.

9:37 a.m. Respective counsel and defendant are present in the courtroom. Counsel for the defendant indicates their objection to certain autopsy photographs pre-marked by the People. Other trial issues are discussed on the record.

9:50 a.m. The jury is now present in the courtroom and sworn to try the cause. The Court pre-instructs the jury prior to opening statements.

10:10 a.m. Counsel for the People gives their opening statement.

10:33 a.m. Counsel for the defendant reserves their opening statement until the close of the People's case in chief.

10:34 a.m. **OFFICER SEAN FESTAG** is sworn and examined on behalf of the People.

**People's Exhibit 1:** (Ariel overview of 30th and San Pablo Avenue) is marked for identification.

**People's Exhibit 2:** (18 Photographs of crime scene A-R) is marked for identification.

**People's Exhibit 3:** (8 Photographs of 509 Sycamore Bldg. and Apt. #5, EE-LL) is marked for identification.

10:53 a.m. Cross-examination of the witness by counsel for the defendant.

11:04 a.m. The jury is admonished for the morning recess.

11:23 a.m. All parties are once again present and **OFFICER THOMAS VIGILIENZONE** is sworn and examined on behalf of the People.

**People's Exhibit 4:** (Tech's Diagram of Crime Scene) is marked for identification.

11:38 a.m. Cross-examination of the witness by counsel for the defendant.

11:43 a.m. Re-direct examination of the witness by counsel for the People.

11:45 a.m. The jury is admonished for the lunch recess.

1:34 p.m. Counsel, defendant and jury are present; **DR. PAUL HERRMANN** is sworn and examined on behalf of the People.

**People's Exhibit 5:** (8 Autopsy photographs, A-H) is marked for identification.

1:49 p.m. Cross-examination of the witness by counsel for the defendant.

1:54 p.m. Re-direct examination of the witness by counsel for the People.

2:59 p.m. **SHANAE ANDERSON** is sworn and examined on behalf of the People.

**People's Exhibit 6:** (Photograph of victim William Anderson) is marked for identification.

2:30 p.m. Cross-examination of the witness by counsel for the defendant.

2:58 p.m. The jury is admonished for the afternoon recess.

3:20 p.m. All parties are once again present and the witness resumes the stand for further re-direct examination.

**People's Exhibit 7:** (12 Photographs of defendant's Cadillac, S-DD) is marked for identification.

3:28 p.m. Further cross-examination of the witness by counsel for the defendant.

3:35 p.m. The jury is admonished for the evening and ordered to return on **March 11, 2003 at 10:00 a.m.** for further jury trial.

3-10-03

0-401 (REV. 8/01)

**RENE DAVIDSON COURTHOUSE**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

**CLERKS DOCKET AND MINUTES**                    C00335

KILGORE, IVAN                                    DEPT. **006**    CRT. DATE/TIME  **3/11/03    09:30**

EVENT NAME    KILGORE, IVAN DAWNELL              RPT. NO.  **00-64017**    DOCK NO. **141033**

PROC. **FJT**                          CEN. **0373689**    PFN. **BBV550**    A DAY **11/01/00**    SJ DATE  **9/17/03**
COUNTS                                           PIC **00S00    AAG-OPD    ACITY    OA**
CHARGES **1)F187  SC&USE PC 1  PR**

| STAT | SET | BAIL | $0.00 | TOTAL DAYS IN CUSTODY: | 860 | |
|---|---|---|---|---|---|---|

BAIL _____ STAT. _____ BOND DT. _____ BOND CO. _____ DOB **05/05/75**

BAIL _____ STAT. _____ BOND DT. _____ BOND CO. _____ BAC _____

FINE/REST. _____ DATE PAID _____ REC. NO. **NORTH 1**    TIME WAIVED  **NTW**   **3/14/03**

**PROCEEDING**                            DCCO:

JUDGE    **KENNETH KINGSBURY**             DEP. D.A. **DARRYL STALLWORTH**
DEP. CLERK  **WANDA BOYNS**                DEF. ATTY. **DEBORAH LEVY**
REPORTER  **GERALD DOHRMANN**              OTHERS                          ☐ Not Present

Defendant:    ☒ Present    ☐ Not Present    ☐ Excused    ☒ In Custody    ☐ Pro Per
☐ Interpreter _____ is present. Language spoken: _____
☐ Defendant duly arraigned/advised as to constitutional rights ☐ Defendant waives arraignment ☐ Waiver of Rights filed
☐ Defendant served: ☐ _____ Complaint ☐ Discovery ☐ Petition ☐ Motion ☐ Protective Order (PC 136.2)
☐ Referred to Public Defender    ☐ Public Defender files conflict ☐ Financially ineligible ☐ Private counsel appointed
☐ Plea Withdrawn ☐ Change of Plea ☐ Plea to count(s)_____ ☐ Not Guilty ☐ Guilty ☐ No Contest/Found Guilty
☐ Stipulates to:  lesser included / reasonably related  offense of count(s)_____ to charge(s)_____
☐ Time waived for: ☐ Preliminary Examination _____days ☐ Trial ☐ Sentence ☐ Time not waived ☐ Time waiver withdrawn
☐ Clauses: ☐ Stricken _____ ☐ Admitted _____ ☐ Sentencing Purposes Only
☐ Priors: ☐ Stricken _____ ☐ Admitted_____ ☐ Denied
☐ Probation: ☐ Conditional Sentence: ☐ Granted for_____years/months ☐ See attached conditions
☐ Revoked ☐ Restored ☐ Modified ☐ Extended to _____ ☐ Continue on same terms and conditions ☐ Terminated
☐ Defendant admits probation violation ☐ Previous order revoking probation vacated, set aside, defendant restored to probation
☐ Submit to search and seizure of person, residence, vehicle or any property under defendant's control _____
☐ No contact with / not to annoy _____, directly or indirectly: stay at least _____ away
☐ Additional order(s): _____
☐ Petition/Motion _____ ☐ Granted ☐ Denied ☐ Withdrawn
☐ Referred to: ☐ Probation Dept. ☐ Financial Hearing Officer ☐ _____
Restitution: ☐ Referred to _____ for Determination ☐ Ordered ☐ Reserved ☐ Modified
☐ Bail Forfeited ☐ Bail Forfeiture Set Aside ☐ Bail Reinstated ☐ Bail Exonerated ☐ Summary Judgment Entered
☐ Bench Warrant: ☐ Issued ☐ Withheld ☐ Withdrawn ☐ Bail Set at $_____ ☐ No Cite Release ☐ Night Service

        2X        CERT-CRT:WWM

nt Date: **3-13-03**    Time: **0930** Dept. **06** Proc.: **FJT**    Date:_____ Time:_____ Dept. _____ Proc.:_____

)\    , Codes: _____

DOCKET NAME    **KILGORE, IVAN DAWNELL**                    CT. DATE **3/11/03**    DOCK NO. _____ **141033**

(7/00)

C00336

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**    Dept. No. 006

Date: **March 11, 2003**    Hon. **KENNETH R. KINGSBURY**, Judge .    Wanda Boyns, Dep.Clk.
                                                                    Gerald Dohrmann, Reporter

| THE PEOPLE OF THE STATE OF CALIFORNIA | Counsel appearing for Plaintiff | Darryl Stallworth, Deputy District Attorney |
|---|---|---|
| Plaintiff | | |
| vs. | Counsel appearing for Defendant | Deborah Levy, Esq |
| **IVAN KILGORE** | | |
| Defendant | | |

NATURE OF PROCEEDINGS:    **JURY TRIAL DAY FOUR**    Case No. **141033**
                                                    PFN: **BBV550**
                                                    CEN: **0373689**

Above entitled action comes on calendar this date having been continued from March 10, 2003 for further jury trial.

  9:03 a.m. Respective counsel and defendant are present in the courtroom for a 402 hearing on the motion of the defendant, out of the presence of the jury. The Court further accepts the stipulation of counsel as read into the record.

  9:09 a.m. **RAYMOND JONES** is sworn and examined on behalf of the People.
**People's Exhibit 10:** (3 page Agreement of People vs. Raymond Jones, #461958) is marked for identification as to the motion.

  9:15 a.m. Cross-examination of the witness by counsel for the defendant.

  9:38 a.m. Questioning of the witness by the Court.

  9:39 a.m. Further cross-examination by counsel for the defendant.

: 9:40 a.m. People's Exhibit 10 previously marked for identification is now admitted into evidence, for the purpose of the motion only. The matter having been argued and submitted, it is the ruling of the Court that the witness may testify before the jury.

10:03 a.m. The Court takes a brief recess.

10:24 a.m. Respective counsel, defendant and jury are present in the courtroom; **RAYMOND JONES** is sworn and examined.

**People's Exhibit 10:** (3 page Agreement of People vs. Raymond Jones, #461958) is marked for identification.

10:59 a.m. Cross-examination of the witness by counsel for the defendant.

11:15 a.m. The jury is admonished for the morning recess.

11:34 a.m. All parties are once again present and the witness resumes the stand for further cross-examination.

12:15 p.m. The jury is admonished for the lunch recess.

  1:35 p.m. All parties once again being present, the witness resumes the stand for further re-direct examination.

  1:43 p.m. Further cross-examination of the witness by counsel for the defendant.

  1:53 p.m. Further re-direct examination of the witness by counsel for the defendant.

  2:02 p.m. **MATTHEW BRYANT** is sworn and examined on behalf of the People.

  2:13 p.m. The jury is dismissed to their jury deliberation room. Out of their presence a cassette tape of the statement given to Sgt. Green by the witness.

  2:35 p.m. The jury is now present in the courtroom and direct examination of the witness is resumed.

**People's Exhibit 11:** (Cassette of interview of Matthew Bryant with Sgt. Green) is marked for identification.

**People's Exhibit 11A:** (Transcript of taped interview) is marked for identification. ─

  3:00 p.m. Cross-examination of the witness by counsel for the defendant.

  3:07 p.m. Further re-direct examination of the witness by counsel for the People.

  3:15 p.m. **KEVIN TOMLINSON** is sworn and examined on behalf of the defendant.

