**CALJIC 3.18 (1999 Revision)**                    C00399

TESTIMONY OF ACCOMPLICE TO BE VIEWED WITH CARE AND
CAUTION

3.18

To the extent that an accomplice gives testimony that tends to incriminate the defendant, it should be viewed with caution. This does not mean, however, that you may arbitrarily disregard that testimony. You should give that testimony the weight you think it deserves after examining it with care and caution and in the light of all the evidence in this case.

## JUSTIFIABLE HOMICIDE IN SELF-DEFENSE

5.12

The killing of another person in self-defense is justifiable and not unlawful when the person who does the killing actually and reasonably believes:

1. That there is imminent danger that the other person will either kill him or cause him great bodily injury; and

2. That it is necessary under the circumstances for him to use in self-defense force or means that might cause the death of the other person, for the purpose of avoiding death or great bodily injury to himself. A bare fear of death or great bodily injury is not sufficient to justify a homicide. To justify taking the life of another in self-defense, the circumstances must be such as would excite the fears of a reasonable person placed in a similar position, and the party killing must act under the influence of those fears alone. The danger must be apparent, present, immediate and instantly dealt with, or must so appear at the time to the slayer as a reasonable person, and the killing must be done under a well-founded belief that it is necessary to save one's self from death or great bodily harm.

## CHARGE OF MURDER--BURDEN OF PROOF RE JUSTIFICATION OR EXCUSE

### 5.15

Upon a trial of a charge of murder, a killing is lawful, if it was justifiable. The burden is on the prosecution to prove beyond a reasonable doubt that the homicide was unlawful, that is, not justifiable. If you have a reasonable doubt that the homicide was unlawful, you must find the defendant not guilty.

**CALJIC 5.50**

C00402

## SELF-DEFENSE--ASSAILED PERSON NEED NOT RETREAT

5.50

A person threatened with an attack that justifies the exercise of the right of self-defense need not retreat. In the exercise of his right of self-defense a person may stand his ground and defend himself by the use of all force and means which would appear to be necessary to a reasonable person in a similar situation and with similar knowledge; and a person may pursue his assailant until he has secured himself from danger if that course likewise appears reasonably necessary. This law applies even though the assailed person might more easily have gained safety by flight or by withdrawing from the scene.

**CALJIC 5.17**

C00403

## ACTUAL BUT UNREASONABLE BELIEF IN
## NECESSITY TO DEFEND--MANSLAUGHTER

5.17

A person, who kills another person in the actual but unreasonable belief in the necessity to defend against imminent peril to life or great bodily injury, kills unlawfully, but does not harbor malice aforethought and is not guilty of murder. This would be so even though a reasonable person in the same situation seeing and knowing the same facts would not have had the same belief. Such an actual but unreasonable belief is not a defense to the crime of voluntary manslaughter.

As used in this instruction, an "imminent" peril means one that is apparent, present, immediate and must be instantly dealt with, or must so appear at the time to the slayer.

However, this principle is not available, and malice aforethought is not negated, if the defendant by his unlawful or wrongful conduct created the circumstances which legally justified his adversary's use of force or attack.

## CALJIC 8.00

### HOMICIDE--DEFINED

C00404

8.00

Homicide is the killing of one human being by another, either lawfully or unlawfully. Homicide includes murder and manslaughter, which are unlawful, and the acts of excusable and justifiable homicides, which are lawful.

MENTAL STATE

### 3.31.5

In the crime of Murder, as charged by the Information, the lesser crime of Voluntary Manslaughter, and the clauses and allegations attendant thereto, there must exist a union or joint operation of act or conduct and a certain mental state or specific intent in the mind of the perpetrator. Unless this mental state or specific intent exists the crime to which it relates is not committed or the allegation is not true.

The mental state or specific intent required to prove each crime and allegation charged is included in the definitions of the crimes and allegations set forth elsewhere in these instructions.

**CALJIC 8.10**

C00406

MURDER--DEFINED
(PENAL CODE § 187)

8.10

The Defendant is accused by the Information of having committed the crime of murder, a violation of Penal Code section 187.

Every person who unlawfully kills a human being with malice aforethought , is guilty of the crime of murder in violation of section 187 of the Penal Code.

A killing is unlawful, if it was neither justifiable nor excusable.

In order to prove this crime, each of the following elements must be proved:

1. A human being was killed;
2. The killing was unlawful; and
3. The killing was done with malice aforethought.

## "MALICE AFORETHOUGHT"--DEFINED

8.11

"Malice" may be either express or implied.

Malice is express when there is manifested an intention unlawfully to kill a human being.

Malice is implied when:

1. The killing resulted from an intentional act,

2. The natural consequences of the act are dangerous to human life, and

3. The act was deliberately performed with knowledge of the danger to, and with conscious disregard for, human life.

When it is shown that a killing resulted from the intentional doing of an act with express or implied malice, no other mental state need be shown to establish the mental state of malice aforethought.

The mental state constituting malice aforethought does not necessarily require any ill will or hatred of the person killed.

The word "aforethought" does not imply deliberation or the lapse of considerable time. It only means that the required mental state must precede rather than follow the act.

## CALJIC 8.20

C00408

### DELIBERATE AND PREMEDITATED MURDER

8.20

All murder which is perpetrated by any kind of willfull, deliberate and premeditated killing with express malice aforethought is murder of the first degree.

The word "willfull," as used in this instruction, means intentional.

The word "deliberate" means formed or arrived at or determined upon as a result of careful thought and weighing of considerations for and against the proposed course of action. The word "premeditated" means considered beforehand.

If you find that the killing was preceded and accompanied by a clear, deliberate intent on the part of the defendant to kill, which was the result of deliberation and premeditation, so that it must have been formed upon pre-existing reflection and not under a sudden heat of passion or other condition precluding the idea of deliberation, it is murder of the first degree.

The law does not undertake to measure in units of time the length of the period during which the thought must be pondered before it can ripen into an intent to kill which is truly deliberate and premeditated. The time will vary with different individuals and under varying circumstances.

The true test is not the duration of time, but rather the extent of the reflection. A cold, calculated judgment and decision may be arrived at in a short period of time, but a mere unconsidered and rash impulse, even though it includes an intent to kill, is not deliberation and premeditation as will fix an unlawful killing as murder of the first degree.

To constitute a deliberate and premeditated killing, the slayer must weigh and consider the question of killing and the reasons for and against such a choice and, having in mind the consequences, he decides to and does kill. It is not necessary to prove that the defendant maturely and meaningfully reflected upon the gravity of his act.

**CALJIC 8.25.1**

DRIVE-BY MURDER
(PENAL CODE § 189)

C00409

8.25.1

Murder which is perpetrated by means of discharging a firearm from a motor vehicle intentionally at another person outside of the vehicle when the perpetrator specifically intended to inflict death, is also murder of the first degree.

## UNPREMEDITATED MURDER OF THE SECOND DEGREE

8.30

Murder of the second degree is the unlawful killing of a human being with malice aforethought when the perpetrator intended unlawfully to kill a human being but the evidence is insufficient to prove deliberation and premeditation.

## SECOND DEGREE MURDER--KILLING RESULTINGC00411 FROM UNLAWFUL ACT DANGEROUS TO LIFE

8.31

Murder of the second degree is also the unlawful killing of a human being when:

1. The killing resulted from an intentional act,

2. The natural consequences of the act are dangerous to human life, and

3. The act was deliberately performed with knowledge of the danger to, and with conscious disregard for, human life.

When the killing is the direct result of such an act, it is not necessary to prove that the defendant intended that the act would result in the death of a human being.

**CALJIC 8.70**

CO0412

## DUTY OF JURY AS TO DEGREE OF MURDER

8.70

Murder is classified into two degrees. If you should find the defendant guilty of murder, you must determine and state in your verdict whether you find the murder to be of the first or second degree.

## SEPARATE THEORIES TO DETERMINE MURDER AND DEGREE OF MURDER

### S 8.70.1

To find the defendant guilty of the crime of murder, it is not necessary that all twelve jurors unanmiously agree on one or more of the separate theories of culpability proposed by the prosecution. It is sufficient that each juror is convinced beyond a reasonable doubt that the defendant is guilty of the crime of murder.

In other words, it is not necessary that all twelve jurors agree that the killing was committed with express malice or implied malice aforethought. It is sufficient that all twelve jurors agree that it was murder.

Additionally, to find the defendant guilty of murder in the first degree, it is not necessary that all twelve jurors agree that the murder was premeditated, deliberate, and wilfull or that the murder was committed by means of discharging a firearm from a motor vehicle intentionally at a person outside of the vehicle with the specific intent to inflict death. It is sufficient that all twelve jurors agree beyond a reasonable doubt that it is murder of the first degree.

**CALJIC 8.71**

C00414

DOUBT WHETHER FIRST OR SECOND DEGREE MURDER

8.71

If you are convinced beyond a reasonable doubt and unanimously agree that the crime of murder has been committed by a defendant, but you unanimously agree that you have a reasonable doubt whether the murder was of the first or of the second degree, you must give defendant the benefit of that doubt and return a verdict fixing the murder as of the second degree.

**CALJIC 8.80.1 (1997 Revision)**

C00415

## POST JUNE 5, 1990 SPECIAL
## CIRCUMSTANCES--INTRODUCTORY
## (PEN. CODE, § 190.2)

8.80.1

If you find the defendant in this case guilty of murder of the first degree, you must then determine if the following special circumstance is true or not true: that the murder was intentional and perpetrated by means of discharging a firearm from a motor vehicle intentionally at another person outside the vehicle with the intent to inflict death.

The People have the burden of proving the truth of this special circumstance. If you have a reasonable doubt as to whether a special circumstance is true, you must find it to be not true.

In order to find a special circumstance alleged in this case to be true or not true, you must agree unanimously.

You will state your special finding as to whether this special circumstance is true or not true on the form that will be supplied.

