UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IVAN KILGORE,

    Petitioner,

    v.

J. WALKER, acting warden,

    Respondent.
                                   /

No. C 07-5124 SI (pr)

**ORDER**

Ivan Kilgore filed this pro se action for a writ of habeas corpus to challenge his first degree murder conviction. On July 16, 2008, the court issued an order denying Kilgore's motion for provision of up to $5,000 in funds to obtain the complete transcripts of an earlier Oklahoma trial in which he had been convicted. (The reasons for the request and for the court's denial of the request are explained in that order and will not be repeated here.) The action is now before the court for consideration of several motions filed since that ruling.

Kilgore has filed several motions directed at getting the court to revisit the ruling denying the funding request. Kilgore filed a motion for extension of time to file a motion for rehearing, a motion for rehearing, an application/motion for leave of court for motion for rehearing, and an application/request for leave to conduct discovery and appointment of counsel to facilitate that discovery. He did not meet any of the criteria for reconsideration of the order denying the funding request: he did not present newly discovered evidence, the court did not commit clear error or make a manifestly unjust decision, and there has not been a change in controlling law. See Local Rule 7-9(b); see generally School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). The ruling in the July 16, 2008 order stands. Therefore, Kilgore's motion for leave of court for motion for reconsideration (docket # 12) and motion for

rehearing (Docket # 10) are DENIED, and the motion for a 30-day extension to prepare the motion for rehearing is DISMISSED as moot. (Docket # 9.) Since the funding will not be authorized, the related motion for leave to conduct discovery is DENIED. (Docket # 13.) No more motions pertaining to the Oklahoma trial transcripts will be entertained.

Kilgore has moved for appointment of counsel to represent him in this action. A district court may appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986), cert. denied, 481 U.S. 1023 (1987). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. See id. Based on the materials in the court file, it does not appear that appointment of counsel is necessary in this action. The motion for appointment of counsel is DENIED. (Docket # 8.)

Respondent has filed an ex parte application for a 60-day extension of time to respond to the petition for writ of habeas corpus. Having considered the request and the "declaration" of attorney Peggy S. Ruffra (which inexplicably has the California Attorney General's signature block on it), the court GRANTS respondent's application. (Docket # 11.) The court now sets the following new briefing schedule: Respondent must file and serve his answer to the petition for writ of habeas corpus no later than **November 21, 2008**. Petitioner must file and serve his traverse no later than **December 31, 2008.**

When the court originally set the briefing schedule, it ordered respondent to file a parole hearing record. That was an error and now is replaced with this directive: Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

IT IS SO ORDERED.

DATED: October 10, 2008

_____
SUSAN ILLSTON
United States District Judge