UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN KILGORE,<br><br>    Petitioner,<br>vs.<br><br>J. WALKER, Acting Warden,<br><br>    Respondent. | No. C 07-5124 SI (PR)<br><br>**ORDER DENYING MOTION TO AMEND FINDINGS;**<br><br>**DENYING MOTION TO VACATE JUDGMENT**<br><br>(Docket Nos. 31 & 32) |

## INTRODUCTION

The Court denied the petition for writ of habeas corpus filed in the above-titled action, and entered judgment in favor of Respondent in December 2009. The Court also declined to issue a certificate of appealability. Petitioner has filed a notice of appeal.

Petitioner now moves to amend the findings of the Court (Docket No. 31), for leave of Court to file a motion to vacate, and to vacate the judgment (Docket No. 32). For the reasons stated herein, Petitioner's motions (Docket Nos. 31 & 32) are DENIED.

## MOTION TO AMEND FINDINGS

Pursuant to Federal Rule of Civil Procedure 52(b), Petitioner proposes eight amendments to the Court's findings in its order denying the petition for writ of habeas corpus.

**1.      Prior Act Evidence**

At trial, the prosecutor presented evidence that Petitioner had been convicted of involuntary manslaughter in 1997 in Oklahoma, an incident unrelated to the charges Petitioner faced in California. This Court stated that the "state appellate court affirmed the trial court's ruling, finding that Petitioner's testimony in the Oklahoma case was admissible pursuant to California Evidence Code § 1101(b) and under the doctrine of chances." (Docket No. 29 at 4.)

Petitioner asserts that the Court was erroneous in stating that the trial court admitted the evidence under section 1101(b). (Docket No. 31 at 2.)

Petitioner's motion on this point will be denied. As the above-quoted sentence indicates, this Court did not assert that the trial court admitted the evidence under section 1101(b), but rather that the state <u>appellate</u> court found that the evidence was admissible under that section of the Evidence Code.

**2.      The Oklahoma Evidence**

Petitioner seeks to amend this Court's findings regarding the facts of the Oklahoma action because "the facts of the Oklahoma record which do not support these findings." (Docket No. 31 at 2.)

Petitioner's motion on this point will be denied. In sum, Petitioner's contention is too vague. Petitioner does not specify in what way the Court's findings are not supported by the record. Without a reasonably detailed articulation of how the Court's findings are in error, this Court must deny Petitioner's motion.

**3.      Effectiveness of Appellate Counsel**

Petitioner seeks to amend the Court's findings regarding Petitioner's claims that his appellate counsel rendered ineffective assistance. (Docket No. 31 at 3–4.)

Petitioner's motion on this point will be denied. This proposed amendment is a reiteration of Petitioner's ineffective assistance of appellate counsel claim raised in the

petition for writ of habeas corpus. The Court denied such claim in its previous order. Petitioner provides no basis for the Court to modify its determination that such claim is without merit.

**4.     Effectiveness of Trial Counsel**

Petitioner seeks to amend the Court's findings regarding Petitioner's claims that his trial counsel rendered ineffective assistance. (Docket No. 31 at 3.)

Petitioner's motion on this point will be denied. This proposed amendment is a reiteration of Petitioner's ineffective assistance of trial counsel claim raised in the petition for writ of habeas corpus. The Court denied such claim in its previous order. Petitioner provides no basis for the Court to modify its determination that such claim is without merit.

**5.     Exclusion of Character Evidence of Victim**

Petitioner seeks to amend the Court's findings regarding Petitioner's claim that the trial court violated his due process rights when it excluded evidence that the victim was a drug dealer. (Docket No. 31 at 3.)

Petitioner's motion on this point will be denied. This proposed amendment is a reiteration of an identical claim raised in the petition for writ of habeas corpus. The Court denied such claim in its previous order. Petitioner provides no basis for the Court to modify its determination that such claim is without merit.

**6.     Questioning on Oklahoma Evidence**

Petitioner seeks to amend the Court's findings regarding defense witness Tomlinsonn so that such findings comport with the trial transcript. (Docket No. 31 at 4.)

Petitioner's motion will be denied as to this point. A review of the trial transcript does not indicate that any amendments are needed.

1 **7.    "Strong Evidence"**

2     Petitioner seeks to amend the Court's findings that there was strong evidence to
3 support Petitioner's convictions. (Docket No. 31 at 4.)

4     Petitioner's motion on this point will be denied. This proposed amendment is a
5 reiteration of assertions raised in the petition for writ of habeas corpus. The Court denied
6 such assertions in its previous order. Petitioner provides no basis for the Court to modify its
7 determination that such assertions are without merit.

8

9 **8.    Effectiveness of Trial Counsel Generally**

10    Here, rather than proposing an amendment, Petitioner states that he "finds fault in all
11 factual determinations regarding his IAC claims." (Docket No. 31 at 4.)

12    Petitioner's motion on this point will be denied. This is not a proposed amendment,
13 but rather a voiced disagreement with the Court's determination.

14    In sum, the Court, having found no reason to amend its findings, DENIES Petitioner's
15 motion to amend (Docket No. 31).

16

17                    **MOTION TO VACATE JUDGMENT**

18    Petitioner moves for leave to file a motion to vacate judgment, and moves to vacate
19 judgment (Docket No. 32) under Federal Rule of Civil Procedure 60(b). Such motions are
20 based on the alleged factual error regarding the admission of the Oklahoma evidence
21 pursuant to section 1101(b), which the Court addressed above.

22    The Court, having found no error in its factual determination, DENIES Petitioner's
23 motion to vacate (Docket No. 32). As it is not necessary to file for leave to file such a
24 motion, Petitioner's request for leave to file a motion to vacate is dismissed as unnecessary.

25 //
26 //
27 //
28

4

## CONCLUSION

For the above reasons, Petitioner's motion to amend the findings (Docket No. 31), and to vacate the judgment (Docket No. 32) are DENIED. Petitioner's motion to file for leave to file a motion to vacate the judgment (Docket No. 32) is dismissed as unnecessary.

This order terminates Docket Nos. 31 and 32.

**IT IS SO ORDERED.**

DATED: January 21, 2010

SUSAN ILLSTON
United States District Judge