  3:40 p.m. Cross-examination of the witness by counsel for the People

  3:50 p.m. The jury is admonished for the evening and ordered to return on March 13, 2003 at 9:30 a.m. for further jury trial. Out of the presence of the jury Court and counsel discuss the defense case and cross examination of the defendant if he takes the witness stand.

  4:05 p.m. Court is in recess for the evening.

3-11-03

9-401 (REV. 8/01)

**RENE DAVIDSON COURTHOUSE**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA          **C00337**

CLERKS DOCKET AND MINUTES

P
K        **KILGORE, IVAN**                                      DEPT. **006**   CRT. DATE/TIME  **3/13/03   09:30**

EVENT NAME   **KILGORE, IVAN DAWNELL**                        RPT. NO.  **00-64017**      DOCK NO. **141033**

PROC. **FJT**          CEN. **0373689**  PFN. **BBV550** A DAY **11/01/00** SJ DATE **9/19/03**
**COUNTS**                                         **PIC 00S00  AAG-OPD  ACITY OA**
CHARGES **1)F187 SC&USE PC 1 PR**

STAT   SET   **BAIL**        **$0-00**      **TOTAL DAYS IN CUSTODY:**   **861**

BAIL _____ STAT. _____ BOND DT. _____ BOND CO. _____ DOB **05/05/75**
BAIL _____ STAT. _____ BOND DT. _____ BOND CO. _____ BAC
FINE/REST. _____ DATE PAID _____ REC. NO. **NORTH 1** TIME WAIVED **NTW** **3/14/03**

**PROCEEDING**                          **DCCO:**
JUDGE  **KENNETH KINGSBURY**                       DEP. D.A.  **DARRYL STALLWORTH**
DEP. CLERK  **WANDA BOYNS**                         DEF. ATTY. **DEBORAH LEVY**
REPORTER  **GERALD D CHRMANN**                      OTHERS                              ☐ Not Present

**Defendant:**   ☒ Present   ☐ Not Present   ☐ Excused   ☒ In Custody   ☐ Pro Per
☐ Interpreter _____ is present. Language spoken: _____
☐ Defendant duly arraigned/advised as to constitutional rights ☐ Defendant waives arraignment ☐ Waiver of Rights filed
☐ Defendant served: ☐ _____ Complaint ☐ Discovery ☐ Petition ☐ Motion ☐ Protective Order (PC 136.2)
☐ Referred to Public Defender  ☐ Public Defender files conflict  ☐ Financially ineligible  ☐ Private counsel appointed
☐ Plea Withdrawn ☐ Change of Plea ☐ Plea to count(s)_____ ☐ Not Guilty ☐ Guilty ☐ Nc Contest/Found Guilty
☐ Stipulates to:  lesser included / reasonably related  offense of count(s)_____ to charge(s)_____
☐ ne waived for: ☐ Preliminary Examination _____ days ☐ Trial ☐ Sentence ☐ Time not waived ☐ Time waiver withdrawn
☐ Clauses: ☐ Stricken _____ ☐ Admitted _____ ☐ Sentencing Purposes Only
☐ **Priors:** ☐ Stricken _____ ☐ Admitted _____ ☐ Denied
☐ **Probation:** ☐ **Conditional Sentence:** ☐ Granted for_____years/months ☐ See attached conditions
☐ Revoked ☐ Restored ☐ Modified ☐ Extended to _____ ☐ Continue on same terms and conditions ☐ Terminated
☐ Defendant admits probation violation ☐ Previous order revoking probation vacated, set aside, defendant restored to probation
☐ Submit to search and seizure of person, residence, vehicle or any property under defendant's control _____
☐ No contact with / not to annoy _____, directly or indirectly: stay at least _____ away
☐ Additional order(s): _____
☐ Petition/Motion _____ ☐ Granted ☐ Denied ☐ Withdrawn
☐ Referred to:  ☐ Probation Dept.  ☐ Financial Hearing Officer ☐ _____
**Restitution:** ☐ Referred to _____ for Determination ☐ Ordered ☐ Reserved ☐ Modified
☐ Bail Forfeited ☐ Bail Forfeiture Set Aside ☐ Bail Reinstated ☐ Bail Exonerated ☐ Summary Judgment Entered
☐ **Bench Warrant:** ☐ Issued ☐ Withheld ☐ Withdrawn ☐ Bail Set at $_____ ☐ No Cite Release ☐ Night Service

        **2X     CERT-CRT: WWM**

nt Date: **3-17-03** Time: **0930** Dept. **06** Proc.: **FJT**  Date: **3-18-03** Time: **0930** Dept. **06** Proc.: **FJT**
        Codes: **3-14-03 @ 9:30 D6 HRG**

DOCKET NAME   **KILGORE, IVAN DAWNELL**                    CT. DATE **3/13/03**   DOCK NO. **141033**

C00338

(7/00)

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**    Dept. No. 006

Date: **March 13, 2003**      Hon. **KENNETH R. KINGSBURY**, Judge     Wanda Boyns, Dep.Clk.
Gerald Dohrmann, Reporter

---

THE PEOPLE OF THE STATE OF CALIFORNIA | Counsel appearing | Darryl Stallworth, Deputy
for Plaintiff | District Attorney

                          Plaintiff

vs.                                                    Counsel appearing      Deborah Levy, Esq
for Defendant

**IVAN KILGORE**

                          Defendant

---

NATURE OF PROCEEDINGS:      **JURY TRIAL DAY FIVE**              Case No. 141033
PFN: **BBV550**
CEN: **0373689**

Above entitled action comes on calendar this date having been continued from March 11, 2003 for further jury trial.

9:35 a.m. Respective counsel, defendant and jury are present in the courtroom; **BIANCA MOORE** is sworn and examined on behalf of the People.
10:02 a.m. The Court declares a brief recess.
10:15 a.m. All parties are once again present and the witness resumes the stand for further direct examination.
10:24 a.m. Cross-examination of the witness by counsel for the defendant.
**Defendant's Exhibit B:** (Passenger side of defendant's Fleetwood Cadillac) is marked for identification.
**Defendant's Exhibit A:** (Passenger side of defendant's automobile) is marked for identification.
**Defendant's Exhibit D:** (Rear passenger side of defendant's Fleetwood Cadillac) is marked for identification.
**Defendant's Exhibit C:** (Driver side of defendant's Fleetwood Cadillac) is marked for identification.
11:10 a.m. The jury is admonished for the morning recess.
11:29 a.m. All parties are once again present and cross-examination of the witness Bianca Moore is resumed.
11:35 a.m. Re-direct examination of the witness by counsel for the People.
11:48 a.m. **SGT. PHIL GREEN** is sworn and examined on behalf of the People.
12:02 p.m. The jury is admonished for the lunch recess.
1:40 p.m. All parties are once again present and Sgt. Green resumes the stand for further direct examination.
**People's Exhibit 8B:** (3 page, 911 Dispatch Purge) is marked for identification.
**People's Exhibit 8A:** (7 page, 911 Dispatch Transcript) is marked for identification.
**People's Exhibit 8:** (911 Dispatch tape including the defendant's report of stolen vehicle) is marked for identification.
**People's Exhibit 8C:** (7 page, 911 Dispatch Transcript marked by Sgt. Green) is marked for identification.
**People's Exhibit 13:** (Black Knit Beanie Cap in plastic bag) is marked for identification.
**People's Exhibit 12:** (Thomas Map blow-up of West Oakland) is marked for identification.
2:45 p.m. The jury is admonished for the afternoon recess.
3:03 p.m. All parties are present and **OFFICER ALLAN MILLER** is sworn and examined on behalf of the People.
3:08 p.m. Cross-examination of the witness by counsel for the defendant.
3:15 p.m. Sgt. Phil Green resumes the stand for cross-examination.
4:15 p.m. The jury is admonished for the evening and ordered to return on March 17, 2003 at 9:30 a.m. for further jury trial. Counsel are ordered to return on March 14, 2003 at 11:00 a.m. for a hearing on the defendants Okalahoma matter.
4:22 p.m. Court is in recess for the evening.

3-13-03

0-401 (REV. 5/01)

RENE DAVIDSON COURTHOUSE

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA    C00339

**CLERKS DOCKET AND MINUTES**

D'K    KILGORE,IVAN    DEPT. 006    CRT. DATE/TIME    3/14/03    09:30

EVENT NAME    KILGORE,IVAN DAWNELL    RPT. NO.    00-64017    DOCK NO. 141033

PROC. HG    CEN.    0373689    PFN.    BBV550    A DAY    11/01/00    SJ DATE    9/22/03
COUNTS    PIC    C0S00    AAG-OPD    ACITY    OA

CHARGES    1)F187 SC&USE PC 1 PR

STAT    SET    BAIL    $0.00    TOTAL DAYS IN CUSTODY:    863

BAIL _____    STAT. _____    BOND DT. _____    BOND CO. _____    DOB    05/05/75

BAIL _____    STAT. _____    BOND DT. _____    BOND CO. _____    BAC

FINE/REST. _____    DATE PAID _____    REC. NO. NORTH 1    TIME WAIVED    NTW    3/14/03

**PROCEEDING**

DCCO:

JUDGE    KENNETH KINGSBURY    DEP. D.A. DARRYL STALLWORTH
DEP. CLERK    WANDA BOYNS    DEF. ATTY. DEBORAH LEVY
REPORTER    GERALD DOHRMANN    OTHERS    ☐ Not Present