### SPECIAL CIRCUMSTANCES--INTENTIONAL DISCHARGE OF A FIREARM FROM A MOTOR VEHICLE
### (PENAL CODE § 190.2(a)(21))

8.81.21

To find that the special circumstance, referred to in these instructions as murder by means of an intentional discharge of a firearm from a motor vehicle, is true, it must be proved:

1. The murder was perpetrated by means of discharging a firearm from a motor vehicle;

2. The perpetrator intentionally discharged the firearm at another person or persons outside the vehicle; and

3. The perpetrator, at the time he discharged the firearm, intended to inflict death.

A "motor vehicle" is a vehicle which is self- propelled.

## INTENTIONAL AND PERSONAL DISCHARGE OF FIREARM/GREAT BODILY INJURY
### (PEN. CODE, § 12022.53, subd.   (d))

17.19.5

It is alleged by the Information that the defendant  intentionally and personally discharged a firearm and thereby caused death to a person other than an accomplice during the commission of the crime of murder as charged by the Information.

If you find the defendant guilty of the crime of murder as charged by the Information, you must determine whether the defendant intentionally and personally discharged a firearm and caused death to a person other than an accomplice in the commission of that felony.

The word "firearm" includes a shotgun.

The term "intentionally and personally discharged a firearm," as used in this instruction, means that the defendant himself must have intentionally discharged it.

The People have the burden of proving the truth of this allegation. If you have a reasonable doubt that it is true, you must find it to be not true.

Include a special finding on that question in your verdict, using a form that will be supplied for that purpose.

## CALJIC 8.37

MANSLAUGHTER--DEFINED
(PENAL CODE § 192)

C00418

8.37

The crime of manslaughter is the unlawful killing of a human being without malice aforethought. It is not divided into degrees but is of two kinds, namely, voluntary manslaughter and involuntary manslaughter. In this case you will receive instructions on first and second degree murder, and voluntary manslaughter. The crime of involuntary manslaughter is not applicable.

VOLUNTARY MANSLAUGHTER--DEFINED    C00419
(PEN. CODE, § 192, subd. (a))

8.40

Voluntary Manslaughter in violation of Section 192(a) of the Penal Code is a lesser crime to that of Murder as charged by the Information.

Every person who unlawfully kills another human being without malice aforethought but either with an intent to kill, or in conscious disregard for human life, is guilty of voluntary manslaughter in violation of Penal Code section 192, subdivision (a).

There is no malice aforethought if the killing occurred in the actual but unreasonable belief in the necessity to defend oneself against imminent peril to life or great bodily injury.

"Conscious disregard for life," as used in this instruction, means that a killing results from the doing of an intentional act, the natural consequences of which are dangerous to life, which act was deliberately performed by a person who knows that his or her conduct endangers the life of another and who acts with conscious disregard for life.

In order to prove this crime, each of the following elements must be proved:

1. A human being was killed;

2. The killing was unlawful; and

3. The perpetrator of the killing either intended to kill the alleged victim, or acted in conscious disregard for life; and

4. The perpetrator's conduct resulted in the unlawful killing.

A killing is unlawful, if it was not justifiable.

## DISCHARGING FIREARM FROM MOTOR VEHICLE
## INTENT TO INFLICT GREAT BODILY INJURY OR DEATH

### S 17.19.55

It is alleged by the Information that the defendant, in the commission of a felony, discharged a firearm from a motor vehicle with the intent to inflict great bodily injury or the death of a person other than the occupant of the motor vehicle and thereby caused the death of a person other than an occupant of the vehicle in the commission of that felony.

If you find the defendant guilty of the lesser crime of Voluntary Manslaughter, you must find whether this allegation is true or not true.

In order to prove this allegation each of the following elements must be proved:

1. The defendant discharged a firearm from a motor vehicle;

2. The defendant discharged the firearm with the specific intent to inflict great bodily injury or cause the death of a person other than an occupant of the motor vehicle, and,

3. The discharge of the firearm by the defendant caused great bodily injury or death to a person other than an occupant of the vehicle.

The People have the burden of proving the truth of this allegation. If you have a reasonable doubt that it is true, you must find it is not true.

Include a special finding on that question in your verdict, using a form that will be supplied for that purpose.

**CALJIC 8.50**

C00421

## MURDER AND MANSLAUGHTER DISTINGUISHED

8.50

The distinction between murder and manslaughter is that murder requires malice while manslaughter does not.

When the act causing the death, though unlawful, is done in the actual but unreasonable belief in the necessity to defend against imminent peril to life or great bodily injury, the offense is manslaughter. In that case, even if an intent to kill exists, the law is that malice, which is an essential element of murder, is absent.

To establish that a killing is murder and not manslaughter, the burden is on the People to prove beyond a reasonable doubt each of the elements of murder and that the act which caused the death was not done in the actual, even though unreasonable, belief in the necessity to defend against imminent peril to life or great bodily injury.

**CALJIC 8.72**

DOUBT WHETHER MURDER OR MANSLAUGHTER   C0C422

8.72

If you are convinced beyond a reasonable doubt and unanimously agree that the killing was unlawful, but you unanimously agree that you have a reasonable doubt whether the crime is murder or manslaughter, you must give the defendant the benefit of that doubt and find it to be manslaughter rather than murder.

**CALJIC 8.73**

EVIDENCE OF PROVOCATION MAY BE          C00423
CONSIDERED IN DETERMINING DEGREE OF MURDER

8.73

If the evidence establishes that there was provocation which played a part in inducing an unlawful killing of a human being, but the provocation was not sufficient to reduce the homicide to manslaughter, you should consider the provocation for the bearing it may have on whether the defendant killed with or without deliberation and premeditation.

**CALJIC 8.74**

C00424

## UNANIMOUS AGREEMENT AS TO OFFENSE--
## FIRST OR SECOND DEGREE MURDER OR MANSLAUGHTER

8.74

Before you may return a verdict in this case, you must agree unanimously not only as to whether the defendant is guilty or not guilty, but also, if you should find him guilty of an unlawful killing, you must agree unanimously as to whether he is guilty of murder of the first degree, murder of the second degree, or voluntary manslaughter.

## JURY MAY RETURN PARTIAL VERDICT--HOMICIDE

### 8.75 - 1 of 2

If you are not satisfied beyond a reasonable doubt that the defendant is guilty of the crime of first degree murder and you unanimously so find, you may convict him of any lesser crime provided you are satisfied beyond a reasonable doubt that he is guilty of the lesser crime.

You will be provided with guilty and not guilty verdict forms for the crime of murder in the first degree and lesser crimes thereto. Murder in the second degree is a lesser crime to that of murder in the first degree. Voluntary Manslaughter is lesser to that of murder in the second degree.

Thus, you are to determine whether the defendant is guilty or not guilty of murder in the first degree or of any lesser crime thereto. In doing so, you have discretion to choose the order in which you evaluate each crime and consider the evidence pertaining to it. You may find it to be productive to consider and reach tentative conclusions on all charged and lesser crimes before reaching any final verdict.

Before you return any final or formal verdicts, you must be guided by the following:

1. If you unanimously find a defendant guilty of first degree murder, your foreperson should sign and date the corresponding guilty verdict form. All other verdict forms should be left unsigned.

2. If you are unable to reach a unanimous verdict as to the charge of first degree murder, do not sign any verdict forms, and report your disagreement to the court.

~ 3. The court cannot accept a verdict of guilty of second degree murder unless the jury also unanimously finds and returns a signed verdict form of not guilty as to murder of the first degree.

4. If you find a defendant not guilty of murder in the first degree but cannot reach a unanimous agreement as to murder of the second degree, your foreperson should sign and date the not guilty of murder in the first degree form, and should report your disagreement to the court. Do not sign any other verdict

## JURY MAY RETURN PARTIAL VERDICT--HOMICIDE

8.75 - 2 of 2

forms.

5. If you unanimously find a defendant not guilty of first degree murder, but guilty of second degree murder, your foreperson should sign and date the corresponding verdict forms. Do not sign any other verdict forms.

6. The court cannot accept a verdict of guilty of voluntary manslaughter unless the jury also unanimously finds and returns a signed not guilty verdict form as to both murder of the first degree and murder of the second degree.

7. If you unanimously find a defendant not guilty of murder in the first degree, and not guilty of, murder in the second degree, but are unable to unanimously agree as to the crime of voluntary manslaughter, your foreperson should sign and date the not guilty verdict form for first and second degree murder, and you should report your disagreement to the court.

**CALJIC 17.30**

## JURY NOT TO TAKE CUE FROM THE JUDGE

17.30

I have not intended by anything I have said or done, or by any questions that I may have asked, or by any ruling I may have made, to intimate or suggest what you should find to be the facts, or that I believe or disbelieve any witness.

If anything I have done or said has seemed to so indicate, you will disregard it and form your own conclusion.

**CALJIC 17.40**

C00428

INDIVIDUAL OPINION REQUIRED--DUTY TO DELIBERATE

17.40

The People and the defendant are entitled to the individual opinion of each juror.

Each of you must consider the evidence for the purpose of reaching a verdict if you can do so. Each of you must decide the case for yourself, but should do so only after discussing the evidence and instructions with the other jurors.

Do not hesitate to change an opinion if you are convinced it is wrong. However, do not decide any question in a particular way because a majority of the jurors, or any of them, favor that decision.

Do not decide any issue in this case by the flip of a coin, or by any other chance determination.

**CALJIC 17.41**

C00429

HOW JURORS SHOULD APPROACH THEIR TASK

17.41

The attitude and conduct of jurors at all times are very important. It is rarely helpful for a juror at the beginning of deliberations to express an emphatic opinion on the case or to announce a determination to stand for a certain verdict. When one does that at the outset, a sense of pride may be aroused, and one may hesitate to change a position even if shown it is wrong. Remember that you are not partisans or advocates in this matter. You are impartial judges of the facts.

**CALJIC 17.42**

C00430

JURY MUST NOT CONSIDER PENALTY--NON-CAPITAL CASE

17.42

In your deliberations do not discuss or consider the subject of penalty or punishment. That subject must not in any way affect your verdict.

C00431

17.43

During deliberations, any question or request the jury may have should be addressed to the Court on a form that will be provided. Please understand that counsel must first be contacted before a response can be formulated. If a readback of testimony is requested, the reporter will delete objections, rulings, and sidebar conferences so that you will hear only the evidence that was actually presented. Please understand that it may take time to provide a response. Continue deliberating until you are called back into the courtroom.