**Defendant:**    ☒ Present    ☐ Not Present    ☐ Excused    ☒ In Custody    ☐ Pro Per
☐ Interpreter _____ is present. Language spoken: _____
☐ Defendant duly arraigned/advised as to constitutional rights ☐ Defendant waives arraignment ☐ Waiver of Rights filed
☐ Defendant served: ☐ _____ Complaint ☐ Discovery ☐ Petition ☐ Motion ☐ Protective Order (PC 136.2)
☐ Referred to Public Defender    ☐ Public Defender files conflict    ☐ Financially ineligible    ☐ Private counsel appointed
☐ Plea Withdrawn ☐ Change of Plea ☐ Plea to count(s)_____ ☐ Not Guilty ☐ Guilty ☐ No Contest/Found Guilty
☐ ̃ipulates to:  lesser included / reasonably related  offense of count(s)_____ to charge(s)_____
☐ ne waived for: ☐ Preliminary Examination _____days ☐ Trial ☐ Sentence ☐ Time not waived ☐ Time waiver withdrawn
☐ clauses: ☐ Stricken _____    ☐ Admitted_____    ☐ Sentencing Purposes Only
☐ **Priors:** ☐ Stricken _____    ☐ Admitted_____    ☐ Denied
☐ **Probation:** ☐ **Conditional Sentence:** ☐ Granted for_____years/months ☐ See attached conditions
☐ Revoked ☐ Restored ☐ Modified ☐ Extended to _____ ☐ Continue on same terms and conditions ☐ Terminated
☐ Defendant admits probation violation ☐ Previous order revoking probation vacated, set aside, defendant restored to probation
☐ Submit to search and seizure of person, residence, vehicle or any property under defendant's control _____
☐ No contact with / not to annoy _____, directly or indirectly: stay at least _____ away
☐ Additional order(s): _____
☐ Petition/Motion _____    ☐ Granted ☐ Denied ☐ Withdrawn
☐ Referred to: ☐ Probation Dept. ☐ Financial Hearing Officer ☐ _____
**Restitution:** ☐ Referred to _____    for Determination    ☐ Ordered ☐ Reserved ☐ Modified
☐ Bail Forfeited ☐ Bail Forfeiture Set Aside ☐ Bail Reinstated ☐ Bail Exonerated ☐ Summary Judgment Entered
☐ **Bench Warrant:** ☐ Issued ☐ Withheld ☐ Withdrawn ☐ Bail Set at $_____ ☐ No Cite Release ☐ Night Service

2X    CERT-CRT:WWM

DEFT'S MTN TO EXCLUDE PRIOR IS DENIED.

FUTURE COURT DATES: 3/17/03 FJT, 3/18/03 FJT
(MTD over 3/17/03)

nt: Date:_____ Time:_____ Dept._____ Proc.:_____    Date:_____ Time:_____ Dept._____ Proc.:_____
)I    , Codes: _____

DOCKET NAME    KILGORE,IVAN DAWNELL    CT. DATE 3/14/03    DOCK NO.    141033

000340

(7/00)

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA                    Dept. No. 006

Date: **March 14, 2003**     Hon. **KENNETH R. KINGSBURY**, Judge     Wanda Boyns, Dep.Clk.
                                                                  Gerald Dohrmann, Reporter

---

| THE PEOPLE OF THE STATE OF CALIFORNIA | Counsel appearing for Plaintiff | Darryl Stallworth, Deputy District Attorney |
|---|---|---|
| Plaintiff | | |
| vs. | Counsel appearing for Defendant | Deborah Levy, Esq |
| **IVAN KILGORE** | | |
| Defendant | | |

---

NATURE OF PROCEEDINGS:          **JURY TRIAL MOTION**          Case No. **141033**
                                                             PFN: **BBV550**
                                                             CEN: **0373689**

Above entitled action comes on calendar this date having been continued from March 13, 2003 for motions.

11:35 a.m. respective counsel and the defendant are present to discuss the admission of exhibits.
**People's Exhibits: 1, 2, 3, 4, 5, 6, 7, 8, 8B, 10, 11, 12** and **13** previously having been marked for identification are now admitted into evidence. **Defendant's Exhibits: A, B, C** and **D** previously having been marked for identification are now admitted into evidence.
11:43 a.m. The Defendant's Motion to exclude priors for impeachment purposes should the defendant take the witness stand is argued and submitted. The Court rules that the People can explore the defendant's Oklahoma prior conviction should he take the witness stand.
**People's Exhibit 14:** (Transcript of the defendant's Oklahoma trial testimony) is marked for identification only.
12:38 p.m. Court is in recess for the evening, with the matter continued to March 17, 2003 at 9:30 a.m. for further jury trial.

3-14-03

**FILED 00341**
ALAMEDA COUNTY

1  Deborah L. Levy, S.B. #110995

2  360 Grand Avenue #197
   Oakland, CA. 94610

3  (510) 251-1850

4  Attorney for Ivan Kilgore

MAR 1 7 2003

CLERK OF THE SUPERIOR COURT
By *Nancy G. Corona*
                        DEPUTY

5              SUPERIOR COURT OF THE STATE OF CALIFORNIA

               COUNTY OF ALAMEDA- OAKLAND JUDICIAL DISTRICT

6  PEOPLE OF THE STATE OF CALIFORNIA,)        141033

7                            Plaintiff, )    DEFENDANT'S PROPOSED

8  V.                                 )       JURY INSTRUCTIONS

   IVAN KILGORE                       )

9                            Defendant, )

10 _____ /      17.40

11 CALJIC                                      17.41

| | | | | |
|---|---|---|---|---|
| .50 | 2.21.2 | 8.11 | 17.42 | 3.10 |
| 1.00* | 2.22 | 8.20 | 17.43 | 3.11* |
| 1.01 | 2.23 | 8.25.1 | 17.45 | 3.12 |
| 1.02 | 2.23.1 | 8.30 | 17.47 | 3.14 |
| 1.03* | 2.27 | 8.31 | 17.49 | 3.16 |
| 1.05 | 2.51 | 8.37 | 17.50 | 3.18* |
| | | 8.40* | 17.52 | 5.12 |
| | 2.60 | 8.50 -8.65 | 17.53 | 5.13 |
| 2.00 | 2.61 | 8.70 | | 5.15 |
| | 2.72 | 8.71 | | 5.16*** |
| 2.02* | 2.80 | 8.72 | | 5.17* |
| 2.09 | 2.81 | 8.73 | | 5.50 |
| 2.11 | 2.90 | 8.74 | | 5.51 |
| 2.11.5 | 2.91 | 8.75 | | |
| 2.13 | 2.92  ADD 3's | ?17.10 | | |
| 2.20* /** | 8.00  and 5's | 17.19.5 | | |
| 2.21.1* | 8.10 | 17.30 | | |

24 * Refers to July 2002 pocket part        17.31

25 **In CALJIC 2.20, give all bracketed parts but, "Character of the witness for honesty or truthfulness

26 or their opposites," "An admission by the witness of untruthfulness," "past criminal conduct

   amounting to a misdemeanor."

27 *** In CALJIC 5.16 delete all brackets but murder

28 3/16/03
   Respectfully Submitted,
   Deborah L. Levy

25

0-401 (REV. 6/01)

**RENE DAVIDSON COURTHOUSE**

C00342

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

**CLERKS DOCKET AND MINUTES**

KILGORE, IVAN                    DEPT. 006   CRT. DATE/TIME   3/17/03   09:30

EVENT NAME   KILGORE, IVAN DAWNELL          RPT. NO.   00-64017   DOCK NO.   141033

PROC. FJT                CEN. 0373689   PFN. BBV550  A DAY  11/01/00  SJ DATE  9/23/03
COUNTS                                    PIC 00SOO  AAG-OPD  ACITY OA

CHARGES  1)F187 SC&USE PC 1 PR

---

STAT  SET  BAIL      $0.00      TOTAL DAYS IN CUSTODY:   863

BAIL _____ STAT. _____ BOND DT. _____ BOND CO. _____ DOB  05/05/75

BAIL _____ STAT. _____ BOND DT. _____ BOND CO. _____ BAC

FINE/REST. _____ DATE PAID _____ REC. NO. NORTH 1   TIME WAIVED   NTW   3/14/03

---

**PROCEEDING**                          DCCO:

JUDGE   KENNETH KINGSBURY          DEP. D.A. DARRYL STALLWORTH

DEP. CLERK  WANDA BOYNS            DEF. ATTY. DEBORAH LEVY

REPORTER  GERALD DOHRMANN          OTHERS                              ☐ Not Present

---

**Defendant:**   ☒ Present   ☐ Not Present   ☐ Excused   ☒ In Custody   ☐ Pro Per

☐ Interpreter _____ is present. Language spoken: _____

☐ Defendant duly arraigned/advised as to constitutional rights ☐ Defendant waives arraignment ☐ Waiver of Rights filed

☐ Defendant served: ☐ _____ Complaint ☐ Discovery ☐ Petition ☐ Motion ☐ Protective Order (PC 136.2)

☐ Referred to Public Defender ☐ Public Defender files conflict ☐ Financially ineligible ☐ Private counsel appointed

☐ Plea Withdrawn ☐ Change of Plea ☐ Plea to count(s) _____ ☐ Not Guilty ☐ Guilty ☐ No Contest/Found Guilty

☐ Stipulates to: lesser included / reasonably related offense of count(s) _____ to charge(s) _____

   me waived for: ☐ Preliminary Examination _____ days ☐ Trial ☐ Sentence ☐ Time not waived ☐ Time waiver withdrawn

☐ Clauses: ☐ Stricken _____ ☐ Admitted _____ ☐ Sentencing Purposes Only

☐ Priors: ☐ Stricken _____ ☐ Admitted _____ ☐ Denied

☐ Probation: ☐ Conditional Sentence: ☐ Granted for _____ years/months ☐ See attached conditions

   ☐ Revoked ☐ Restored ☐ Modified ☐ Extended to _____ ☐ Continue on same terms and conditions ☐ Terminated

☐ Defendant admits probation violation ☐ Previous order revoking probation vacated, set aside, defendant restored to probation

☐ Submit to search and seizure of person, residence, vehicle or any property under defendant's control _____

☐ No contact with / not to annoy _____, directly or indirectly: stay at least _____ away

☐ Additional order(s): _____

☐ Petition/Motion _____ ☐ Granted ☐ Denied ☐ Withdrawn

☐ Referred to: ☐ Probation Dept. ☐ Financial Hearing Officer ☐ _____

**Restitution:** ☐ Referred to _____ for Determination ☐ Ordered ☐ Reserved ☐ Modified

☐ Bail Forfeited ☐ Bail Forfeiture Set Aside ☐ Bail Reinstated ☐ Bail Exonerated ☐ Summary Judgment Entered

☐ **Bench Warrant:** ☐ Issued ☐ Withheld ☐ Withdrawn ☐ Bail Set at $ _____ ☐ No Cite Release ☐ Night Service

        2X    CERT-CRT:WWM

---

MTD

FUTURE COURT DATES: 3/18/03 FJT

nt: Date: 3-19-03   Time: 0930  Dept. 06  Proc.: FJT   Date: _____ Time: _____ Dept. _____ Proc.: _____

; Codes: _____

---

DOCKET NAME   KILGORE, IVAN DAWNELL          CT. DATE 3/17/03   DOCK NO.   141033

(7/00)

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**    Dept. No. 006

Date: **March 17, 2003**    Hon. **KENNETH R. KINGSBURY**, Judge    Wanda Boyns, Dep.Clk.
Gerald Dohrmann, Reporter

| THE PEOPLE OF THE STATE OF CALIFORNIA | Counsel appearing for Plaintiff | Darryl Stallworth, Deputy District Attorney |
|---|---|---|
| Plaintiff | | |
| vs. | Counsel appearing for Defendant | Deborah Levy, Esq |
| **IVAN KILGORE** | | |
| Defendant | | |

NATURE OF PROCEEDINGS:    **JURY TRIAL DAY SIX**    Case No. **141033**
PFN: **BBV550**
CEN: **0373689**

Above entitled action comes on calendar this date having been continued from March 14, 2003 for jury trial.