**CALJIC 17.45**

C00432

## MANNER OF RECORDING INSTRUCTION OF NO
## SIGNIFICANCE--CONTENT ONLY GOVERNS

### 17.45

The instructions which I am now giving to you will be made available in written form for your deliberations. They must not be defaced in any way.

You will find that the instructions may be typed, printed or handwritten. Portions may have been added or deleted. You must disregard any deleted part of an instruction and not speculate as to what it was or as to the reason for its deletion. You are not to be concerned with the reasons for any modification.

Every part of the text of an instruction whether typed, printed or handwritten, is of equal importance. You are to be governed only by the instruction in its final wording.

ADMONITION AGAINST DISCLOSURE OF          C00433
JURY BALLOTING

17.47

Do not disclose to anyone outside the jury, not even to me or any member of my staff, either orally or in writing, how you may be divided numerically in your balloting as to any issue, unless I specifically direct otherwise.

**CALJIC 17.52**

## SEPARATION ADMONITION

C00434

17.52

You will be permitted to separate at the noon and evening recesses and at such other times as the court permits. During your absence the courtroom will be locked when not in session. You are to return following the recesses at such times as the court directs and on the next succeeding court date. During periods of recess, you must not discuss with anyone any subject connected with this trial, and you must not deliberate further upon the case until all 12 of you are together and reassembled in the jury room. At that time you shall notify the clerk or the bailiff that the jury is reassembled, and then continue your deliberations.

**CALJIC 17.50 (1997 Revision)**

C00435

### CONCLUDING INSTRUCTION

### 17.50

You shall now retire and select one of your number to act as foreperson. He or she will preside over your deliberations. In order to reach a verdict, all twelve jurors must agree to the decision and to any finding you have been instructed to include with your verdict. As soon as you have agreed upon a verdict or verdicts, so that when polled each may state truthfully that the verdict or verdicts expresses his or her vote, have it or them dated and signed by your foreperson and then return with it or them to this courtroom.

Return any unsigned verdict forms.

**CALJIC 17.53**

## ADMONITION TO ALTERNATE JURORS

C00436

17.53

As for the Alternate Jurors, you are still bound by the admonition that you are not to converse among yourselves or with anyone else on any subject connected with this trial, or to form or express any opinion on it until the case is submitted to you, which means until such time as you are substituted in for one of the 12 jurors now deliberating on the case. This also means that you are not to decide how you would vote if you were deliberating with the other jurors.

C00437

(RCD - 10/01)

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

## EXHIBIT RECORD

Honorable KENNETH KINGSBURY, Judge

Wanda Boyns, Deputy Clerk

THE PEOPLE OF THE STATE OF CALIFORNIA, Plaintiff
vs.
**IVAN KILGORE**, Defendant

Dept. No. 006

Case No. **141033**

The following exhibits were marked for identification and/or introduced in evidence in the above action:

| People (P) or Defendant (D) | Number or Letter | DESCRIPTION OF EXHIBITS | Date Marked for Identification | Date Admitted in Evidence |
|---|---|---|---|---|
| People | 1 | Ariel overview of 30th and San Pablo Avenue | 3-10-03 | 3-14-03 |
| People | 2 | 18 Photographs of crime scene, A – R | 3-10-03 | 3-14-03 |
| People | 3 | 8 Photographs of 509 Sycamore Bldg. and Apt. #5, EE - LL | 3-10-03 | 3-14-03 |
| People | 4 | Tech's Diagram of Crime Scene | 3-10-03 | 3-14-03 |
| People | 5 | 8 Autopsy photographs, A – H | 3-10-03 | 3-14-03 |
| People | 6 | Photograph of Victim William Anderson | 3-10-03 | 3-14-03 |
| People | 7 | 12 Photographs of defendant's Cadillac, S – DD | 3-10-03 | 3-14-03 |
| People | 8 | 911 Dispatch Tape including the defendant's report of stolen vehicle | 3-13-03 | 3-14-03 |
| People | 8A | 7 page, 911 Dispatch Transcript | 3-13-03 | --------- |
| People | 8B | 3 page, 911 Dispatch Purge | 3-13-03 | 3-14-03 |
| People | 8C | 7 page, 911 Dispatch Transcript marked by Sgt. Green | 3-13-03 | --------- |
| People | 9 | Photograph of 12 gauge shotgun | --------- | --------- |
| People | 10 | 3 page Agreement of People v. Raymond Jones, #461958 | 3-11-03 M/JT | 3-11-03 M / 3-14-03 JT |
| People | 11 | Cassette tape of police interview with Matthew Bryant | 3-11-03 | 3-14-03 |
| People | 11A | Transcript of cassette tape | 3-11-03 | --------- |
| People | 12 | Blow-up Thomas map page of West Oakland | 3-13-03 | 3-14-03 |
| People | 13 | Black knit beanie cap in a plastic bag | 3-13-03 | 3-14-03 |
| People | 14 | Defendant's Oklahoma Trial Testimony transcript | 3-14-03 | --------- |
| | | | | |
| | | | | |
| Defendant | A | Passenger side of defendant's automobile | 3-13-03 | 3-14-03 |
| Defendant | B | Passenger side of defendant's Fleetwood Cadillac | 3-13-03 | 3-14-03 |
| Defendant | C | Driver side of defendant's Fleetwood Cadillac | 3-13-03 | 3-14-03 |
| Defendant | D | Rear passenger side of defendant's Fleetwood Cadillac | 3-13-03 | 3-14-03 |
| | | | | |
| | | | | |
| | | FILED | | |
| | | ALAMEDA COUNTY | | |
| | | | | |
| | | MAR 2 4 2003 | | |
| | | CLERK OF THE SUPERIOR COURT | | |
| | | By _Wanda G. Boyns_ | | |
| | | DEPUTY | | |

(**Original**: place in exhibit envelope)
(**Copy**: file stamp as the original; register of actions)
Exhibit Record

Page 1 of 1

C00438

(7/00)

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

Dept. No. 006

Date: **March 24, 2003**    Hon. **KENNETH R. KINGSBURY**, Judge    Wanda Boyns, Dep.Clk.
Gerald Dohrmann, Reporter

---

THE PEOPLE OF THE STATE OF CALIFORNIA

Plaintiff

vs.

**IVAN KILGORE**

Defendant

Counsel appearing
for Plaintiff

Counsel appearing
for Defendant

Darryl Stallworth, Deputy
District Attorney

Deborah Levy, Esq

---

NATURE OF PROCEEDINGS:    **JURY TRIAL DAY NINE**    Case No. **141033**
PFN: **BBV550**
CEN: **0373689**

Above entitled action comes on calendar this date having been continued from March 20, 2003 for jury trial.

 9:50 a.m. All deliberating jurors are present and resume deliberations with alternate #13 present in the jury assembly room.

 9:55 a.m. The Court has receive another written request from the jury for read-back of requested testimony.

10:25 a.m. The Court with permission of defense counsel and the Deputy District Attorney asks that the reporter prepare the requested testimony.

10:30 a.m. The jury takes a break from their deliberations.

10:48 a.m. The reporter reads the requested read-back to the jury in their deliberation room.

11:40 a.m. The read back having been completed the jury resumes deliberations.

11:47 a.m. The jury takes a break from deliberations.

12:00 p.m. The jury takes their lunch recess.

 1:40 p.m. All jurors are present and resume their deliberations. Both counsel are present and review the remaining portion of transcript to be read back to the jury.

 2:09 p.m. The jury takes a break while waiting for the read back of testimony.

 2:30 p.m. All read back having been completed the jurors resume deliberations.

 3:25 p.m. The Court is informed that the jury has reached a verdict and the attorneys are asked to return to the courtroom.

 3:42 p.m. Respective counsel and defendant are present, the jury is summoned to return to the courtroom. The clerk omitting the title of the Court and cause reads the verdict of the jury. See the attached verdict form.

 3:48 p.m. At the request of counsel for the defendant the jury is polled and all twelve jurors affirm the verdict as read. At the request of the Court the verdict is recorded.

 3:50 p.m. The jury is thanked and excused from further service on this case.

 3:55 p.m. The defendant enters a time waiver for sentence and the matter is referred to probation for report. The Court further orders the matter continued to June 13, 2003 at 9:00 a.m. for Report and Sentence in Department 6, along with the issue of the prior conviction from Oklahoma.

(12/00)

**C00439**

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

THE PEOPLE OF THE STATE OF CALIFORNIA

**F I L E D**
**ALAMEDA COUNTY**

Plaintiff

MAR 2 4 2003

VS.

**IVAN KILGORE**

**CLERK OF THE SUPERIOR COURT**
By _____ _____

Defendant

**DEPUTY**

Dept. No. 006

Case No. **141033**
PFN: **BBV550**
CEN: **0373689**

# VERDICT OF JURY

We, the jury in the above-entitled cause find the defendant, IVAN KILGORE, **GUILTY** of a felony, to wit:

**MURDER in the FIRST DEGREE,** a violation of Section 187 of the Penal Code of California as charged in

the Information.

## SPECIAL CIRCUMSTANCE

We, the jury further find ___TRUE___ the alleged special circumstance that the murder in the first degree was
             true / not true

intentional and perpetrated by means of discharging a firearm from a motor vehicle, intentionally at another person

or persons outside the vehicle with the intent to inflict death.

We, the jury further find that in and during the commission and attempted commission of the above offense, the

said defendant, IVAN KILGORE, ___DID___ personally and intentionally discharge a firearm and proximately
                        did / did not

cause death to WILLIAM ANDERSON. (12022.53 (d) P.C.)