9:40 a.m. respective counsel, defendant and the jury are present. **SGT. PHIL GREEN** resumes the stand for further cross-examination.
9:53 a.m. Re-direct examination of the witness by counsel for the People.
10:00 a.m. Further cross-examination of the witness by counsel for the defendant.
10:05 a.m. Further re-direct examination of the witness by counsel for the People.
10:12 a.m. There being no further evidence the People rest.
10:13 a.m. At this time counsel for the defendant give their opening statement.
10:16 a.m. **MARY LOGGINS** is sworn and examined on behalf of the defendant.
10:24 a.m. Cross-examination of the witness by counsel for the People.
10:32 a.m. Further direct examination of the witness by counsel for the defendant.
10:40 a.m. **MARY WASHINGTON** is sworn and examined on behalf of the defendant.
10:45 a.m. Cross-examination of the witness by counsel for the People.
10:57 a.m. The jury is admonished for the morning recess.
11:23 a.m. All parties are once again present and Mary Washington resumes the stand for further direct examination.
11:23 a.m. **TAYLOR MILLER** is sworn and examined on behalf of the defendant.
11:25 a.m. Cross-examination of the witness by counsel for the defendant.
11:28 a.m. **MONTE BEERS** is sworn and examined on behalf of the defendant.
11:34 a.m. Cross-examination of the witness by counsel for the People.
11:37 a.m. Further re-direct examination of the witness by counsel for the defendant.
11:40 a.m. There being no further evidence the defendant rests and they're being no rebuttal the People rest.
11:44 a.m. The jury is admonished for their evening recess and ordered to return on **March 19, 2003 at 10:00 a.m.** for further jury trial.
11:45 a.m. Court and counsel discuss instructions that will be given to the jury. Out of the presence of the jury the defendant's objection to the use of the Oklahoma prior is indicated on the record. The defendant indicates his willingness to waive jury trial on his Oklahoma prior conviction.
11:55 a.m. Court is in recess until 2:00 p.m.
2:05 p.m. The Court and counsel go over instructions to be given the jury before deliberations, with the defendant not being present.
3:05 p.m. Court is in recess with counsel and the defendant ordered to return on March 18, 2003 at 9:30 a.m. for further trial.

3-17-03

C00344

```
 1 | THOMAS J. ORLOFF
   | District Attorney
 2 | County of Alameda
   | 1225 Fallon Street
 3 | Oakland, CA 94612-4292
   | (510) 272-6222
 4 |
   | Darryl Stallworth
 5 | Deputy District Attorney
   | State Bar No. 163719
 6 |
```

FILED
ALAMEDA COUNTY

MAR 1 8 2003

CLERK OF THE SUPERIOR COURT
By _Wanda G. Roeune_
                              DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ALAMEDA

THE PEOPLE OF THE STATE OF CALIFORNIA, )
                                        )   No. 141033
v.                                      )
                                        )   Department 6
IVAN DAWNELL KILGORE,                   )
                           Defendant.   )
_____)

### PEOPLE'S PROPOSED SPECIAL JURY INSTRUCTION NO. 1

To find the defendant guilty of murder, it is not necessary that all jurors agree on one or more of several theories proposed by the prosecution. It is sufficient that each juror is convinced beyond a reasonable doubt that the defendant is guilty of murder.

In other words, it is not necessary that all twelve jurors agree that the murder was committed with express malice, or that the murder was committed with implied malice. It is sufficient that all twelve jurors agree that it was murder.

Additionally, to find a defendant guilty of murder in the first degree, it is not necessary that all twelve jurors agree that the murder was premeditated, deliberate and wilful or that the murder was committed by means of discharging a firearm from a motor vehicle. It is sufficient that all twelve jurors agree that it is murder of the first degree.

*People* v. *Brown* (1995) 35 Cal.App.4th 708, 715

DATED: March 18, 2003

Office of the
*District*
*Attorney*
meda County
ilifornia

THOMAS J. ORLOFF
District Attorney

By:  _Darryl Stallworth_
     Darryl Stallworth
     Deputy District Attorney

26

70-401 (REV. 5/01)

**RENE DAVIDSON COURTHOUSE**          C00345

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

## CLERKS DOCKET AND MINUTES

**KILGORE, IVAN**        DEPT. **006**   CRT. DATE/TIME **3/18/03**   **09:30**

EVENT NAME **KILGORE, IVAN DAWNELL**      RPT. NO. **00-64017**    DOCK NO. **141033**

PROC. **FJT**      CEN. **0373689**   PFN. **BBV550**   A DAY **11/01/00**   SJ DATE **9/24/03**

**COUNTS**        **PIC 00S00**   **AAG-OPD**   **ACITY OA**

CHARGES **1)F187 SCEUSE PC 1 PR**

---

**STAT   SET   BAIL     $0.00    TOTAL DAYS IN CUSTODY:    866**

BAIL _____ STAT. _____ BOND DT. _____ BOND CO. _____ DOB **05/05/75**

BAIL _____ STAT. _____ BOND DT. _____ BOND CO. _____ BAC _____

FINE/REST. _____ DATE PAID _____ REC. NO **NORTH 1** TIME WAIVED   **NTW**   **3/14/03**

### PROCEEDING

                                      **DCCO:**

JUDGE **KENNETH KINGSBURY**       DEP. D.A. **DARRYL STALLWORTH**

DEP. CLERK **WANDA BOYNS**       DEF. ATTY **DEBORAH LEVY**

REPORTER **GERALD DOHRMANN**       OTHERS           ☐ Not Present

---

**Defendant:**   ☒ Present    ☐ Not Present    ☐ Excused    ☒ In Custody    ☐ Pro Per

☐ interpreter _____ is present. Language spoken: _____

☐ Defendant duly arraigned/advised as to constitutional rights ☐ Defendant waives arraignment ☐ Waiver of Rights filed

☐ Defendant served: ☐ _____ Complaint ☐ Discovery ☐ Petition ☐ Motion ☐ Protective Order (PC 136.2)

☐ Referred to Public Defender   ☐ Public Defender files conflict   ☐ Financially ineligible   ☐ Private counsel appointed

☐ Plea Withdrawn ☐ Change of Plea ☐ Plea to count(s)_____ ☐ Not Guilty ☐ Guilty ☐ No Contest/Found Guilty

☐ Stipulates to: lesser included / reasonably related offense of count(s)_____ to charge(s)_____

☐ ime waived for: ☐ Preliminary Examination _____ days ☐ Trial ☐ Sentence ☐ Time not waived ☐ Time waiver withdrawn

☐ Clauses: ☐ Stricken _____ ☐ Admitted_____ ☐ Sentencing Purposes Only

☐ Priors: ☐ Stricken _____ ☐ Admitted_____ ☐ Denied

☐ **Probation:** ☐ **Conditional Sentence:** ☐ Granted for_____ years/months ☐ See attached conditions

    ☐ Revoked ☐ Restored ☐ Modified ☐ Extended to _____ ☐ Continue on same terms and conditions ☐ Terminated

☐ Defendant admits probation violation ☐ Previous order revoking probation vacated, set aside, defendant restored to probation

☐ Submit to search and seizure of person, residence, vehicle or any property under defendant's control _____

☐ No contact with / not to annoy _____, directly or indirectly: stay at least _____ away

☐ Additional order(s): _____

☐ Petition/Motion _____ ☐ Granted ☐ Denied ☐ Withdrawn

☐ Referred to: ☐ Probation Dept. ☐ Financial Hearing Officer ☐ _____

**Restitution:** ☐ Referred to _____ for Determination ☐ Ordered ☐ Reserved ☐ Modified

☐ Bail Forfeited ☐ Bail Forfeiture Set Aside ☐ Bail Reinstated ☐ Bail Exonerated ☐ Summary Judgment Entered

☐ **Bench Warrant:** ☐ Issued ☐ Withheld ☐ Withdrawn ☐ Bail Set at $_____ ☐ No Cite Release ☐ Night Service

     **2X    CERT-CRT:WHM**

     MAINTAIN   3-19-03   FJT

ont. Date:_____ Time: _____ Dept. _____ Proc.:_____ Date:_____ Time: _____ Dept. _____ Proc.:_____

C   5 Codes: _____

DOCKET NAME **KILGORE, IVAN DAWNELL** _____ CT. DATE **3/18/03**   DOCK NO. _____ **141033**

(7/00)

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**          Dept. No. 006

Date: **March 18, 2003**          Hon. **KENNETH R. KINGSBURY,** Judge          Wanda Boyns, Dep.Clk.
                                                                                 Gerald Dohrmann, Reporter

---

| THE PEOPLE OF THE STATE OF CALIFORNIA | Counsel appearing for Plaintiff | Darryl Stallworth, Deputy District Attorney |
|---|---|---|
| Plaintiff | | |
| vs. | Counsel appearing for Defendant | Deborah Levy, Esq |
| **IVAN KILGORE** | | |
| Defendant | | |

---

NATURE OF PROCEEDINGS:          **JURY TRIAL**                    Case No. **141033**
                                                                  PFN: **BBV550**
                                                                  CEN: **0373689**

Above entitled action comes on calendar this date having been continued from March 17, 2003 for jury trial.