Dated: ___MARCH 24, 2003___

___6___

Foreperson Number

(Original: File stamped, sealed; copy placed in file and redacted-- without jurors' names)

GV 1st

I-401 (REV. 6/01)

RENE DAVIDSON COURTHOUSE

C00440

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

**CLERKS DOCKET AND MINUTES**

KILGORE, IVAN                                  DEPT. **006**    CRT. DATE/TIME **3/24/03    09:30**

EVENT NAME    KILGORE, IVAN DAWNELL            RPT. NO. **00-64017**    DOCK NO. **141033**

PROC. **FJT**    CEN. **0373689**    PFN. **BBV550**  A DAY  **11/01/00**  SJ DATE  **9/30/03**
**COUNTS**                                      **PIC 00S00   AAG-OPD   ACITY DA**

CHARGES  **1)F187 SC&USE PC 1 PR**

STAT  **SET   BAIL     $0.00    TOTAL DAYS IN CUSTODY:    873**

BAIL _____ STAT. _____ BOND DT. _____ BOND CO. _____ DOB __05/05/75__

BAIL _____ STAT. _____ BOND DT. _____ BOND CO. _____ BAC

FINE/REST. _____ DATE PAID _____ REC. NO. **NORTH 1**   TIME WAIVED  **NTW**  **3/14/03**

**PROCEEDING**        DCCO:

JUDGE    **KENNETH KINGSBURY**           DEP. D.A. DARRYL STALLWORTH
DEP. CLERK  **WANDA BOYNS**              DEF. ATTY. DEBORAH LEVY
REPORTER  **GERALD DOHRMANN**            OTHERS                    ☐ Not Present

Defendant:  ☒ Present    ☐ Not Present    ☐ Excused    ☒ In Custody    ☐ Pro Per
☐ Interpreter _____ is present. Language spoken: _____
☐ Defendant duly arraigned/advised as to constitutional rights ☐ Defendant waives arraignment ☐ Waiver of Rights filed
☐ Defendant served: ☐ _____ Complaint ☐ Discovery ☐ Petition ☐ Motion ☐ Protective Order (PC 136.2)
☐ Referred to Public Defender    ☐ Public Defender files conflict    ☐ Financially ineligible    ☐ Private counsel appointed
☐ Plea Withdrawn ☐ Change of Plea ☐ Plea to count(s)_____ ☐ Not Guilty ☐ Guilty ☐ No Contest/Found Guilty
☐ Stipulates to:  lesser included / reasonably related  offense of count(s)_____ to charge(s)_____
☐ ne waived for: ☐ Preliminary Examination _____days ☐ Trial ☐ Sentence ☐ Time not waived ☐ Time waiver withdrawn
☐ Clauses: ☐ Stricken _____ ☐ Admitted _____ ☐ Sentencing Purposes Only
☐ Priors: ☐ Stricken _____ ☐ Admitted _____ ☐ Denied
☐ Probation: ☐ Conditional Sentence: ☐ Granted for_____years/months ☐ See attached conditions
☐ Revoked ☐ Restored ☐ Modified ☐ Extended to _____ ☐ Continue on same terms and conditions ☐ Terminated
☐ Defendant admits probation violation ☐ Previous order revoking probation vacated, set aside, defendant restored to probation
☐ Submit to search and seizure of person, residence, vehicle or any property under defendant's control _____
☐ No contact with / not to annoy _____, directly or indirectly: stay at least _____ away
☐ Additional order(s): _____
☐ Petition/Motion _____ ☐ Granted ☐ Denied ☐ Withdrawn
☒ Referred to: ☒ Probation Dept. ☐ Financial Hearing Officer ☐ _____
☐ Restitution: ☐ Referred to _____ for Determination ☐ Ordered ☐ Reserved ☐ Modified
☐ Bail Forfeited ☐ Bail Forfeiture Set Aside ☐ Bail Reinstated ☐ Bail Exonerated ☐ Summary Judgment Entered
☐ Bench Warrant: ☐ Issued ☐ Withheld ☐ Withdrawn ☐ Bail Set at $_____ ☐ No Cite Release ☐ Night Service

**2X    CERT-CRT:WWM**  DEFT REMAINS ON NO BAIL, TWO

JURY VERDICT GUILTY MURDER 1* 187 PC , SPECIAL CIRCUMSTANCE FOUND TRUE,

USE OF FIREARM CLAUSE FOUND

EFT REMANDED

nt. Date: 6-13-03    Time: 0900 Dept. 06 Proc.: R+S    Date:_____ Time:_____ Dept._____ Proc.:_____

Codes: ISSUE ON PRIOR CONVICTION

DOCKET NAME    **KILGORE, IVAN DAWNELL**    CT. DATE **3/24/03**    DOCK NO. **141033**

C00441

Judge Nakahara,                                    4-10-03

    I, Ivan Kilgore case number 141033, am writing as an informal request for a copy of the Marsden Motion and transcript of the proceedings to support my claim of incompentent counsel as reason for the motion for a new trial.

    The issues addressed at that hearing were denied because you felt some of them to be pre conceived, well they became realities throughout my trial whereas I was found guilty of first degree murder.

Sincerely

Ivan Kilgore

Santa Rita Jail
Ivan Kilgore BBV550
5325 Broder Blv.
Dublin CA 94568

FILED
ALAMEDA COUNTY

APR 23 2003

CLERK OF THE SUPERIOR COURT
By Wanda G. Brown
DEPUTY

C00442

Ivan Kilgore BBV550
5325 Broder Blv.
Dublin CA 94568

94612+42718

Judge Nakahara
1225 Fallon St. Dept # 8
Oakland CA 94612





1 | DEBORAH L. LEVY - State Bar #110995

F I L E D
ALAMEDA COUNTY

2 | 360 Grand Avenue #197

3 | Oakland, CA. 94610

MAY 3 0 2003

4 | (510) 251-1850

CLERK OF THE SUPERIOR COURT
By _____ Deputy

5 | Attorney for Defendant Kilgore

6 | IN AND FOR THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

7 | COUNTY OF ALAMEDA - OAKLAND JUDICIAL DISTRICT

8 | PEOPLE OF THE STATE OF CALIFORNIA )    NO. 141033

9 | Plaintiff,    )    DEFENSE MOTION TO ALLOW

10 | V.    )    DEFENDANT TO PURSUE MARSDEN

11 | IVAN KILGORE    )    MOTION PRIOR TO SENTENCING

12 | Defendant,    )    $DATE : 6/13/03$

13 | _____ /    $TIME : 9:00$

14 | FACTS    $DEPT : 6$

15 | Following the verdict in this case, the defendant has communicated in writing both to counsel

16 | and the court that he feels counsel was incompetent in her representation of him. Counsel

17 | explained that she is precluded from arguing her own incompetence to the court.

18 | What counsel believes Mr. Kilgore wants is

19 | 1. To have this court find counsel was incompetent and appoint a new attorney to move for a new

20 | trial, based on current counsel's incompetence, and/or any other grounds.    Or

21 | 2. Appoint new independent counsel to argue current counsel's incompetence to assist Mr.

22 | Kilgore in getting a new trial.

23 | If the court denies Mr. Kilgore's request for new counsel, it is anticipated he would ask the

24 | court to be able to proceed in pro per.

25 | In any case, counsel feels that prior to her preparing a new trial motion, it makes sense to have

26 | the court consider Mr. Kilgore's requests and rule on them. People v. Smith (1993) 6 Cal.4th 684

27 | at 693-5; and People v. Dennis (1986) 177 Cal.App.3d 863 , 871-872), both recognize that post

28 | trial Marsden hearings are appropriate.    People v. Ivan (1992) 2 Cal.App.4th 1654, 1665-1666,

C00444

1  recognized a Defendant's right to a Marsden hearing at the time of sentencing because appointed

2  counsel refused to file a motion for new trial.

3      Counsel has agreed to file a motion for new trial for Mr. Kilgore, orally and in writing.

4  However, if the court is going to appoint new counsel, that issue should be addressed first.

5          WHEREFORE, on behalf of Mr. Kilgore, counsel asks this court to hear from Mr.

6  Kilgore regarding his Marsden- Faretta type requests, and to rule accordingly.

7

8  DATED: May 26, 2003

9

10  Respectfully Submitted,

11

12

13

14  Deborah L. Levy

15

16

17

18

19

20

21

22

23

24

25

26

27

28

C00445

1    PROOF OF SERVICE BY MAIL

2    I declare that:

3    I am a citizen of the United States; I work in the county of Alameda, State of California, my address

4    is 360 Grand Avenue, #197, Oakland, CA. 94610; I am over the age of eighteen years; and I am not

5    a party to the within action.

6    On May 26, 2003, I served copies of the Motion to Allow Defendant's Marsden Motion Prior to

7    Sentencing , by personally delivering a true and correct copy thereof into the United States mail, at

8    a post office, or a post office box, with the correct postage, addressed to be persons at the address

9    set forth below:

10   Ivan Kilgore BBV550

11   Santa Rita Detention Facility

12   5325 Broder Avenue

13   Dublin, CA. 94568

14

15

16   I certify and declare under penalty of perjury of the laws of California that the foregoing

17   is true and correct and that this declaration was executed on this ___30th___ day of

18   _____May_____, 2003 at Oakland, California, County of Alameda.