  9:45 a.m. Deputy District Attorney, defense counsel and the defendant are present for further discuss on instructions that will be given the jury.
10:37 a.m. The Court is in recess for time to do additional legal research on special instructions.
11:28 a.m. All parties are once again present, Court and counsel resume their discussion of the instructions on the record.
11:40 a.m. The defendant will be excused from the afternoon court session. Court is in recess until 2:30 p.m.
  2:30 p.m. The defendant having been excused for the afternoon Court and counsel resume finalization of the jury instructions and verdict forms.
  3:15 p.m. Court is in recess for the evening with the matter ordered continued to March 19, 2003 at 10:00 a.m. for further jury trial.

3-18-03



PEOPLE vs. KILGORE
C00347

## CALJIC INSTRUCTION FOR
## PENAL CODE SECTION
## 12022.55

It is alleged in Count One that defendant with the intent to inflict great bodily injury or death, inflicted great bodily injury or caused the death of a person, other than an occupant of the motor vehicle, as a result of discharging a firearm from a motor vehicle during the commission of the crime charged.

If you find defendant guilty of the crime charged you must determine whether defendant discharged a firearm from a motor vehicle in the commission of that felony.

In order to prove this allegation; each of the following elements must be proved:

1. Defendant discharged a firearm

2. Defendant discharged the firearm from a motor vehicle

3. Defendant discharged the firearm with the intent to inflict great bodily injury cause the death of a person

4. The discharging of the firearm by defendant caused great bodily injury or death of a person, other than an occupant of the motor vehicle

The People have the burden of proving the truth of this allegation. If you have a reasonable doubt that it is true, you must find it to be not true.

FILED
ALAMEDA COUNTY

MAR 19 2003

CLERK OF THE SUPERIOR COURT
By _____
                    DEPUTY

27

70-401 (REV. 5/01)

**RENE DAVIDSON COURTHOUSE**

C00348

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

**CLERKS DOCKET AND MINUTES**

KILGORE,IVAN                                     DEPT. **006**   CRT. DATE/TIME  **3/19/03   09:30**

EVENT NAME   **KILGORE,IVAN DAWNELL**              RPT. NO. **00-64017**   DOCK NO. **141033**

PROC. **FJT**                        CEN. **0373689**  PFN. **BBV550** A DAY  **11/01/00**  SJ DATE  **9/25/03**

COUNTS                                            **PIC 00S00   AAG-OPD   ACITY OA**

CHARGES  **1)F187 SC&USE PC 1 PR**

---

**STAT   SET   BAIL       $0.00       TOTAL DAYS IN CUSTODY:   867**

BAIL _____ STAT. _____ BOND DT. _____ BOND CO. _____ DOB **05/05/75**

BAIL _____ STAT. _____ BOND DT. _____ BOND CO. _____ BAC _____

FINE/REST. _____ DATE PAID _____ REC. NO. **NORTH 1**  TIME WAIVED  **NTW**  **3/14/03**

**PROCEEDING**                           DCCO:

JUDGE   **KENNETH KINGSBURY**            DEP. D.A. **DARRYL STALLWORTH**

DEP. CLERK  **WANDA BOYNS**              DEF. ATTY. **DEBORAH LEVY**

REPORTER  **GERALD DOHRMANN**            OTHERS                        ☐ Not Present

---

**Defendant:** ☒ Present   ☐ Not Present   ☐ Excused   ☒ In Custody   ☐ Pro Per
☐ Interpreter _____ is present. Language spoken: _____
☐ Defendant duly arraigned/advised as to constitutional rights ☐ Defendant waives arraignment ☐ Waiver of Rights filed
☐ Defendant served: ☐ _____ Complaint ☐ Discovery ☐ Petition ☐ Motion ☐ Protective Order (PC 136.2)
☐ Referred to Public Defender ☐ Public Defender files conflict ☐ Financially ineligible ☐ Private counsel appointed
☐ Plea Withdrawn ☐ Change of Plea ☐ Plea to count(s)_____ ☐ Not Guilty ☐ Guilty ☐ No Contest/Found Guilty
☐ Stipulates to:  lesser included / reasonably related  offense of count(s)_____ to charge(s)_____
☐ ime.waived for: ☐ Preliminary Examination _____ days ☐ Trial ☐ Sentence ☐ Time not waived ☐ Time waiver withdrawn
☐ **Clauses:** ☐ Stricken _____ ☐ Admitted _____ ☐ Sentencing Purposes Only
☐ **Priors:** ☐ Stricken _____ ☐ Admitted_____ ☐ Denied
☐ **Probation:** ☐ **Conditional Sentence:** ☐ Granted for_____years/months ☐ See attached conditions
☐ Revoked ☐ Restored ☐ Modified ☐ Extended to _____ ☐ Continue on same terms and conditions ☐ Terminated
☐ Defendant admits probation violation ☐ Previous order revoking probation vacated, set aside, defendant restored to probation
☐ Submit to search and seizure of person, residence, vehicle or any property under defendant's control _____
☐ No contact with / not to annoy _____, directly or indirectly: stay at least _____ away
☐ Additional order(s): _____
☐ Petition/Motion _____ ☐ Granted ☐ Denied ☐ Withdrawn
☐ Referred to: ☐ Probation Dept. ☐ Financial Hearing Officer ☐ _____
**Restitution:** ☐ Referred to _____ for Determination ☐ Ordered ☐ Reserved ☐ Modified
☐ Bail Forfeited ☐ Bail Forfeiture Set Aside ☐ Bail Reinstated ☐ Bail Exonerated ☐ Summary Judgment Entered
☐ **Bench Warrant:** ☐ Issued ☐ Withheld ☐ Withdrawn ☐ Bail Set at $_____ ☐ No Cite Release ☐ Night Service

                **2X    CERT-CRT:WWM**

---

Cont· Date: **3-20-03**  Time: **0930** Dept. **06**  Proc.: **FJT**  Date:_____ Time:_____ Dept. _____ Proc.:_____

C  S Codes: _____

---

DOCKET NAME  **KILGORE,IVAN DAWNELL**       CT. DATE **3/19/03**  DOCK NO. **141033**

(7/00)

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

Dept. No. 006

Date: **March 19, 2003**      Hon. **KENNETH R. KINGSBURY**, Judge      Wanda Boyns, Dep.Clk.
Gerald Dohrmann, Reporter

---

THE PEOPLE OF THE STATE OF CALIFORNIA

Plaintiff

vs.

**IVAN KILGORE**

Defendant

Counsel appearing
for Plaintiff

Counsel appearing
for Defendant

Darryl Stallworth, Deputy
District Attorney

Deborah Levy, Esq

---

NATURE OF PROCEEDINGS:      **JURY TRIAL DAY SEVEN**      Case No. **141033**
PFN: **BBV550**
CEN: **0373689**

Above entitled action comes on calendar this date having been continued from March 18, 2003 for jury trial.

10:05 a.m. Respective counsel and defendant are present to put trial matters on the record out of the presence of the jury. The Deputy District Attorney motions the court to amend the Information on its face at page 2, line 10 to reflect "proximately caused death to ... " and page 2, line 14 to reflect, "caused death to..." the motions is granted and the amendments made on the face of the Information.

10:15 a.m. The jury is now present in the courtroom and the Court reads instructions on the law before closing arguments.

11:15 a.m. The jury is admonished for the morning recess.

11:50 a.m. The jury is dismissed for the lunch recess.

1:38 p.m. All parties are once again present and counsel for the People give their closing argument.

2:10 p.m. Counsel for the defendant gives their closing argument.

2:58 p.m. The jury is admonished for the afternoon recess.

3:20 p.m. All parties are once again present and the counsel for the People give their rebuttal argument.

3:55 p.m. The Court reads the final instructions to the jury before deliberations.

3:58 p.m. The Bailiff is sworn to take charge of the deliberating jury and the jurors retire to the jury deliberation room.

4:20 p.m. The jury breaks for their evening recess and will return on March 20, 2003 at 9:30 a.m. to start their deliberations.

4:25 .m. Court is in recess for the evening.

70-401 (REV. 8/01)

**RENE DAVIDSON COURTHOUSE**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA    C00350

**CLERKS DOCKET AND MINUTES**

KILGORE, IVAN                                    DEPT. 006   CRT. DATE/TIME  3/20/03   09:30

EVENT NAME  KILGORE, IVAN DAWNELL                RPT. NO.  00-64017   DOCK NO. 141033

PROC. FJT                          CEN. 0373689   PFN. BBV550 A DAY  11/01/00  SJ DATE  9/26/03
COUNTS                                           PIC 00S00   AAG-OPD   ACITY OA

CHARGES  1)F187 SC&USE PC 1 PR

STAT  SET  BAIL    $0.00    TOTAL DAYS IN CUSTODY:   869

BAIL _____ STAT. _____ BOND DT. _____ BOND CO. _____ DOB  05/05/75

BAIL _____ STAT. _____ BOND DT. _____ BOND CO. _____ BAC

FINE/REST. _____ DATE PAID _____ REC. NO. NORTH 1   TIME WAIVED    NTW  3/14/03

**PROCEEDING**                        DCCO:

JUDGE  KENNETH KINGSBURY              DEP. D.A. DARRYL STALLWORTH
DEP. CLERK  WANDA BOYNS               DEF. ATTY. DEBORAH LEVY                    ☐ Not Present
REPORTER  GERALD DOHRMANN             OTHERS