19

20
21   Deborah L. Levy

22   Deborah L. Levy

23

24

25

26

27

28

70-401 (REV. 5/01)

# RENE DAVIDSON COURTHOUSE
## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
### CLERKS DOCKET AND MINUTES

DOCKET **KILGORE, IVAN**                                          DEPT. **006**    CRT. DATE/TIME **6/13/03   09:00**

NAME **KILGORE, IVAN DAWNELL**                      RPT. NO. **00-64017**           DOCK NO. **141033**

PROC. **R&S**                          CEN. **0373689**   PFN. **BBV550** A DAY **11/01/00** SJ DATE **12/22/03**

**COUNTS**                                          **PIC 00S00   AAG-OPD   ACITY DA**

CHARGES **1)F187 SC&USE PC 1 PR CONVICTED-J**

---

STAT **SET    BAIL      $0.00**      **TOTAL DAYS IN CUSTODY:    953**

BAIL _____ STAT. _____ BOND DT. _____ BOND CO. _____ DOB **05/05/75**

BAIL _____ STAT. _____ BOND DT. _____ BOND CO. _____ BAC _____

FINE/REST. _____ DATE PAID _____ REC. NO **NORTH 1** TIME WAIVED **TWS**

### PROCEEDING

DCCO:

JUDGE **KENNETH KINGSBURY**                DEP. D.A. **DARRYL STALLWORTH**

DEP. CLERK **WANDA BOYNS**                  DEF. ATTY. **DEBORAH LEVY**

REPORTER ~~GERALD DOHRMANN~~ **THERESA AGUILAR**    OTHERS                    ☐ Not Present

**Defendant:** ☒ Present   ☐ Not Present   ☐ Excused   ☒ in Custody   ☐ Pro Per
☐ Interpreter _____ is present. Language spoken: _____
☐ Defendant duly arraigned/advised as to constitutional rights ☐ Defendant waives arraignment ☐ Waiver of Rights filed
☐ Defendant served: ☐ _____ Complaint ☐ Discovery ☐ Petition ☐ Motion ☐ Protective Order (PC 136.2)
☐ Referred to Public Defender  ☐ Public Defender files conflict ☐ Financially ineligible ☐ Private counsel appointed
☐ Plea Withdrawn ☐ Change of Plea ☐ Plea to count(s)_____ ☐ Not Guilty ☐ Guilty ☐ No Contest/Found Guilty
☐ Stipulates to: lesser included / reasonably related offense of count(s)_____ to charge(s)_____
Time waived for: ☐ Preliminary Examination _____ days ☐ Trial ☐ Sentence ☐ Time not waived ☐ Time waiver withdrawn
Clauses: ☐ Stricken _____ ☐ Admitted_____ ☐ Sentencing Purposes Only
Priors: ☐ Stricken _____ ☐ Admitted_____ ☐ Denied
☐ **Probation:** ☐ **Conditional Sentence:** ☐ Granted for_____ years/months ☐ See attached conditions
☐ Revoked ☐ Restored ☐ Modified ☐ Extended to _____ ☐ Continue on same terms and conditions ☐ Terminated
☐ Defendant admits probation violation ☐ Previous order revoking probation vacated, set aside, defendant restored to probation
☐ Submit to search and seizure of person, residence, vehicle or any property under defendant's control _____
☐ No contact with / not to annoy _____, directly or indirectly: stay at least _____ away
☐ Additional order(s): _____
☐ Petition/Motion _____ ☐ Granted ☐ Denied ☐ Withdrawn
☐ Referred to: ☐ Probation Dept. ☐ Financial Hearing Officer ☐ _____
**Restitution:** ☐ Referred to _____ for Determination ☐ Ordered ☐ Reserved ☐ Modified
☐ Bail Forfeited ☐ Bail Forfeiture Set Aside ☐ Bail Reinstated ☐ Bail Exonerated ☐ Summary Judgment Entered
☐ **Bench Warrant:** ☐ Issued ☐ Withheld ☐ Withdrawn ☐ Bail Set at $_____ ☐ No Cite Release ☐ Night Service

**2X    CERT-CRT:WWM**

DEFT'S MARSDEN MTN IS ORDERED CONT TO NEXT R+S HRG. DATE

_____

_____

_____

MARSDEN MTN, NNEW TRIAL

Cont. Date: **6-27-03** Time: **0900** Dept. **06** Proc.: **R+S** Date:_____ Time:_____ Dept._____ Proc.:_____

S Codes: _____

DOCKET NAME **KILGORE, IVAN DAWNELL**                CT. DATE **6/13/03**  DOCK NO. **141033**

FILED
ALAMEDA COUNTY

JUN 2 6 2003

CLERK OF THE SUPERIOR COURT
By _Wanda G. Brown_
DEPUTY

600447

1

2

3

4          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

5            IN AND FOR THE COUNTY OF ALAMEDA

6        BEFORE THE HONORABLE KENNETH KINGSBURY, JUDGE

7                    DEPARTMENT NO. 6

8                      ---oOo---

9

10   THE PEOPLE OF THE STATE OF CALIFORNIA,        ORIGINAL

11                    Plaintiff,

12            vs.                          NO. 141033

13   IVAN KILGORE,

14                    Defendant.

15   _____/

16            **REPORTER'S TRANSCRIPT OF PROCEEDINGS**

17

18            RENE C. DAVIDSON COURTHOUSE

19               OAKLAND, CALIFORNIA

20             FRIDAY, JUNE 13, 2003

21

22   APPEARANCES:

23   For the People:              THOMAS J. ORLOFF
                                  DISTRICT ATTORNEY
24                                BY:  DARRYL STALLWORTH, ESQ.
                                  Deputy District Attorney
25

26   For the Defendant:           DEBORAH LEVY, ESQ.
                                  360 Grand Avenue, Suite 197
27                                Oakland, CA 94612

28

            THERESA AGUILAR, RPR, CSR 10498

| | |
|---|---|
| 1 | **FRIDAY, JUNE 13, 2003**                    **A.M. SESSION** |
| 2 | **P R O C E E D I N G S** |
| 3 | ---oOo--- |

4    **THE COURT:** Calling the matter of People versus

5    Kilgore, docket number 141033.

6         The matter is on today for report and sentence.

7    I have received, read, and considered the probation

8    officer's report, along with a number of attachments

9    thereto.  I have also received, that was filed on May 30th,

10   a defense motion to allow the defendant to pursue a Marsden

11   motion prior to sentencing.

12        And that's true, Mr. Kilgore, you'd like a

13   Marsden motion prior to sentencing?

14        **THE DEFENDANT:**  Yes.

15        **THE COURT:**  I think the law does permit that and

16   requires it, so we will do that.

17        A Marsden motion is generally a motion that is

18   held out of the public view, so I know I welcomed you all

19   into the courtroom a few minutes ago, but this is one that

20   has to be done in-camera, because the accused has a right to

21   speak freely and not utter words that might tend to

22   incriminate, so I'm going to ask everybody including the

23   district attorney to remain outside until we have this

24   motion, and we'll advise you as soon as we're free.

25        The reporter is directed to prepare the

26   transcript, but keep it in a sealed condition.

27                         (Public is adjourned.)

28                         ---oOo---

THERESA AGUILAR, RPR, CSR 10498

| | |
|---|---|
| 1 | PROCEEDINGS |
| 2 | ---oOo--- |
| 3 | (Whereupon, members of the |
| 4 | public have reconvened in the |
| 5 | courtroom.) |

6    **THE COURT:**  Back on the record in the Kilgore

7    matter.  Mr. Stallworth has joined us from the district

8    attorney's office.  When Mr. Stallworth -- what's happened

9    is this without disclosing any details about it, you are

10   aware of the motion that was made by Ms. Levy, and I think

11   you are aware of the letter that was written by Mr. Kilgore

12   dated April 10th to Judge Nakahara asking for information

13   about an earlier Marsden motion that he could use as a part

14   of the motion that he wishes to make now.

15          In reading that it was addressed to Judge

16   Nakahara and mailed from Oakland on April the 11th, it was

17   dated April 10th of this year.  He asked for two things:

18   One is a copy of the motion that he had filed which Judge

19   Nakahara listed as an exhibit, and it's filed as an exhibit

20   in this case, and a transcript of the proceedings.  He was

21   provided with a transcript of the proceedings that were

22   prepared by Judge Nakahara's court reporter, but not

23   provided a copy of the motion that he filed.  We were able

24   to track that down, and I gave it to him this morning.

25          The Marsden motion is going to be heard on the

26   27th, that's all.  That it's going to be on for the 27th in

27   all likelihood at 9:30 in the morning.  Other things may

28   grow out of that.  The second part of it was today.  I

THERESA AGUILAR, RPR, CSR 10498

1   discussed with Ms. Levy and Mr. Kilgore the fact that you

2   indicated to the Court that family members wish to go on

3   record and address the Court today publicly concerning the

4   impact that this has had on them.  We can do that this

5   morning.

6           **MR. STALLWORTH:**  Thank you, Your Honor.

7               Theo Ward for the record.

8           **THE COURT:**  T-H-E-O, your name is spelled?

9           **MR. WARD:**  W-A-R-D, Bill.

10          **THE COURT:**  Bill.  I'm sorry.

11          **MR. WARD:**  I'm William Anderson's uncle.

12          **THE COURT:**  I understand.

13          **THE DEFENDANT:**  First of all, I'd like to take this

14  opportunity to thank Oakland Police Department and the

15  California Superior Court for their patience and

16  professionalism in the capture and prosecution of this

17  insipid little man Ivan Kilgore.  As a resident of Oakland

18  and a native Californian, I am proud to say that our system

19  in California works.  I'm sure Ivan Kilgore is coming to the

20  reality of how well it works.

21               Ivan Kilgore, it must be hell sitting in your

22  seat wondering what the judges think when normally he

23  represents the people of our community.  Your Honor, Ivan

24  Kilgore has been convicted of murdering my nephew, William

25  Anderson.  In my opinion Ivan Kilgore is no less or more

26  than a no life, no going, murderous S.O.B. that should be

27  executed by the State of California.  Your Honor is more

28  educated in these matters, and I put the faith in the

4

1    system.  I'm sure Your Honor will determine an appropriate
2    sentence.
3            Thank you.
4        **THE COURT:**  Thank you, Mr. Ward.
5        **MS. WARD:**  Your Honor, thank you for giving me this
6    opportunity to speak.
7        **THE COURT:**  Good morning.  Can we have your name?
8        **MS. WARD:**  I am Pearl Ward.  I am William's
9    grandmother.
10       **THE COURT:**  Thank you.
11       **MS. WARD:**  Okay.  I was born on January 1, 1930, and
12   for most of my life, I've been Christian.  I have been
13   taught about Satan, and I read about Satan and the evilness
14   that he possesses, but not up until now have I seen Satan
15   face-to-face.  That organ in your chest that beat of a heart
16   harvests cowardice, hate, malice and a true disdain of
17   respect of human life.  The devastation that you brought is
18   unimaginable.
19           William traveled with his parents, brother and
20   myself all over these United States, collecting toys, going
21   to the movies was his favorite things to do besides playing
22   video games with his brother Fred.  He was standing on the
23   corner to see the X-men movie when you murdered him.  The
24   love of my grandson is indescribable.  Because of what you
25   did, there's a boy that can never feel Christmas, holidays,
26   family gatherings, concerts and just plain good ole life.
27   You murdered my grandson.  You tried to lie about it, but
28   the Court did not buy it.  When I wish upon a star, I would

1  be glad to know where you are and to know that dreams do
2  come true. You wanted the worst that life had to offer, so
3  now Your Honor, along with the State of California, and my
4  family's support, we want to make his wish come true. We
5  want to make sure that this man for all practical purposes
6  never sees anything but a cell for the rest of his natural
7  days on this earth for I truly loved my grandson and he
8  loved me.