Defendant:  ☒ Present   ☐ Not Present   ☐ Excused   ☒ In Custody   ☐ Pro Per

☐ Interpreter _____ is present. Language spoken: _____
☐ Defendant duly arraigned/advised as to constitutional rights ☐ Defendant waives arraignment ☐ Waiver of Rights filed
☐ Defendant served: ☐ _____ Complaint ☐ Discovery ☐ Petition ☐ Motion ☐ Protective Order (PC 136.2)
☐ Referred to Public Defender   ☐ Public Defender files conflict   ☐ Financially ineligible   ☐ Private counsel appointed
☐ Plea Withdrawn ☐ Change of Plea ☐ Plea to count(s) _____   ☐ Not Guilty  ☐ Guilty  ☐ No Contest/Found Guilty
☐ Stipulates to:  lesser included / reasonably related  offense of count(s) _____ to charge(s) _____
☐ ime waived for: ☐ Preliminary Examination _____ days ☐ Trial ☐ Sentence   ☐ Time not waived ☐ Time waiver withdrawn
☐ Clauses: ☐ Stricken _____   ☐ Admitted _____   ☐ Sentencing Purposes Only
☐ Priors: ☐ Stricken _____   ☐ Admitted _____   ☐ Denied
☐ Probation:  ☐ Conditional Sentence:  ☐ Granted for _____ years/months  ☐ See attached conditions
☐ Revoked ☐ Restored ☐ Modified ☐ Extended to _____ ☐ Continue on same terms and conditions ☐ Terminated
☐ Defendant admits probation violation ☐ Previous order revoking probation vacated, set aside, defendant restored to probation
☐ Submit to search and seizure of person, residence, vehicle or any property under defendant's control _____
☐ No contact with / not to annoy _____, directly or indirectly: stay at least _____ away
☐ Additional order(s): _____
☐ Petition/Motion _____                                ☐ Granted ☐ Denied ☐ Withdrawn
☐ Referred to:  ☐ Probation Dept.  ☐ Financial Hearing Officer ☐ _____
Restitution: ☐ Referred to _____ for Determination ☐ Ordered ☐ Reserved ☐ Modified
☐ Bail Forfeited ☐ Bail Forfeiture Set Aside ☐ Bail Reinstated ☐ Bail Exonerated ☐ Summary Judgment Entered
☐ Bench Warrant: ☐ Issued ☐ Withheld ☐ Withdrawn ☐ Bail Set at $ _____ ☐ No Cite Release ☐ Night Service

        2X    CERT-CRT:WWM

ont. Date: 3-24-03  Time: 0930 Dept. 06 Proc.: FJT  Date: _____ Time: _____ Dept. _____ Proc.: _____

☐  ; Codes: _____

DOCKET NAME  KILGORE, IVAN DAWNELL                        CT. DATE  3/20/03   DOCK NO.  141033

**C00351**

(7/00)

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

Dept. No. 006

Date: **March 20, 2003**        Hon. **KENNETH R. KINGSBURY**, Judge        Wanda Boyns, Dep.Clk.
                                                                          Gerald Dohrmann, Reporter

---

THE PEOPLE OF THE STATE OF CALIFORNIA        Counsel appearing        Darryl Stallworth, Deputy
                                             for Plaintiff            District Attorney
                    Plaintiff

vs.                                          Counsel appearing        Deborah Levy, Esq
                                             for Defendant
**IVAN KILGORE**

                    Defendant

---

NATURE OF PROCEEDINGS:        **JURY TRIAL DAY EIGHT**        Case No. **141033**
                                                            PFN: **BBV550**
                                                            CEN: **0373689**

Above entitled action comes on calendar this date having been continued from March 19, 2003 for jury trial.

9:38 a.m. All deliberating jurors are present and start their deliberations. A second Bailiff is sworn to take charge of the jury.

10:10 a.m. The Court has received a written request from the jury asking for certain exhibits and the exhibits requested are taken to the jury deliberation room.

11:45 a.m. The jury stops deliberations for their lunch recess.

1:55 p.m. All jurors having returned from their lunch break resume their deliberations.

2:30 p.m. The Court has received another written request from the jury and counsel appeared regarding the requests. The Court with approval of counsel responds to their request in writing.

2:55 p.m. The Court receives another written request from the jury and provides them with the item requested.

3:43 p.m. The jury breaks from deliberations for their afternoon recess.

3:53 p.m. All jurors are once again present and resume deliberations.

4:05 p.m. The Court has received another written request from the jury and after the attorneys return to the courtroom a response is sent to the jury in writing.

4:30 p.m. The jury breaks for the evening and will return on March 24, 2003 at 9:30 a.m. for further deliberations.

3-20-03

(12/00)                                                                    C00352

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

THE PEOPLE OF THE STATE OF CALIFORNIA    **F I L E D**        Dept. No. 006
                                          ALAMEDA COUNTY
              Plaintiff                                      Case No. **141033**
                                                            PFN: **BBV550**
vs.                                       MAR 2 4 2003       CEN: **0373689**

**IVAN KILGORE**                          CLERK OF THE SUPERIOR COURT
                                          By _Wanda G. Deyne_
              Defendant                                        **DEPUTY**

---

# VERDICT OF JURY

We, the jury in the above-entitled cause find the defendant, IVAN KILGORE, **GUILTY** of a felony, to wit:

**MURDER in the FIRST DEGREE,** a violation of Section 187 of the Penal Code of California as charged in

the Information.

## SPECIAL CIRCUMSTANCE

We, the jury further find ___TRUE___ the alleged special circumstance that the murder in the first degree was
                          true / not true

intentional and perpetrated by means of discharging a firearm from a motor vehicle, intentionally at another person

or persons outside the vehicle with the intent to inflict death.

We, the jury further find that in and during the commission and attempted commission of the above offense, the

said defendant, IVAN KILGORE, ___DID___ personally and intentionally discharge a firearm and proximately
                              did / did not

cause death to WILLIAM ANDERSON. (12022.53 (d) P.C.)

Dated: ___MARCH 24, 2003___                    ___6___
                                               Foreperson Number

(Original: File stamped, sealed; copy placed in file and redacted-- without jurors' names)

GV 1st

40

C00353

FILED
ALAMEDA COUNTY

MAR 2 4 2003

CLERK OF THE SUPERIOR COURT
By _Wanda  G. Bryne_
DEPUTY

# PEOPLE

# VS.

# IVAN KILGORE

# CASE # 141033

# JURY AND/OR ALTERNATE NOTES

35

C00354

3/17/03

Your Honor,

As I told you during the jury selection process, I will have a doctor's appointment on MARCH 18 at 1:30 Pm (Tuesday).

I ask the court's permission to excuse me on Tuesday (3/17/03) from 1:30 Pm in order to attend this appointment in Fremont.

Thank you,
Demetrio Ponce
Juror #1

RECEIVED
MAR 17 2003

C00355

(RCD-8/00)

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

THE PEOPLE OF THE STATE OF CALIFORNIA, Plaintiff

Dept. No. 006

vs.

Case No. **141033**

**IVAN KILGORE**, Defendant

## REQUEST BY THE JURY

In the above-entitled cause, request the following:

WE REQUEST TO SEE THE FOLLOWING EXHIBITS:

People    1
          2
          5
          7
          8 B
          10
          12

Defense   A - D

F I L E D
ALAMEDA COUNTY

MAR 2 0 2003

CLERK OF THE SUPERIOR COURT
By Wanda G. Green
                    DEPUTY

Dated: _____3-20-2003_____          Juror No.: ___6___

Time: ___10:10 am___

Jury Request

(RCD-8/00)                                                                    C00356

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

THE PEOPLE OF THE STATE OF CALIFORNIA, Plaintiff          Dept. No. 006

vs.                                                        Case No. **141033**

**IVAN KILGORE**, Defendant

---

## REQUEST BY THE JURY

In the above-entitled cause, request the following:

REQUEST TECH'S DIAGRAM OF CRIME SCENE.
(WE THINK THIS IS ITEM #4).

F I L E D
ALAMEDA COUNTY

MAR 2 0 2003

CLERK OF THE SUPERIOR COURT
By Wanda G. Bacoin
DEPUTY

Dated: 3 - 20 - 2003                    Juror No.: 6

Time: 2 : 55

Jury Request

(RCD-8/00)

C00357

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

THE PEOPLE OF THE STATE OF CALIFORNIA, Plaintiff          Dept. No. 006

vs.                                                       Case No. **141033**

**IVAN KILGORE**, Defendant

====================================================================

## REQUEST BY THE JURY

In the above-entitled cause, request the following:

WE WOULD LIKE A RE-READ OF ALL TESTIMONY OF
SHANAE ANDERSON AND OF THESE PORTIONS OF SGT. GREEN's
TESTIMONY THAT REFER TO HIS INTERVIEW OF SHANAE ON
July 16-17 2000.

FILED
ALAMEDA COUNTY

MAR 2 4 2003

CLERK OF THE SUPERIOR COURT
By Wanda G. Brown
                    DEPUTY

Dated: __3-24-2003__                 Juror No.: __6__

Time: __9:55 am__

Jury Request

C00358

(RCD-8/00)

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

THE PEOPLE OF THE STATE OF CALIFORNIA, Plaintiff          Dept. No. 006

vs.                                                       Case No. **141033**

**IVAN KILGORE**, Defendant

## REQUEST BY THE JURY

In the above-entitled cause, request the following:

WE WOULD LIKE 12 COPIES OF THE IN-COURT
TESTIMONY OF:

    SHANAE ANDERSON
    BIANCA MOORE
    SGT. GREEN

IS IT POSSIBLE TO HAVE THIS MONDAY MORNING?

FILED
ALAMEDA COUNTY

MAR 2 4 2003

CLERK OF THE SUPERIOR COURT
By Wanda _____
                        DEPUTY

Dated: __3-20-2003__          Juror No.: __6__

Time: __4:05 pm__

Jury Request

C00359

Unlike copies of jury instructions, court procedures do not permit transcripts of testimony to be provided.

Mr. Dohrmann, the courts reporter, has advised me that he can have this material prepared for "re-read" on Monday. It should be noted that reading the entire testimony of these witnesses will probably take most of the day, perhaps longer. If you have a particular area or areas of concern, it may take much less time if your request were to focus on those areas. However, if your request is for all of the testimony of each of the witnesses, it will be provided commencing Monday morning

C00360

(RCD-8/00)

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

THE PEOPLE OF THE STATE OF CALIFORNIA, Plaintiff          Dept. No. 006

vs.                                                       Case No. **141033**

**IVAN KILGORE**, Defendant

---

## REQUEST BY THE JURY

In the above-entitled cause, request the following:

Request Exhibit

People's 4 .

Also, tape + transcript of evening interviews with Shanee Anderson and Bianca Moore.