9          I have another that was written by a very dear
10 friend, a babysitter.

11         MS. LEVY: Your Honor, I have a problem with that.
12         MS. WARD: She was unable to make it here because of
13 a death in her family.

14         THE COURT: Ms. Levy, your objection is noted for
15 the record. I'll listen to it.

16         MS. WARD: Okay. Thank you. "Today I stand here
17 not full of joy or glee that you are being sentenced, but
18 I'm here to speak for one who cannot speak for himself,
19 William Bentley Anderson, affectionately known as my baby.
20 I've called him that ever since he came into this world,
21 sucking his two fingers to the time you murdered him. You
22 took away my William, you wasted flesh and blood. I will
23 not address you by name, because I have no respect for you.
24 You are nameless. As far as I'm concerned, you are just
25 another part of an evil system and animal killing the next
26 in line. How your mother could have produced a man-child as
27 evil as you I'll never know. She would have done better
28 keeping the placenta than bringing you into this world.

 1  What a waste of African-American man, another damn
 2  statistic. How ignorant. Now you will rot in jail or die
 3  for what? Because you couldn't be a man with intelligence?
 4  No, you had to murder him. Obviously, you have no idea what
 5  love is, and to even think that you know what God is is an
 6  oxymoron of great proportion. I have had practically three
 7  years to relive this horrific event and standing here today
 8  brings it all back again. I have prayed for this nightmare
 9  to end but it won't because the harsh reality is that this
10  is not a dream. Any of us who loved my baby can awaken this
11  act of cruelty, it's imprinted in our minds and in our
12  hearts. I could stand here and curse you and hate you, but
13  I'm not going to do what God told me to do [sic]. It is the
14  hardest challenge." I'm sorry, "but I am going to do what
15  God has told me to do. It is the hardest challenge I have
16  ever had in my life, but I'm going to do it. So against my
17  own will, and in all of my professing, and I'm all knowing
18  God well, I'm going to do what I need to do to heal. What
19  that is, I pray that you not get the death penalty, but
20  rather you get life in prison. And while you go through
21  your 30s, 40s, 50s, 60s and 70s, and hopefully 80s, you'll
22  find God in that cold jail cell. Not like some of the
23  inmates who claim they know God because it's the thing to
24  do. No, no, no. I pray you were to find God so that you
25  can know what true love is, then and only then would you be
26  able to understand what you've done.
27          "What I've come to realize about you is that you
28  are an empty shell which means you have no life, but I want

1   you to have life.  I want you to be above your grave.  This

2   is your second murder, which tells me all you know is evil

3   and hate, therefore you are desensitized from the hurt and

4   pain you have caused us, all the pain you get when you find

5   out who God really is, that is when your torture will begin.

6              "I pray you spend every waking and sleeping

7   moment thinking of William Bentley Anderson that plays,

8   replays, replays, over and over again in your mind until you

9   won't be able to breathe, until you won't be able to think

10  anything else but William Bentley Anderson.  Then and only

11  then will you begin to feel.  I pray every breath you take

12  will be thought of the breath William Bentley Anderson could

13  have had.  I pray every step you take will be part of the

14  steps William Bentley Anderson could have had.  I pray every

15  laugh you take knowing that you will never enjoy them like

16  William Bentley Anderson, and I want you to watch the sun

17  rise and set knowing that you'll never be able to enjoy it

18  like William.

19             "I pray until God says enough and it is time for

20  your death, that you will hear over and over again William

21  Bentley Anderson et cetera, et cetera.  I've purposely

22  repeated his name for the 21 years of his short life that

23  you took.  Respectively, Sheila Lorraine Williams."

24             **MR. PALAPAA:**  Good morning, Judge.

25             **THE COURT:**  Your name, sir.

26             **MR. PALAPAA:**  Ricky Palapaa.

27             **THE COURT:**  You are going to have to spell your last

28  name.

1     **MR. PALAPAA:**  P-A-L-A-P-A-A.     **000455**

2     **THE COURT:**  Got it.

3     **MR. PALAPAA:**  Good morning, Judge, and thank you for

4     the opportunity to address the Court and all those here

5     today.

6     I have had the pleasure of knowing William

7     Anderson, Jr. and his family living next door to his home in

8     Oakland.  As a native San Franciscan and present resident of

9     Oakland, I'd like to thank the Oakland P.D., law enforcement

10    and judicial system for the guilty verdict of Ivan Kilgore.

11    Ivan Kilgore took a very young life in the most

12    horrible way.  William was barely 21 years old when this

13    tragic incident took place, and after three years, this

14    sordid conclusion will not bring him back.  William gone is

15    a loss of a young man's life, a pain that will never go

16    away.  During the extensive court hearings, arraignments and

17    trial, I often thought that how often you could turn and

18    look to William's family and just smile.  Ivan Kilgore, your

19    arrogance will soon be with others inside the walls of the

20    penitentiary.  Ivan Kilgore, will you be smiling there like

21    you have been in court over the past two and a half years?

22    It's those of like as yourself, who could not accept losing

23    a fistfight and couldn't say, "Peace, Brother William.

24    Let's be friends," is a weak and pitiful individual.  It's

25    too late to say you are sorry, if that helps everything in

26    your mind.  Too much thought time has passed to make a

27    sincere word in that direction.  Hell awaits you.  William

28    Anderson, Jr., could be alive today if you fessed up to this

1    misunderstanding and you could have been big enough and let
2    it go, but instead you stopped him by shooting William in
3    his back.  Your disrespect of life and yourself, has not
4    only affected a life of William, but a life of a family
5    member and friend, and now you will pay with your own life.

6              Ivan Kilgore, you should have been put away a
7    long time ago.  I really hope that you are tougher than you
8    think you are, because where you are going you are going to
9    need just that and more.  You have heard the term "fighting
10   tooth and nail," if you haven't, you will have time to think
11   about it and soon to do it.

12             Judge, the Court, William's family and friends, I
13   continue to be in shock at the loss of this young man's
14   life.  William did not deserve to die this way.  William had
15   dreams for a future, a girlfriend, his buddies and a loving,
16   giving family.  Ivan Kilgore, you damaged a lot of people's
17   lives.  Right now, William is looking down from above at all
18   of us in his courtroom, and he's smiling because he's at
19   peace.  You take life, you do life.

20             Aloha, Ivan Kilgore, this is the beginning of the
21   end.  Thank you, Your Honor, members of the courtroom, the
22   Prosecution and the jury and William's family.  Sincerely,
23   Ricky Palapaa.

24        THE COURT:  Thank you, Mr. Palapaa.

25        MS. WARD:  Hello, Your Honor, my name is Sherry
26   Ward.  I'm Fred Anderson's fiancee.  I'm reading his
27   statement for him.

28             "William Anderson, William Bentley Anderson was

THERESA AGUILAR, RPR, CSR 10498

1    murdered by this man who no longer has a name.  Forever, he
2    will be known as William Bentley Anderson's murderer, a
3    killer.  I would rather that he did not, but if this
4    no-named murderer must live the rest of his life, I want it
5    to be in torment.  I want him to wake up every morning and
6    remember the man, my brother, William Anderson.  I want him
7    to suffer in a living hell where his mental and physical
8    suffering could only be released by his own death, and in
9    that death, be victimized by the devil's henchmen.  I want
10   him to lay awake at night tortured by his nightmares, and I
11   want him to remember William Anderson, William Bentley
12   Anderson.

13           "To the no-named murderer of William Anderson, I
14   want this name to live with you, haunt your dreams, torture
15   your soul, crush your hopes, be your fears to the end of
16   your life.  You are nothing.  You'll always be nothing with
17   no name.  The only name that will matter in your world is
18   William Anderson.  You may have taken his physical life, but
19   by doing this, you sacrificed your soul.  May demons of hell
20   have your way with you for eternity."

21           THE COURT:  Thank you.

22           MS. ANDERSON:  Good morning, Your Honor.

23           THE COURT:  Good morning.

24           MS. ANDERSON:  I'm Jerilynn Anderson.

25           MR. ANDERSON:  My name is Samuel Anderson, William's
26   father.

27           MS. ANDERSON:  I'm William's mother.

28           To Your Honor, Judge Kingsbury, and the officers

THERESA AGUILAR, RPR, CSR 10498

1 | of this court, if anyone would have told me that I would be
2 | standing here today talking with the murderer of my son, I
3 | would have never believed them.  I would never have thought
4 | it in a million years that anything like this in my life
5 | could have ever happened.  I looked in the dictionary to
6 | find a description of what this person -- this whole thing
7 | is all about.  And if you look in the dictionary, my
8 | personal dictionary under "Kilgore," I see ignorance,
9 | violence, viciousness, vengeful, unforgiving, spitefulness,
10 | inhuman, mean, cruel, heartless, gutless, mindless, and an
11 | assassin.  And one more I threw in was a numbnut.  I threw
12 | that in to describe the future, whatever it may be.

13 | Our son will never see the ocean, but neither
14 | will you.  Our son is never going to see the world grow and
15 | change, but neither will you.  Our son will never have
16 | children, and if you have any at all, neither will you.  Our
17 | son is dead by your hand, and you're dead by your own hand,
18 | because you are going to lose your name and you are going to
19 | become a number.  You'll lose your dignity and become
20 | whatever.  We are now parents that are at peace.  Not
21 | because our son has gone, but because I know God holds us in
22 | the palm of his hands, and he's going to deal out the
23 | justice that you deserve.

24 | See, that's where you find peace, when you turn
25 | it all over to God.  See what I'm saying?  No, you don't see
26 | what I'm saying.  Your mother, if she's still living, if she
27 | cares about you in any shape, form or fashion, if she's here
28 | on the planet or looking down, she's going to be forever in

THERESA AGUILAR, RPR, CSR 10498

1    torment with what she bore into this world.  Instead of a
2    shining bright star, she was dealt a demon of evil.