FILED
ALAMEDA

MAR 2 4 2003

CLERK OF THE
By Wanda

Dated: 3-20-2003                         Juror No.: 6

Time: 2:30 pm

Jury Request

C00361

**PEOPLE OF THE STATE OF CALIFORNIA**                    **141033**

vs.

**IVAN KILGORE**

## RESPONSE OF THE COURT

We believe you have Exhibit #4

Although testimony was had concerning the 7/16/00 and 7/17/00 interviews with
Shanee Anderson and Bianca Moore, neither side had these items marked for
identification nor was any portion of those tapes played as a part of the evidence in
this case. The tapes are not part of the evidence received during the trial.

Kenneth R. Kingsbury, Judge

C00362



**FILED**
ALAMEDA COUNTY

MAR 2 4 2003

CLERK OF THE SUPERIOR COURT
By _Wanda G. Boyns_
DEPUTY

# PEOPLE

# VS.

# IVAN KILGORE

# CASE # 141033

# PROSPECTIVE JUROR NOTES

37

David Sinclair - Juror # 1

C00363

I would like to ask for
hardship. My wife is 12 weeks
pregnant and a test has come up
with an abnormal reading.
I missed an appointment with
her doctor this morning, and
her doctor said I ~~must~~ attend
~~genetic~~ genetic counseling with
my wife. I believe it will
impair my attention during
a trial.

David Sinclair
3/6/03



000064

FILED
ALAMEDA COUNTY

MAR 2 4 2003

CLERK OF THE SUPERIOR COURT
By Wanda G. Beymr
DEPUTY

# PEOPLE

# VS.

# IVAN KILGORE

# CASE # 141033

# INSTRUCTIONS GIVEN
# TO THE JURY ON

## MAR 1 9 2003

39

## CALJIC 1.00 (1999 Revision)

C00365

## RESPECTIVE DUTIES OF JUDGE AND JURY

### 1.00

Members of the Jury:

You have heard all the evidence and will soon hear the arguments of the attorneys. It is my duty to instruct you on the law that applies to this case. The law requires that I read the instructions to you and you will have these instructions in written form in the jury room to refer to during your deliberations.

You must base your decision on the facts and the law.

You have two duties to perform. First, you must determine what facts have been proved from the evidence received in the trial and not from any other source. A "fact" is something proved by the evidence or by stipulation. A stipulation is an agreement between attorneys regarding the facts. Second, you must apply the law that I state to you, to the facts, as you determine them, and in this way arrive at your verdict or verdicts, and any finding you may be instructed to include in your verdict or verdicts.

You must accept and follow the law as I state it to you, regardless of whether you agree with the law. If anything concerning the law said by the attorneys in their arguments or at any other time during the trial conflicts with my instructions on the law, you must follow my instructions.

You must not be influenced by pity for or prejudice against a defendant. You must not be biased against the defendant because he has been arrested for this offense, charged with a crime, is currently in custody, or has been brought to trial. None of these circumstances is evidence of guilt and you must not infer or assume from any or all of them that the defendant is more likely to be guilty than not guilty. You must not be influenced by sentiment, conjecture, sympathy, passion, prejudice, public opinion or public feeling. Both the People and the defendant have a right to expect that you will conscientiously consider and weigh the evidence, apply the law, and reach a just verdict or verdicts regardless of the consequences.

## INSTRUCTIONS TO BE CONSIDERED AS A WHOLE

1.01

If any rule, direction or idea is repeated or stated in different ways in these instructions, no emphasis is intended and you must not draw any inference because of its repetition. Do not single out any particular sentence or any individual point or instruction and ignore the others. Consider the instructions as a whole and each in light of all the others.

The order in which the instructions are given has no significance as to their relative importance.

## ALL INSTRUCTIONS NOT NECESSARILY APPLICABLE

17.31

The purpose of the court's instructions is to provide you with the applicable law so that you may arrive at a just and lawful verdict. Whether some instructions apply will depend upon what you find to be the facts. Disregard any instruction which applies to facts determined by you not to exist. Do not conclude that because an instruction has been given I am expressing an opinion as to the facts.

### STATEMENTS OF COUNSEL--EVIDENCE STRICKEN OUT--
### INSINUATIONS OF QUESTIONS--STIPULATED FACTS

1.02

Statements made by the attorneys during the trial are not evidence.

However, if the attorneys have stipulated or agreed to a fact, you must regard that fact as proven.

If an objection was sustained to a question, do not guess what the answer might have been. Do not speculate as to the reason for the objection.

Do not assume to be true any insinuation suggested by a question asked of a witness. A question is not evidence and may be considered only as it helps you to understand the answer.

Do not consider for any purpose any offer of evidence that was rejected, or any evidence that was stricken by the court; treat it as though you had never heard of it.

**CALJIC 1.03 (1998 Revision)**

C00369

## JUROR FORBIDDEN TO MAKE ANY INDEPENDENT INVESTIGATION

**1.03**

You must decide all questions of fact in this case from the evidence received in this trial and not from any other source.

You must not independently investigate the facts or the law or consider or discuss facts as to which there is no evidence. This means, for example, that you must not on your own visit the scene, conduct experiments, or consult reference works or persons for additional information.

You must not discuss this case with any other person except a fellow juror, and then only after the case is submitted to you for your decision and only when all twelve jurors are present in the jury room.

**CALJIC 1.05**

C00370

### JUROR'S USE OF NOTES

**1.05**

You have been given notebooks and pens for the purpose of taking notes. Leave them on your seat in the jury room when you leave each day and at each recess. You will be able to use them in the jury room when you deliberate.

A word of caution: You may have taken notes; however, you should not permit your notes to distract you from the ongoing proceedings.

Notes are only an aid to memory and should not take precedence over recollection. A juror who did not take notes should rely on his or her recollection of the evidence and not be influenced by the fact that other jurors did take notes. Notes are for the note-taker's own personal use in refreshing his or her recollection of the evidence.

Finally, should any discrepancy exist between a juror's recollection of the evidence and a juror's notes, or between one juror's recollection and that of another, you may request that the reporter read back the relevant testimony which must prevail.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE--INFERENCES

### 2.00

Evidence consists of testimony of witnesses, writings, material objects, or anything presented to the senses and offered to prove the existence or non-existence of a fact.

Evidence is either direct or circumstantial.

Direct evidence is evidence that directly proves a fact. It is evidence which by itself, if found to be true, establishes that fact.

Circumstantial evidence is evidence that, if found to be true, proves a fact from which an inference of the existence of another fact may be drawn.

An inference is a deduction of fact that may logically and reasonably be drawn from another fact or group of facts established by the evidence.

It is not necessary that facts be proved by direct evidence. They may be proved also by circumstantial evidence or by a combination of direct and circumstantial evidence. Both direct and circumstantial evidence are acceptable as a means of proof. Neither is entitled to any greater weight than the other.

**CALJIC 2.01**

## SUFFICIENCY OF CIRCUMSTANTIAL EVIDENCE--GENERALLY

### 2.01

However, a finding of guilt as to any crime may not be based on circumstantial evidence unless the proved circumstances are not only (1) consistent with the theory that the defendant is guilty of the crime, but (2) cannot be reconciled with any other rational conclusion.

Further, each fact which is essential to complete a set of circumstances necessary to establish the defendant's guilt must be proved beyond a reasonable doubt. In other words, before an inference essential to establish guilt may be found to have been proved beyond a reasonable doubt, each fact or circumstance on which the inference necessarily rests must be proved beyond a reasonable doubt.

Also, if the circumstantial evidence permits two reasonable interpretations, one of which points to the defendant's guilt and the other to his innocence, you must adopt that interpretation that points to the defendant's innocence, and reject that interpretation that points to his guilt.

If, on the other hand, one interpretation of this evidence appears to you to be reasonable and the other interpretation to be unreasonable, you must accept the reasonable interpretation and reject the unreasonable.

**CALJIC 2.03**

C00373

### CONSCIOUSNESS OF GUILT--FALSEHOOD

2.03

If you find that before this trial the defendant made a willfully false or deliberately misleading statement concerning the crime for which he is now being tried, you may consider that statement as a circumstance tending to prove a consciousness of guilt. However, that conduct is not sufficient by itself to prove guilt, and its weight and significance, if any, are for you to decide.

## EFFORTS TO SUPPRESS EVIDENCE

2.06

If you find that a defendant attempted to suppress evidence against himself in any manner, such as by an offer to compensate a witness or by concealing evidence, this attempt may be considered by you as a circumstance tending to show a consciousness of guilt. However, this conduct is not sufficient by itself to prove guilt, and its weight and significance, if any, are for you to decide.

**CALJIC 2.09**

## EVIDENCE LIMITED AS TO PURPOSE

2.09

Certain evidence was admitted for a limited purpose.

At the time this evidence was admitted you were instructed that it could not be considered by you for any purpose other than the limited purpose for which it was admitted.

Do not consider this evidence for any purpose except the limited purpose for which it was admitted.

**CALJIC 2.11**

## PRODUCTION OF ALL AVAILABLE EVIDENCE NOT REQUIRED

2.11

Neither side is required to call as witnesses all persons who may have been present at any of the events disclosed by the evidence or who may appear to have some knowledge of these events. Neither side is required to produce all objects or documents mentioned or suggested by the evidence.

## UNJOINED PERPETRATORS OF SAME CRIME

### 2.11.5

There has been evidence in this case indicating that a person other than defendant was or may have been involved in the crime for which the defendant is on trial.

There may be many reasons why that person is not here on trial. Therefore, do not discuss or give any consideration as to why the other person is not being prosecuted in this trial or whether he has been or will be prosecuted. Your duty is to decide whether the People have proved the guilt of the defendant on trial.

## PRIOR CONSISTENT OR INCONSISTENT STATEMENTS AS EVIDENCE

2.13

Evidence that at some other time a witness made a statement or statements that is or are inconsistent or consistent with his or her testimony in this trial, may be considered by you not only for the purpose of testing the credibility of the witness, but also as evidence of the truth of the facts as stated by the witness on that former occasion.

If you disbelieve a witness's testimony that he or she no longer remembers a certain event, that testimony is inconsistent with a prior statement or statements by him or her describing that event.

## BELIEVABILITY OF WITNESS

### 2.20

Every person who testifies under oath or affirmation is a witness. You are the sole judges of the believability of a witness and the weight to be given the testimony of each witness.