3          My husband Sam and I ask you, Judge Kingsbury --
4    actually, we implore you, we plead with you, Judge Kingsbury
5    to place this beast away for the remainder of his natural
6    life in hell's outhouse wherever that may be when no one but
7    God is going to be able to show him mercy.  But I do forget
8    that God doesn't dwell in an unclean place or unclean heart.

9          My husband and myself and all of William Bentley
10   Anderson's friends and family, we wish to thank the jurors.
11   We would like to thank Attorney Darryl Stallworth for
12   speaking for my son who didn't have a voice.

13         I'd like to thank you, Judge Kingsbury, for the
14   opportunity for us to relieve our hearts and the final
15   justice.  I'd like to say that God surely does answer
16   prayer, and I thank you very much for this opportunity for
17   my family and my friends to speak from the heart.

18         **THE COURT:**  You are not only entitled, but you are
19   quite welcome to speak.

20         Mr. Stallworth, pending the outcome of what
21   happens on the 27th, we'll just have to see where it goes
22   from there.

23         **MR. STALLWORTH:**  It's fine, Your Honor.

24         **THE COURT:**  And I would expect -- I'm hoping that
25   although it's set for a Marsden motion on the 27th and
26   normally the district attorney would not be permitted to
27   participate in that, at least be present in case we do need
28   you, and there's something that's involved in the case that

**C00460**

1  requires your participation.

2      **MR. STALLWORTH:**  Yes, Your Honor.

3      **THE COURT:**  The 27th then.

4      **MS. LEVY:**  Yes.

5      **THE COURT:**  Thank you all for coming.  I know it's

6  frustrating to only have things continued, but what we're

7  doing is to make sure that everything is legally right by

8  the book, that everybody's rights are protected and the

9  matter will conclude in the not too distant future.

10                      ---oOo---

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

```
 1  STATE OF CALIFORNIA)                          C00461
 2                     )  SS.
 3  COUNTY OF ALAMEDA  )
 4
 5              I, THERESA A. AGUILAR, Court Reporter
 6       of the Superior Court of the State of
 7       California, County of Alameda, do hereby
 8       certify that the foregoing pages above my
 9       printed name contain a full, true and correct
10       transcription of my stenotype notes of the
11       proceedings and on the trial in said court of
12       the cause entitled PEOPLE OF THE STATE OF
13       CALIFORNIA, Plaintiff, versus IVAN KILGORE,
14       Defendant.  Case was numbered 141033 in the
15       files of criminal actions of said Court; and
16       that said transcript includes all rulings, acts
17       or statements of the Court, also all motions,
18       objections or exceptions of counsel, and all
19       matters to which the same relate.
20              IN WITNESS WHEREOF, I have hereunto
21       set my hand this 18TH day of JUNE, 2003.
22
23
24                        THERESA A. AGUILAR
25
26
27
28
```

THERESA AGUILAR, RPR, CSR 10498

>401 (REV. 5/01)

RENE DAVIDSON COURTHOUSE

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA    C00462

### CLERKS DOCKET AND MINUTES

DY    KILGORE, IVAN                                    DEPT. 006    CRT. DATE/TIME  6/27/03    09:00

EVENT NAME    KILGORE, IVAN DAWNELL                    RPT. NO.  00-64017    DOCK NO. 141033

PROC. R&S                        CEN. 0373689  PFN. BBV550 A DAY  11/01/00  SJ DATE    1/05/04
  COUNTS                                              PIC 00S00   AAG-OPD   ACITY OA

CHARGES  1)F187 SC&USE PC 1 PR CONVICTED-J

STAT  SET  BAIL          $0.00    TOTAL DAYS IN CUSTODY:    967

BAIL _____ STAT. _____ BOND DT. _____ BOND CO. _____ DOB  05/05/75
BAIL _____ STAT. _____ BOND DT. _____ BOND CO. _____ BAC _____
FINE/REST. _____ DATE PAID _____ REC. NO. NORTH 1   TIME WAIVED  TWS

### PROCEEDING

                                                     DCCO:
JUDGE     KENNETH KINGSBURY              DEP. D.A. DARRYL STALLWORTH
DEP. CLERK  WANDA BOYNS                  DEF. ATTY. DEBORAH LEVY                    ☐ Not Present
REPORTER  GERALD DOHRMANN                OTHERS

Defendant:    ☒ Present    ☐ Not Present    ☐ Excused    ☒ In Custody    ☐ Pro Per
☐ Interpreter _____ is present. Language spoken: _____
☐ Defendant duly arraigned/advised as to constitutional rights ☐ Defendant waives arraignment ☐ Waiver of Rights filed
☐ Defendant served: ☐ _____Complaint ☐ Discovery ☐ Petition ☐ Motion ☐ Protective Order (PC 136.2)
☐ Referred to Public Defender    ☐ Public Defender files conflict    ☐ Financially ineligible    ☐ Private counsel appointed
☐ Plea Withdrawn ☐ Change of Plea ☐ Plea to count(s)_____    ☐ Not Guilty ☐ Guilty ☐ No Contest/Found Guilty
☐ Stipulates to:  lesser included / reasonably related  offense of count(s)_____ to charge(s)_____
  me waived for: ☐ Preliminary Examination _____days ☐ Trial ☐ Sentence ☐ Time not waived ☐ Time waiver withdrawn
☐ Clauses: ☐ Stricken _____ ☐ Admitted_____    ☐ Sentencing Purposes Only
☐ Priors: ☐ Stricken _____ ☐ Admitted_____    ☐ Denied
☐ Probation:    ☐ Conditional Sentence:    ☐ Granted for_____years/months    ☐ See attached conditions
     ☐ Revoked ☐ Restored ☐ Modified ☐ Extended to _____ ☐ Continue on same terms and conditions ☐ Terminated
☐ Defendant admits probation violation ☐ Previous order revoking probation vacated, set aside, defendant restored to probation
☐ Submit to search and seizure of person, residence, vehicle or any property under defendant's control _____
☐ No contact with / not to annoy _____, directly or indirectly: stay at least _____ away
☐ Additional order(s): _____
☐ Petition/Motion _____ ☐ Granted ☐ Denied ☐ Withdrawn
☐ Referred to:  ☐ Probation Dept.  ☐ Financial Hearing Officer  ☐ _____
Restitution: ☐ Referred to _____ for Determination ☐ Ordered ☐ Reserved ☐ Modified
☐ Bail Forfeited  ☐ Bail Forfeiture Set Aside  ☐ Bail Reinstated  ☐ Bail Exonerated  ☐ Summary Judgment Entered
☐ Bench Warrant:  ☐ Issued  ☐ Withheld  ☐ Withdrawn  ☐ Bail Set at $_____  ☐ No Cite Release ☐ Night Service

        2X    CERT-CRT:WWM

COURT ORDERS THE APPOINTMENT OF ANOTHER COUNSEL TO REPRESENT

THE DEFT ON A MTN FOR NEW TRIAL.

nt. Date: 7-3-03  Time: 09DU Dept. 06 Proc.: APPOINT OF ATTY  Date:_____ Time:_____ Dept._____ Proc.:_____

ʱ    Codes: _____

DOCKET NAME    KILGORE, IVAN DAWNELL _____ CT. DATE 6/27/03  DOCK NO._____ 141033

70-401 (REV. 5/01)

**RENE DAVIDSON COURTHOUSE**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA          C000463

**CLERKS DOCKET AND MINUTES**

**KILGORE, IVAN**                                  DEPT. **006**    CRT. DATE/TIME  **7/03/03   09:00**

EVENT NAME  **KILGORE, IVAN DAWNELL**              RPT. NO.  **00-64017**    DOCK NO. **141033**

PROC. **APCSL**          CEN. **0373689**    PFN. **BBV550**  A DAY  **11/01/00**  SJ DATE  **1/09/04**
**COUNTS**                                         **PIC 00S00   AAG-OPD   ACITY DA**

CHARGES  **1)F187 SC&USE PC 1 PR CONVICTED-J**

---

**STAT  SET   BAIL      $0.00      TOTAL DAYS IN CUSTODY:   973**

BAIL _____ STAT. _____ BOND DT. _____ BOND CO. _____ DOB **05/05/75**

BAIL _____ STAT. _____ BOND DT. _____ BOND CO. _____ BAC _____

FINE/REST. _____ DATE PAID _____ REC. NO. **NORTH 1**  TIME WAIVED  **TWS**

---

**PROCEEDING**                        **DCCO:**

JUDGE  **KENNETH KINGSBURY**              DEP. D.A. **DARRYL STALLWORTH**
DEP. CLERK  **WANDA BOYNS**               DEF. ATTY. **DEBORAH LEVY**
REPORTER  **GERALD DOHRMANN  NP**         OTHERS  **MICHAEL BERGER, _____**  ☐ Not Present

---

**Defendant:**  ☒ Present   ☐ Not Present   ☐ Excused   ☒ In Custody   ☐ Pro Per
☐ Interpreter _____ is present. Language spoken: _____
☐ Defendant duly arraigned/advised as to constitutional rights  ☐ Defendant waives arraignment   ☐ Waiver of Rights filed
☐ Defendant served: ☐ _____ Complaint  ☐ Discovery  ☐ Petition  ☐ Motion  ☐ Protective Order (PC 136.2)
☐ Referred to Public Defender   ☐ Public Defender files conflict   ☐ Financially ineligible   ☐ Private counsel appointed
☐ Plea Withdrawn  ☐ Change of Plea  ☐ Plea to count(s)_____  ☐ Not Guilty   ☐ Guilty   ☐ No Contest/Found Guilty
☐ Stipulates to:  lesser included / reasonably related  offense of count(s)_____ to charge(s)_____
☐ me waived for:  ☐ Preliminary Examination _____days   ☐ Trial   ☐ Sentence   ☐ Time not waived  ☐ Time waiver withdrawn
☐ Clauses:  ☐ Stricken _____  ☐ Admitted_____        ☐ Sentencing Purposes Only
☐ Priors:  ☐ Stricken _____   ☐ Admitted_____   ☐ Denied
☐ Probation:  ☐ Conditional Sentence:  ☐ Granted for_____years/months   ☐ See attached conditions
☐      ☐ Revoked  ☐ Restored  ☐ Modified  ☐ Extended to _____  ☐ Continue on same terms and conditions  ☐ Terminated
☐ Defendant admits probation violation  ☐ Previous order revoking probation vacated, set aside, defendant restored to probation
☐ Submit to search and seizure of person, residence, vehicle or any property under defendant's control _____
☐ No contact with / not to annoy _____, directly or indirectly: stay at least _____ away
☐ Additional order(s): _____
☐ Petition/Motion _____              ☐ Granted  ☐ Denied  ☐ Withdrawn
☐ Referred to:  ☐ Probation Dept.  ☐ Financial Hearing Officer  ☐ _____
**Restitution:** ☐ Referred to _____ for Determination  ☐ Ordered  ☐ Reserved  ☐ Modified
☐ Bail Forfeited  ☐ Bail Forfeiture Set Aside  ☐ Bail Reinstated  ☐ Bail Exonerated  ☐ Summary Judgment Entered
☐ **Bench Warrant:**  ☐ Issued  ☐ Withheld  ☐ Withdrawn  ☐ Bail Set at $_____  ☐ No Cite Release  ☐ Night Service