In determining the believability of a witness you may consider anything that has a tendency to prove or disprove the truthfulness of the testimony of the witness, including but not limited to any of the following:

The extent of the opportunity or ability of the witness to see or hear or otherwise become aware of any matter about which the witness testified;

The ability of the witness to remember or to communicate any matter about which the witness testified;

The character and quality of that testimony;

The demeanor and manner of the witness while testifying;

The existence or nonexistence of a bias, interest, or other motive;

The existence or nonexistence of any fact testified to by the witness;

The attitude of the witness toward this action or toward the giving of testimony;

A statement previously made by the witness that is consistent or inconsistent with his or her testimony;

The witness's prior conviction of a felony;

An admission by the witness of untruthfulness;

Whether the witness testifed in return for consideration regarding his potential sentence in a case factually related to the charge for which the defendant is currently on trial.

## CALJIC 2.21.1 (2001 Revision)

C00380

## DISCREPANCIES IN TESTIMONY

### 2.21.1

Discrepancies in a witness's testimony or between a witness's testimony and that of other witnesses, if there were any, do not necessarily mean that any witness should be discredited. Failure of recollection is common. Innocent misrecollection is not uncommon. Two persons witnessing an incident or a transaction often will see or hear it differently. You should consider whether a discrepancy relates to an important matter or only to something trivial.

**CALJIC 2.21.2**

C00381

## WITNESS WILLFULLY FALSE

2.21.2

A witness, who is willfully false in one material part of his or her testimony, is to be distrusted in others. You may reject the whole testimony of a witness who willfully has testified falsely as to a material point, unless, from all the evidence, you believe the probability of truth favors his or her testimony in other particulars.

## WEIGHING CONFLICTING TESTIMONY

### 2.22

You are not bound to decide an issue of fact in accordance with the testimony of a number of witnesses, which does not convince you, as against the testimony of a lesser number or other evidence, which appeals to your mind with more convincing force. You may not disregard the testimony of the greater number of witnesses merely from caprice, whim or prejudice, or from a desire to favor one side against the other. You must not decide an issue by the simple process of counting the number of witnesses who have testified on the opposing sides. The final test is not in the relative number of witnesses, but in the convincing force of the evidence.

## BELIEVABILITY OF WITNESS--CONVICTION OF A FELONY

2.23

The fact that a witness has been convicted of a felony, if this is a fact, may be considered by you only for the purpose of determining the believability of that witness. The fact of a conviction does not necessarily destroy or impair a witness's believability. It is one of the circumstances that you may take into consideration in weighing the testimony of that witness.

**CALJIC 2.27**

C00384

### SUFFICIENCY OF TESTIMONY OF ONE WITNESS

2.27

You should give the uncorroborated testimony of a single witness whatever weight you think it deserves. Testimony by one witness which you believe concerning any fact whose testimony about that fact does not require corroboration is sufficient for the proof of that fact. You should carefully review all the evidence upon which the proof of that fact depends.

**CALJIC 2.51**                                             C00385

## MOTIVE

2.51

Motive is not an element of the crime charged and need not be shown. However, you may consider motive or lack of motive as a circumstance in this case. Presence of motive may tend to establish the defendant is guilty. Absence of motive may tend to show the defendant is not guilty.

**CALJIC 2.52**

## FLIGHT AFTER CRIME

C00386

2.52

The flight of a person immediately after the commission of a crime, or after he is accused of a crime, is not sufficient in itself to establish his guilt, but is a fact which, if proved, may be considered by you in the light of all other proved facts in deciding whether a defendant is guilty or not guilty. The weight to which this circumstance is entitled is a matter for you to decide.

**CALJIC 2.60**

C00387

## DEFENDANT NOT TESTIFYING--NO INFERENCE OF GUILT MAY BE DRAWN

2.60

A defendant in a criminal trial has a constitutional right not to be compelled to testify. You must not draw any inference from the fact that a defendant does not testify. Further, you must neither discuss this matter nor permit it to enter into your deliberations in any way.

**CALJIC 2.61**

C00388

## DEFENDANT MAY RELY ON STATE OF EVIDENCE

2.61

In deciding whether or not to testify, the defendant may choose to rely on the state of the evidence and upon the failure, if any, of the People to prove beyond a reasonable doubt every essential element of the charge against him. No lack of testimony on defendant's part will make up for a failure of proof by the People so as to support a finding against him on any such essential element.

## EXPERT TESTIMONY--QUALIFICATIONS OF EXPERT

### 2.80

A witness who has special knowledge, skill, experience, training or education in a particular subject has testified to certain opinions. Any such witness is referred to as an expert witness. In determining what weight to give to any opinion expressed by an expert witness, you should consider the qualifications and believability of the witness, the facts or materials upon which each opinion is based, and the reasons for each opinion.

An opinion is only as good as the facts and reasons on which it is based. If you find that any fact has not been proved, or has been disproved, you must consider that in determining the value of the opinion. Likewise, you must consider the strengths and weaknesses of the reasons on which it is based.

You are not bound by an opinion. Give each opinion the weight you find it deserves. You may disregard any opinion if you find it to be unreasonable.

**CALJIC 2.82**

HYPOTHETICAL QUESTIONS                C00390

2.82

 In examining an expert witness, counsel may ask a hypothetical question. This is a question in which the witness is asked to assume the truth of a set of facts, and to give an opinion based on that assumption.

 In permitting such a question, the court does not rule, and does not necessarily find that all the assumed facts have been proved. It only determines that those assumed facts are within the possible range of the evidence. It is for you to decide from all the evidence whether or not the facts assumed in a hypothetical question have been proved. If you should decide that any assumption in a question has not been proved, you are to determine the effect of that failure of proof on the value and weight of the expert opinion based on the assumed facts.

**CALJIC 2.81**

C00391

## OPINION TESTIMONY OF LAY WITNESS

2.81

In determining the weight to be given to an opinion expressed by any witness , you should consider his or her believability, the extent of his or her opportunity to perceive the matters upon which his or her opinion is based and the reasons, if any, given for it. You are not required to accept an opinion but should give it the weight, if any, to which you find it entitled.

## PRESUMPTION OF INNOCENCE--REASONABLE DOUBT--
## BURDEN OF PROOF

2.90

A defendant in a criminal action is presumed to be innocent until the contrary is proved, and in case of a reasonable doubt whether his guilt is satisfactorily shown, he is entitled to a verdict of not guilty. This presumption places upon the People the burden of proving him guilty beyond a reasonable doubt.

Reasonable doubt is defined as follows: It is not a mere possible doubt; because everything relating to human affairs is open to some possible or imaginary doubt. It is that state of the case which, after the entire comparison and consideration of all the evidence, leaves the minds of the jurors in that condition that they cannot say they feel an abiding conviction of the truth of the charge.

## BURDEN OF PROVING IDENTITY BASED SOLELY ON EYEWITNESSES

2.91

The burden is on the People to prove beyond a reasonable doubt that the defendant is the person who committed the crime with which he is charged.

If, after considering the circumstances of the identification and any other evidence in this case, you have a reasonable doubt whether defendant was the person who committed the crime, you must give the defendant the benefit of that doubt and find him not guilty.

**CALJIC 2.92**

C00394

## FACTORS TO CONSIDER IN PROVING IDENTITY
## BY EYEWITNESS TESTIMONY

2.92

Eyewitness testimony has been received in this trial for the purpose of identifying the defendant as the perpetrator of the crime charged. In determining the weight to be given eyewitness identification testimony, you should consider the believability of the eyewitness as well as other factors which bear upon the accuracy of the witness's identification of the defendant, including, but not limited to, any of the following:

The opportunity of the witness to observe the alleged criminal act and the perpetrator of the act;

The stress, if any, to which the witness was subjected at the time of the observation;

The witness's ability, following the observation, to provide a description of the perpetrator of the act;

The extent to which the defendant either fits or does not fit the description of the perpetrator previously given by the witness;

The period of time between the alleged criminal act and the witness's identification;

Whether the witness had prior contacts with the alleged perpetrator;

The extent to which the witness is either certain or uncertain of the identification;

Whether the witness's identification is in fact the product of his or her own recollection and;

Any other evidence relating to the witness's ability to make an identification.

**CALJIC 3.10**

## ACCOMPLICE--DEFINED

3.10

An accomplice is a person who was subject to prosecution for the identical offense charged in the Information against the defendant on trial by reason of aiding and abetting.

CRIMINAL INTENT NECESSARY TO MAKE ONE AN ACCOMPLICE

3.14

Merely assenting to or aiding or assisting in the commission of a crime without knowledge of the unlawful purpose of the perpetrator and without the intent or purpose of committing, encouraging or facilitating the commission of the crime is not criminal. Thus a person who assents to, or aids, or assists in, the commission of a crime without that knowledge and without that intent or purpose is not an accomplice in the commission of the crime.

## CALJIC 3.11 (1999 Revision)

C00397

### TESTIMONY OF ACCOMPLICE MUST BE CORROBORATED

3.11

You cannot find a defendant guilty based upon the testimony of an accomplice unless that testimony is corroborated by other evidence which tends to connect the defendant with the commission of the offense.

Testimony of an accomplice includes any out-of- court statement purportedly made by an accomplice received for the purpose of proving that what the accomplice stated out-of-court was true.

## SUFFICIENCY OF EVIDENCE TO CORROBORATE AN ACCOMPLICE

3.12

To corroborate the testimony of an accomplice there must be evidence of some act or fact related to the crime which, if believed, by itself and without any aid, interpretation or direction from the testimony of the accomplice, tends to connect the defendant with the commission of the crime charged.

However, it is not necessary that the evidence of corroboration be sufficient in itself to establish every element of the crime charged, or that it corroborate every fact to which the accomplice testifies.

In determining whether an accomplice has been corroborated, you must first assume the testimony of the accomplice has been removed from the case. You must then determine whether there is any remaining evidence which tends to connect the defendant with the commission of the crime.

If there is no independent evidence which tends to connect defendant with the commission of the crime, the testimony of the accomplice is not corroborated.

If there is independent evidence which you believe, then the testimony of the accomplice is corroborated.