          **2X     CERT-CRT:WWM**

---

nt: Date: **7-11-03**   Time: **0900**  Dept. **06**  Proc.: **CSL**    Date:_____ Time:_____ Dept._____ Proc.:_____

i:   Codes: _____

---

DOCKET NAME  **KILGORE, IVAN DAWNELL** _____ CT. DATE **7/03/03**  DOCK NO. ___ **141033**

70-401 (REV. 8/01)

**RENE DAVIDSON COURTHOUSE**

G00464

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

### CLERKS DOCKET AND MINUTES

**KILGORE, IVAN** ___ DEPT. **006** CRT. DATE/TIME **7/11/03** **09:00**

EVENT NAME **KILGORE, IVAN DAWNELL** ___ RPT. NO. **00-64017** ___ DOCK NO. **141033**

PROC. **APCSL** ___ CEN. **0373689** PFN. **BBV550** A DAY **11/01/00** SJ DATE **1/20/04**

COUNTS                                       **PIC 00S00    AAG-OPD    ACITY OA**

CHARGES **1)F187 SC&USE PC 1 PR CONVICTED-J** ___

---

**STAT   SET   BAIL       $0.00    TOTAL DAYS IN CUSTODY:   981**

BAIL ___ STAT. ___ ___ BOND DT. ___ BOND CO. ___ DOB **05/05/75**

BAIL ___ STAT. ___ ___ BOND DT. ___ BOND CO. ___ BAC ___

FINE/REST. ___ DATE PAID ___ REC. NO. **NORTH 1** ___ TIME WAIVED **TWS**

### PROCEEDING

DCCO:

JUDGE **KENNETH KINGSBURY** ___ DEP. D.A. **DARRYL STALLWORTH**

DEP. CLERK **WANDA BOYNS** ___ DEF. ATTY. **ALBERT THEWS, SPECIAL ADA** ☐ Not Present

REPORTER **GERALD DOHRMANN** ___ OTHERS **ALBERT THEWS, SPECIAL ADA**

---

**Defendant:**   ☒ Present   ☐ Not Present   ☐ Excused   ☒ In Custody   ☐ Pro Per

☐ Interpreter ___ is present. Language spoken: ___

☐ Defendant duly arraigned/advised as to constitutional rights ☐ Defendant waives arraignment ☐ Waiver of Rights filed

☐ Defendant served: ☐ ___ Complaint ☐ Discovery ☐ Petition ☐ Motion ☐ Protective Order (PC 136.2)

☐ Referred to Public Defender ☐ Public Defender files conflict ☐ Financially ineligible ☐ Private counsel appointed

☐ Plea Withdrawn ☐ Change of Plea ☐ Plea to count(s) ___ ☐ Not Guilty ☐ Guilty ☐ No Contest/Found Guilty

☐ Stipulates to:  lesser included / reasonably related  offense of count(s) ___ to charge(s) ___

☐ Time waived for: ☐ Preliminary Examination ___ days ☐ Trial ☐ Sentence ☐ Time not waived ☐ Time waiver withdrawn

☐ **Clauses:** ☐ Stricken ___ ☐ Admitted ___ ☐ Sentencing Purposes Only

☐ **Priors:** ☐ Stricken ___ ☐ Admitted ___ ☐ Denied

☐ **Probation:** ☐ **Conditional Sentence:** ☐ Granted for ___ years/months ☐ See attached conditions

☐ Revoked ☐ Restored ☐ Modified ☐ Extended to ___ ☐ Continue on same terms and conditions ☐ Terminated

☐ Defendant admits probation violation ☐ Previous order revoking probation vacated, set aside, defendant restored to probation

☐ Submit to search and seizure of person, residence, vehicle or any property under defendant's control ___

☐ No contact with / not to annoy ___, directly or indirectly: stay at least ___ away

☐ Additional order(s): ___

☐ Petition/Motion ___ ☐ Granted ☐ Denied ☐ Withdrawn

☐ Referred to: ☐ Probation Dept. ☐ Financial Hearing Officer ☐ ___

**Restitution:** ☐ Referred to ___ for Determination ☐ Ordered ☐ Reserved ☐ Modified

☐ Bail Forfeited ☐ Bail Forfeiture Set Aside ☐ Bail Reinstated ☐ Bail Exonerated ☐ Summary Judgment Entered

☐ **Bench Warrant:** ☐ Issued ☐ Withheld ☐ Withdrawn ☐ Bail Set at $ ___ ☐ No Cite Release ☐ Night Service

---

**2X    CERT-CRT:WHM**

COUNSEL ACKNOWLEDGES RECEIPT OF A 35 PG. TRANSCRIPT DATED 6/27/03.

---

Cont. Date: **7-14-03** Time: **0900** Dept. **06** Proc.: **APCSL** Date: ___ Time: ___ Dept. ___ Proc.: ___

☐ S Codes: ___

---

DOCKET NAME **KILGORE, IVAN DAWNELL** ___ CT. DATE **7/11/03** DOCK NO. **141033**

'0-401 (REV. 6/01)

RENE DAVIDSON COURTHOUSE

C00465

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

**CLERKS DOCKET AND MINUTES**

KILGORE, IVAN _____ DEPT. 006 _____ CRT. DATE/TIME 7/14/03  09:00

EVENT NAME   KILGORE, IVAN DAWNELL _____ RPT. NO. 00-64017 _____ DOCK NO. 141033

PROC. APCSL _____ CEN. 0373689 _____ PFN. BBV550 A DAY 11/01/00 SJ DATE 1/20/04
COUNTS                                        PIC 00S00   AAG-DPD   ACITY DA

CHARGES 1)F187 SC&USE PC 1 PR CONVICTED-J

| STAT | SET | BAIL | $0.00 | TOTAL DAYS IN CUSTODY: | 985 | | |
|------|-----|------|-------|------------------------|-----|---|---|

BAIL _____ STAT. _____ BOND DT. _____ BOND CO. _____ DOB 05/05/75
BAIL _____ STAT. _____ BOND DT. _____ BOND CO. _____ BAC _____
FINE/REST. _____ DATE PAID _____ REC. NO.NORTH 1 _____ TIME WAIVED TWS

**PROCEEDING**                            DCCO:

JUDGE KENNETH KINGSBURY _____ DEP. D.A.DARRYL STAHL-WDRTH
DEP. CLERK WANDA BOYNS _____ DEF. ATTY.
REPORTER GERALD DCHRMANN                   OTHERS N. THEWS, SPECIAL APPEARANCE □ Not Present

**Defendant:** ☒ Present   □ Not Present   □ Excused   ☒ In Custody   □ Pro Per
□ Interpreter _____ is present. Language spoken: _____
□ Defendant duly arraigned/advised as to constitutional rights □ Defendant waives arraignment □ Waiver of Rights filed
□ Defendant served: □ _____ Complaint □ Discovery □ Petition □ Motion □ Protective Order (PC 136.2)
□ Referred to Public Defender □ Public Defender files conflict □ Financially ineligible □ Private counsel appointed
□ Plea Withdrawn □ Change of Plea □ Plea to count(s) _____ □ Not Guilty □ Guilty □ No Contest/Found Guilty
□ Stipulates to:  lesser included / reasonably related  offense of count(s) _____ to charge(s) _____
   me waived for: □ Preliminary Examination _____ days □ Trial □ Sentence □ Time not waived □ Time waiver withdrawn
□ Clauses: □ Stricken _____ □ Admitted _____ □ Sentencing Purposes Only
□ Priors: □ Stricken _____ □ Admitted _____ □ Denied
□ **Probation:** □ **Conditional Sentence:** □ Granted for _____ years/months □ See attached conditions
   □ Revoked □ Restored □ Modified □ Extended to _____ □ Continue on same terms and conditions □ Terminated
□ Defendant admits probation violation □ Previous order revoking probation vacated, set aside, defendant restored to probation
□ Submit to search and seizure of person, residence, vehicle or any property under defendant's control _____
□ No contact with / not to annoy _____, directly or indirectly: stay at least _____ away
□ Additional order(s): _____
□ Petition/Motion _____ □ Granted □ Denied □ Withdrawn
□ Referred to: □ Probation Dept. □ Financial Hearing Officer □ _____
**Restitution:** □ Referred to _____ for Determination □ Ordered □ Reserved □ Modified
□ Bail Forfeited □ Bail Forfeiture Set Aside □ Bail Reinstated □ Bail Exonerated □ Summary Judgment Entered
□ **Bench Warrant:** □ Issued □ Withheld □ Withdrawn □ Bail Set at $ _____ □ No Cite Release □ Night Service

2X   CERT-CRT:WWM
OF
2L INFORMS THE COURT-HIS INABILITY TO ACCEPT THE APPOINTMENT.

nt: Date: 7-21-03 _____ Time: 0900 Dept. 06 Proc.: APCSL Date: _____ Time: _____ Dept. _____ Proc.: _____
). Codes: _____

DOCKET NAME KILGORE, IVAN DAWNELL _____ CT. DATE 7/14/03 DOCK NO. _____ 141033